COPY

Anthony T. Falzone (SBN 190845)
Julie A. Ahrens (SBN 230170)
Christopher K. Ridder (SBN 218691)
STANFORD LAW SCHOOL CENTER FOR
INTERNET AND SOCIETY
559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 736-9050
Facsimile: (650) 723-4426
E-mail: falzone@stanford.edu

William F. Abrams (SBN 88805)
Sheila M. Pierce (SBN 232610)
BINGHAM MCCUTCHEN LLP
1900 University Avenue
East Palo Alto, CA 94303-2223
Telephone: 650.849.4400
Facsimile: 650.849.4800
Email: william.abrams@bingham.com

Attorneys for Plaintiff Brave New Films 501(c)(4)

ORIGINAL FILED
OCT 10 2008
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 08 4703 JL

| | |
|---|---|
| BRAVE NEW FILMS 501(C)(4), | Case No. |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES** |
| v. | |
| MICHAEL WEINER aka MICHAEL SAVAGE, and ORIGINAL TALK RADIO NETWORK, INC., | <u>DEMAND FOR JURY TRIAL</u> |
| Defendants. | |

1. This is a civil action seeking declaratory relief and damages following Defendants' improper efforts to silence criticism of the nationally syndicated radio talk show host Michael Weiner, who uses the stage name Michael Savage ("Savage"). In seeking to silence criticism of Savage, defendant Original Talk Radio Network, Inc. ("OTRN"), the organization that syndicates Savage's radio show, sent a baseless takedown notice to YouTube, a popular video sharing site headquartered in San Bruno, California. OTRN demanded the removal of "Michael Savage Hates Muslims" (the "Video"), a video created and posted by plaintiff Brave New Films 501(c)(4) ("Brave New Films"), which uses approximately one minute of excerpts from Savage's two-hour radio show to demonstrate and criticize Savage's vocal hatred of Muslims broadcast on his program. OTRN knew that its takedown notice was baseless. The brief excerpts from Savage's show that are used to criticize Savage are clearly fair use, and this Court held in a case brought by Savage that the same content used in the same way in another video criticizing Savage constituted fair use as a matter of law. OTRN's actions resulted in the removal of the Video from YouTube, and caused YouTube to temporarily disable Brave New Films' entire YouTube channel containing hundreds of videos. Brave New Films therefore seeks a declaration that the Video makes fair use of Defendants' material and damages for the knowing misrepresentations that OTRN made in the takedown notice submitted to YouTube.

**PARTIES**

2. Brave New Films 501(c)(4) is a 501(c)(4) corporation with its principal place of business in Los Angeles, California. It produces and distributes films, blogs, television shows and short videos that challenge apparent corporate and political misbehavior. Its co-founder, Robert Greenwald, is well known for his politically-charged documentaries "Outfoxed" (about the Fox News Network), "Uncovered" (examining events leading to America's 2003 invasion of Iraq), and "Wal-mart: The High Cost of Low Price," which documents and criticizes the business practices of one of the world's largest retailers.

3. Defendant Original Talk Radio Network, Inc. purports to be an Oregon corporation with its principal place of business in Central Point, Oregon. On information and

COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

belief, OTRN is also known and does business as "Talk Radio Network," with its principal place of business in Oregon. According to Talk Radio Network's website, Talk Radio Network syndicates and distributes talk radio content, including "The Michael Savage Show," also known as "The Savage Nation," to over 300 affiliate radio stations in the nation's top radio markets, including San Francisco. OTRN does business in the Northern District of California.

4. Defendant Michael Weiner ("Savage") is a nationally syndicated talk show host who performs under the name Michael Savage and hosts the talk show program "The Michael Savage Show." "The Michael Savage Show" is based in San Francisco, California and Savage resides in Marin County, California. According to the records of the United States Copyright Office, and according to Savage himself, Savage is the registered copyright owner of the October 29, 2007 radio broadcast of "The Michael Savage Show." (A copy of Savage's copyright registration for the October 29, 2007 broadcast is attached to this Complaint as Exhibit A.)

5. On information and belief, OTRN has acted as Savage's agent, and OTRN's actions as alleged herein were done with Savage's knowledge and permission.

## JURISDICTION AND VENUE

6. This action arises under the copyright laws of the United States, 17 U.S.C. §§ 101 et seq. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. § 2291.

7. This Court has personal jurisdiction over OTRN because it has purposefully availed itself of the laws of the State of California by distributing radio programming in California. In addition, OTRN's takedown notice was sent to San Bruno, California, and was calculated to cause harm in California because access to the Video was disabled on YouTube's servers in San Bruno, California, and Brave New Films is located in Los Angeles, California.

8. This Court has personal jurisdiction over Savage because he resides within the Northern District of California, does business within the Northern District of California, and broadcasts his show in and from the Northern District of California.

9. Venue is proper in the Northern District of California because a substantial portion of the events underlying this case took place in this District, including the broadcast of

3

COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

the program "The Michael Savage Show," and the removal of the Video criticizing Savage from YouTube, which is based in San Bruno, California. Venue is also proper because Savage resides in the Northern District of California.

## INTRADISTRICT ASSIGNMENT

10. This matter is properly assigned to the San Francisco division because a substantial part of the events that gave rise to the claims herein occurred in San Bruno, California, and Savage resides in Marin County.

## FACTUAL ALLEGATIONS

11. Brave New Films produces and distributes films, blogs, television shows and short videos that challenge corporate and political misbehavior. Its co-founder, Robert Greenwald, is well known for his documentaries that take on commercial and political interests. Among other things, he directed and produced "Outfoxed: Rupert Murdoch's War on Journalism" and "Wal-Mart: The High Cost of Low Price." To date, Greenwald's films have received 25 Emmy nominations, four cable ACE Award nominations, two Golden Globe nominations, the Peabody Award, the Robert Wood Johnson Award, and eight Awards of Excellence from the Film Advisory Board. He was awarded the 2002 Producer of the Year Award by the American Film Institute.

12. Brave New Films has produced hundreds of short videos that are distributed across a variety of channels. The largest channel through which Brave New Films distributes its content is YouTube, on which Brave New Films maintains the "bravenewfilms" channel. This channel contains approximately 300 videos that, together, as believed to have been viewed approximately 32 million times.

13. Savage's radio program "The Michael Savage Show" is a nationally syndicated show that, according to Savage, reaches millions of listeners each week.

14. During the two-hour October 29, 2007 broadcast of "The Michael Savage Show," Savage went on an anti-Muslim tirade, attacking Islam and the Quran and denigrating Muslims as "throwbacks" who should be deported "without due process."

15. Shortly after this show aired, the Council for American-Islamic Relations ("CAIR"), the nation's largest Muslim civil rights posted a detailed criticism of Savage on its website (www.cair.com) entitled "National Radio Host Goes On Anti-Muslim Tirade," which included more than four minutes of audio excerpts from Savage's October 29, 2007 broadcast. CAIR's website explained its vigorous objections to Savage's commentary, and placed its criticisms in a larger cultural and historical context. CAIR requested that companies that advertise on "The Savage Nation" pull their ads from Savage's show because of his bigoted statements.

16. In response to CAIR's criticism of him, Savage filed a lawsuit against CAIR on December 3, 2007 in this Court, Case No. C 07-06076-SI (N.D. Cal.), alleging that CAIR infringed his copyright by posting audio excerpts of his October 29 radio show on the CAIR website. Savage's complaint also included a RICO claim. Savage did not allege that CAIR had made any false or tortious statements about him.

17. On January 18, 2008, Brave New Films created and uploaded to its YouTube channel the Video, which was posted to YouTube at the URL http://www.youtube.com/watch?v=CtY-JWahHQs. (A copy of the Video is attached to this Complaint as Exhibit B.)

18. The Video criticizes Savage for the same anti-Muslim comments made on his October 29, 2007 radio show and for acting as a bully who attempts to silence his critics through litigation. The Video uses audio excerpts from Savage's October 29, 2007 broadcast, as CAIR did on its website. The Video runs one minute and twenty-three seconds, and audio excerpts from "The Michael Savage Show" play during approximately one minute in the Video. In that minute, Savage tells Muslims to "take [their] religion and shove it up [their] behind," urges his listeners to confront Muslims in the "supermarket line," and urges the federal government to deport Muslims. In addition to playing this brief audio clip, the Video directs viewers to www.nosavage.org, a website dedicated to exposing and criticizing Savage's views that lists certain companies that have advertised on "The Michael Savage Show," and urges viewers to "do something" about Savage's intolerance.

5

COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

19. On January 18, 2008, Brave New Films launched a website, www.nosavage.org, dedicated to informing the public about Savage's hateful views by showing the Video and providing information about how to contact advertisers and ask them to remove ads from "The Michael Savage Show." The website includes information about Savage's retaliatory lawsuit against CAIR and criticizes his attempts to censor CAIR by suing the group for copyright infringement.

20. On July 25, 2008, this Court dismissed without leave to amend Savage's copyright claim against CAIR. The Court granted CAIR's motion for judgment on the pleadings because it found that CAIR's use of the four-minute audio clip taken from Savage's October 29 broadcast was fair use. Recognizing that CAIR used limited excerpts from the radio show to criticize publicly the anti-Muslim message of those excerpts, the Court held "that the majority of the four fair use factors, including the most important factors, weigh in favor of [CAIR]." See *Savage v. Council on American-Islamic Relations et al.*, Case No. C 07-06076-SI at 13 (N.D. Cal. July 25, 2008) (Document No. 38).

21. Savage lost his copyright infringement claim against CAIR, and on August 15, 2008 this Court entered a final judgment dismissing the case in its entirety.

22. The Video uses the same statements that CAIR used, from the same episode of Mr. Savage's show, for less time than CAIR did, in a video likewise designed to criticize Savage and his statements about Muslims. Like the CAIR video, Brave New Films' use of a short clip from "The Michael Savage Show" in the course of directly criticizing the show's host for the very words he is saying in the clip is clearly fair use. The clip uses less than a minute from Savage's two-hour October 29, 2007 broadcast. The use of the clip was transformative, in that its purpose is to criticize Savage and his views, was non-commercial, was not a realistic substitute for the original radio show, and inflicted no cognizable harm on the market for Savage's copyrighted work.

23. On September 29, 2008, counsel for OTRN delivered a letter by facsimile to YouTube's "DMCA Complaints" department, demanding the removal of "Michael Savage Hates Muslims," the Video at issue in this case, and 258 other videos that OTRN asserted were

6

COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

1 infringing its "exclusive rights" of "publication[], broadcast[], and/or reproduction[]." A copy of the September 29 letter is attached to this Complaint as Exhibit C. (The September 29 letter included an exhibit listing the videos OTRN was complaining about, but the facsimile copy of that exhibit was incomplete. OTRN later sent a complete copy of the exhibit to its September 29 letter, which is attached to this Complaint as Exhibit D.)

24. YouTube treated this letter as a takedown notice pursuant to section 512(c)(3) of the Digital Millennium Copyright Act ("DMCA"). 17 U.S.C. § 512(c)(3). On October 2, 2008, YouTube disabled access to the Video and notified Brave New Films that this video had been removed pursuant to the complaint by OTRN. (A copy of YouTube's notification to Brave New Films is attached to this Complaint as Exhibit E.)

25. Following the removal, Brave New Films submitted a DMCA counter-notice to YouTube. Although YouTube has stated that the Video will be restored in the future, it has not been restored yet.

26. In addition to disabling access to the Video, YouTube disabled access to Brave New Films' entire YouTube channel, which is Brave New Films' main channel of distribution for its videos. Although YouTube restored access to the channel following notice from Brave New Films' counsel, temporary disablement of Brave New Films' channel nevertheless caused damages to Brave New Films, including but not limited to harm to its free speech rights and the visibility Brave New Films had worked so hard to achieve.

## FIRST CLAIM: DECLARATORY JUDGMENT

27. Brave New Films repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint.

28. There is a real and actual controversy between Brave New Films, and Savage and OTRN, about whether the Video infringes Defendants' copyrights or any other "exclusive rights" they purport to assert against YouTube. Specifically, OTRN asserted in its September 29 letter to YouTube that the Video infringes its "exclusive rights" of "publication[], broadcast[], and/or reproduction[]" and demanded that the Video be removed from YouTube pursuant to these complaints. Rights of reproduction and distribution are exclusive rights protected by the

7

COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

Copyright Act, 17 U.S.C. § 106, and Savage is the registered owner of the copyrights in the October 29, 2007 broadcast of "The Michael Savage Show," the source of the audio content from Savage's show used in the Video.

29. The Video does not infringe any exclusive rights secured by the Copyright Act or any other state or federal law. It is protected by the First Amendment to the United States Constitution and judicial decisions construing such laws, and the Fair Use Doctrine, codified at 17 U.S.C. § 107.

30. Brave New Films is therefore entitled to a declaration and judgment that the Video does not infringe the copyrights of OTRN or Savage, or any other exclusive rights that OTRN or Savage might assert under state or federal law.

## SECOND CLAIM: 17 U.S.C. § 512(f) MISREPRESENTATION

31. Brave New Films repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint.

32. OTRN's September 29, 2008 letter purported to be a notification sent pursuant to the DMCA, and was treated by YouTube as a DMCA takedown notice. In its September 29 letter, OTRN asserted that "Michael Savage Hates Muslims" infringes its "exclusive rights," including the rights of "publication[], broadcast[], and/or reproduction[]" when in fact the Video infringes no such rights. Accordingly, the letter and its allegations of infringement were false.

33. On information and belief, OTRN and Savage had actual or constructive knowledge that the Video did not infringe any "exclusive rights" of "publication[], broadcast[], and/or reproduction[]." These are rights protected by the Copyright Act, 17 U.S.C. § 106. At the time OTRN issued its takedown notice, the United States Copyright Office shows that Savage was the legal owner of the copyrighted material. *See* Exhibit A (Savage's copyright registration for the October 29, 2007 show). The same material used in nearly the identical manner by CAIR was held by this Court to be fair use and non-infringing as a matter of law. The decision of this Court notwithstanding, the use of short fragments of a two-hour radio broadcast to demonstrate and criticize the views of its host is a self-evident fair use, and obviously protected by the First Amendment's free speech guarantees. Accordingly, the letter's

8

assertion that the Video infringes any "exclusive right" was a knowing and material misrepresentation in violation of 17 U.S.C. § 512(f).

34. As a direct and proximate result of the actions alleged in this Complaint, Brave New Films has suffered damages, including but not limited to harm to its free speech rights, and the expenses associated with responding to the improper take-down notice and vindicating its free speech rights.

## PRAYER FOR RELIEF

WHEREFORE, Brave New Films prays for judgment as follows:

1. A declaratory judgment that the Video does not infringe any copyrights, or any other exclusive right, owned or asserted by OTRN and/or Savage;

2. Injunctive relief restraining OTRN and Savage, and each of them, and each of their agents, servants, employees, successors and assigns, and all others in concert and privity with them, from bringing any lawsuit or threatening legal action relating to the Video, delivering DMCA takedown notices directed at the Video to any third party, or asserting to any third party that it has any legal right to interfere with the publication, distribution, performance, display, or licensing of the Video, or to interfere with any linking to or from the Video on the internet;

3. Damages according to proof;

4. Attorneys' fees;

5. Brave New Films' costs and disbursements; and

6. Such other and further relief as the Court shall find just and proper.

///
///
///
///
///
///
///
///

COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

| | |
|---|---|
| 1 | **DEMAND FOR JURY TRIAL** |

Plaintiff Brave New Films requests a trial by jury on all issues so triable, including but not limited to those issues and claims set forth in any amended complaint or consolidated action.

DATED: October 10, 2008

STANFORD LAW SCHOOL CENTER FOR INTERNET AND SOCIETY

By: /s/ Anthony T. Falzone by WFA
Anthony T. Falzone
Attorneys for Plaintiff
Brave New Films 501(c)(4)

DATED: October 10, 2008

Bingham McCutchen LLP

By: /s/ William F. Abrams
William F. Abrams
Attorneys for Plaintiff
Brave New Films 501(c)(4)

COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES