1  Benjamin Aaron Shapiro (SBN 254456)
   12330 Magnolia Boulevard, No. 114
2  Valley Village, CA 91607
   Telephone:   (818) 620-0137
3
   Attorney for Defendant
4  MICHAEL WEINER aka MICHAEL SAVAGE,
   and ORIGINAL TALK RADIO NETWORK, INC.
5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12  BRAVE NEW FILMS 501(c)(4),              Case No. CV 08-4703 SI

13            Plaintiff,                    **DEFENDANT ORIGINAL TALK
                                            RADIO NETWORK, INC.'S
14        v.                               ANSWER TO PLAINTIFF'S
                                            COMPLAINT FOR
15  MICHAEL WEINER aka MICHAEL              DECLARATORY JUDGMENT
    SAVAGE, and ORIGINAL TALK               AND  DAMAGES**
16  RADIO NETWORK, INC.,

17            Defendants.

18

19

20

21

22

23

24

25

26

27

28

Dockets.Justia.com

**NOW COMES** defendant **THE ORIGINAL TALK RADIO NETWORK**, INC., sued herein as "ORIGINAL TALK RADIO NETWORK, INC." ("**Defendant**" or "**OTRN**"), for itself alone, by and through its attorney, Benjamin Aaron Shapiro, and as and for its answer, in the above-captioned action (this "**Action**"), to the complaint in this Action (the "**Complaint**"), filed by plaintiff BRAVE NEW FILMS 501(C)(4) ("**Plaintiff**"), states with respect to each numbered paragraph in the Complaint, as follows.

1.     The allegations of Paragraph 1 call for legal conclusions and/or set forth opinions of Plaintiff, to which an answer is neither required nor appropriate. To the extent that an answer is required to the allegations in this paragraph, Defendant admits that OTRN demanded, through counsel, that YouTube remove a total of 259 videos, of which the Video was merely 1 of the totality of 259 videos at issue, along with 258 other videos all containing excerpts from OTRN's syndicated radio program "The Michael Savage Show" (the "**Show**"), denies the allegations as to the purported knowledge of OTRN, and denies each and every remaining allegation in Paragraph 1 as incorrect statements of law and/or opinion, and/or false and/or misleading purported statements of fact, and/or due to lack of sufficient knowledge as to the mindset and/or actions of parties other than OTRN to otherwise respond.  Defendant further and expressly denies any knowledge "that its takedown notice was baseless" and further and expressly denies that its "takedown notice" was an effort to "silence criticism."

2.     Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 2 and therefore denies same for lack of sufficient basis to otherwise respond thereto.

3.     Defendant admits that OTRN is an Oregon corporation which maintains its principal place of business in Oregon, that it at times does business as "Talk Radio Network", that it syndicates and distributes talk radio content, including without limitation the Show, and that the Show is sometimes referred to as "The Savage Nation", but denies each and every remaining allegation of Paragraph 3 as phrased.

4.     Defendant denies the allegations of Paragraph 4 as phrased, or due to lack of sufficient knowledge to respond definitively to allegations concerning the present status of circumstances applicable to parties other than OTRN.  To the extent that these allegations refer to the specific content of any outside document appended to the Complaint, Defendant contends that those documents speak for themselves.

5.     Defendant denies each and every allegation of Paragraph 5.

6.     Defendant objects to the allegations in Paragraph 6 to the extent they call for a legal conclusion to which an answer is neither required nor appropriate and/or are outside of Defendant's knowledge, and on the further grounds that such allegations are statements of Plaintiff's opinions and beliefs.  Defendant further alleges that the text of the cited provisions of the U.S.C. speak for themselves, and that what any such provisions provide are a matter of law.

7.     Defendant objects to the allegations in the first sentence of Paragraph 7 to the extent they call for a legal conclusion to which an answer is neither required nor appropriate.  Defendant also objects to the allegations that OTRN's letter delivered to YouTube on or about September 29, 2008 demanding removal of 259

videos containing material taken from the Show, posted to YouTube, which together created a virtual archival library of contents taken from the Show (the "**9/29/08 Letter**"), constituted a "takedown notice" under the DMCA. Defendant admits that the 9/29/08 Letter was sent to San Bruno, California, but denies that such notice was "calculated to cause harm" at any location, and denies each and every remaining allegation of Paragraph 7 for lack of sufficient information to otherwise respond.

8.     Defendant objects to the allegations in Paragraph 8 to the extent they call for a legal conclusion to which an answer is neither required nor appropriate. Defendant further lacks sufficient knowledge to respond definitively to allegations therein as to parties other than OTRN, and therefore denies same for lack of sufficient basis to otherwise respond thereto, or as such allegations are phrased.

9.     Defendant objects to the allegations in Paragraph 9 to the extent they call for a legal conclusion to which an answer is neither required nor appropriate.

10.    Defendant objects to the allegations in Paragraph 10 to the extent they call for a legal conclusion to which an answer is neither required nor appropriate, and denies such allegations as phrased.

11.    Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 11 and therefore denies same for lack of sufficient basis to otherwise respond thereto, and further and expressly denies that Plaintiff's films, blogs, television shows and short videos are known to Defendant. Defendant also objects to all such allegations as being irrelevant to Defendant's understanding of the legal issues relevant to Plaintiff's purported causes of action asserted in the Complaint.

12. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 12 and therefore denies same for lack of sufficient basis to otherwise respond thereto. Defendant also objects to all such allegations as being irrelevant to Defendant's understanding of the legal issues relevant to Plaintiff's purported causes of action asserted in the Complaint.

13. Defendant admits that the Show is nationally syndicated, but denies the remaining allegations of Paragraph 13 as phrased, and for lack of sufficient knowledge to respond definitively to contentions as to alleged assertions by parties other than Defendant.

14. Defendant denies the allegations of Paragraph 14 as phrased, and/or as constituting statements of opinion and belief by Plaintiff. Defendant further objects to such contentions as being irrelevant to Defendant's understanding of the issues relevant to Plaintiff's purported causes of action asserted in the Complaint.

15. Defendant lacks sufficient knowledge to respond definitively to the allegations in Paragraph 15 relating to the conduct of parties other than Defendant and therefore denies same for lack of sufficient basis to otherwise respond hereto. Defendant further objects to such contentions as setting forth the subjective opinions and beliefs of Plaintiff and as addressing matters which are irrelevant to Defendant's understanding of the legal issues relevant to Plaintiff's purported causes of action asserted in the Complaint.

16. Defendant lacks sufficient knowledge to respond definitively to the allegations in Paragraph 16 relating to the conduct of parties other than Defendant and therefore denies same for lack of sufficient basis to otherwise respond hereto.

Defendant further objects to such contentions as setting forth the subjective opinions and beliefs of Plaintiff and as addressing matters which are irrelevant to Defendant's understanding of the legal issues relevant to Plaintiff's purported causes of action asserted in the Complaint.

17.     Defendant admits the allegations of Paragraph 17, as to the existence of the Video on YouTube, but denies the allegations thereof as to the date of posting the video on YouTube for lack of sufficient knowledge of the particulars thereof to respond otherwise thereto.

18.     In response to the allegations of Paragraph 18, Defendant alleges that the actual contents of the Video, and the statements of Savage on the Video, speak for themselves, and further submits that the substance of what is said by Savage on the Video is not relevant to the legal issues posed by the purported causes of action asserted in the Complaint.

19.     Defendant lacks sufficient knowledge concerning the actions of parties other than Defendant to respond definitively to the allegations of Paragraph 19, and therefore denies same for lack of sufficient basis to otherwise respond thereto. Defendant further alleges that the contents of the website referred to therein speak for themselves, and also objects to such allegations as being wholly irrelevant to the purported causes of action asserted in the Complaint.

20.     Defendant lacks sufficient knowledge concerning the actions of parties other than Defendant to respond definitively to the allegations of Paragraph 20, and therefore denies same for lack of sufficient basis to otherwise respond thereto. Defendant further alleges that the contents of the court rulings referred to therein

speak for themselves, and also objects to such allegations as being wholly irrelevant to the purported causes of action asserted in the Complaint.

21.     Answering Paragraph 21, the results and judgment of any separate legal actions previously pending in this Court are matters of public record, and the rulings, orders and judgments in any such actions speak for themselves.  Defendant further objects to such allegations as addressing matters which are irrelevant to Defendant's understanding of the legal issues relevant to Plaintiff's purported causes of action asserted in the Complaint.

22.     Defendant denies that the content of the Video and the content of the purported "CAIR video" referenced in Paragraph 22 are the same, and alleges that the contents of each speak for themselves, whether or not they contain any common elements, and further objects to such allegations as constituting statements of opinion and belief on the part of Plaintiff, and as constituting argumentative assertions of Plaintiff's legal contentions, and denies such contentions on that basis.

23.     Answering Paragraph 23, Defendant admits only that Plaintiff attached what purports to be a letter from OTRN to YouTube as Exhibit E to the Complaint. To the extent that the allegations in Paragraph 23 refer to any outside documents, whether appended to the Complaint or not, any such documents speak for themselves.  Defendant does admit that counsel for Defendant did deliver a letter the 9/29/08 Letter demanding removal of 259 videos, posted on YouTube, of material taken from the Show, which together created a virtual archival library of contents taken from the Show, and that the Video constituted one of that total collection of 259 videos.

24.     Answering Paragraph 24, Defendant admits only that Plaintiff attached what purports to be a notification from YouTube as Exhibit E to the Complaint. Defendant lacks sufficient information to respond definitively to allegations concerning the actions of parties other than Defendant, and therefore denies the remaining allegations of Paragraph 24 for lack of sufficient basis to respond otherwise thereto.

25.     Defendant lacks sufficient knowledge to respond definitively to allegations concerning the actions of parties other than Defendant and therefore denies the allegations of Paragraph 25 for lack of sufficient basis to otherwise respond thereto, with the sole exception that Defendant is informed and believes that the Video was in fact restored by YouTube shortly after Plaintiff quickly filed this Action with an expectation that the Video would in fact be restored promptly.

26.     Defendant lacks sufficient knowledge to respond definitively to allegations concerning the actions of parties other than Defendant, and therefore denies the allegations of Paragraph 26 for lack of sufficient basis to otherwise respond thereto.

27.     Answering Paragraph 27, Defendant restates and incorporates by reference its responses to each and every allegation in the preceding paragraphs of the Complaint as though set forth fully herein.

28.     Answering Paragraph 28, Defendant objects to these allegations to the extent they call for a legal conclusion to which an answer is neither required nor appropriate.  To the extent that these allegations refer to any outside document, whether or not appended to the Complaint, those documents speak for themselves.

Defendant further alleges that the text of the cited provision of the U.S.C. speaks for itself and that what any such provision provides is a matter of law. Defendant expressly denies that the contents of the 9/29/08 Letter made any standalone contentions as to the Video, in contrast to contentions with respect to the collective archive library of 259 videos which, collectively, were the subject of the 9/29/08 Letter. Defendant further expressly denies the existence of any "real and actual controversy" between Plaintiff and Defendant, in that Plaintiff filed the Complaint without any prior contact with Defendant, and in that the Video was restored by YouTube, without any further objection by Defendant, once Defendant learned (from reviewing the Complaint rather than from any prior communication from Plaintiff) that the Video related exclusively to the October 29, 2007 broadcast of the Show (the "**10/29/07 Broadcast**"). Defendant admits that Defendant is informed and believes that Savage is the holder of the registered copyright for the 10/29/07 Broadcast, which is the only broadcast of the Show for which Defendant does not claim the copyright.

29.     Answering Paragraph 29, Defendant objects to the allegations in Paragraph 29 to the extent they call for a legal conclusion to which an answer is neither required nor appropriate. Defendant further alleges that the text of the cited provision of the U.S.C. speaks for itself and that what any such provision provides is a matter of law.

30.     Defendant expressly denies each and every allegation of Paragraph 30.

31.     Answering Paragraph 31, Defendant restates and incorporates by this reference its responses to each and every allegation in the preceding paragraphs of the Complaint as though set forth fully herein.

32.    Answering Paragraph 32, Defendant lacks sufficient information and belief as to the actions or beliefs of third parties to respond definitively thereto, and denies all such allegations on such basis.  Defendant denies that the 9/29/08 Letter constituted a "takedown notice" under the DMCA, and submits that the 9/29/08 Letter, and the contents thereof, speak for themselves.  Defendant further expressly denies that the 9/29/08 Letter made any assertions directed exclusively to the Video alone, in contrast to assertions relating to the collective assembly of 259 videos posted on YouTube containing material from "The Michael Savage Show," which together created a virtual archived library of content taken from the Show.

33.    Answering Paragraph 33, Defendant expressly and strenuously denies allegations that OTRN had "actual or constructive knowledge" concerning the specifics of the Video independent of the other 258 videos constituting the collective group of 259 videos that were the collective subject of the 9/29/08 Letter, or that the assertions of the 9/29/08 Letter constituted a "knowing and material misrepresentation." Defendant further denies that the 9/29/08 Letter is subject to §512(f).  Defendant further denies that the Video was composed of the "same material used in nearly the identical manner by CAIR".  To the extent that these allegations refer to any outside document, whether appended to the Complaint or otherwise, any such documents speak for themselves. Defendant further alleges that the text of the cited provision of the U.S.C. speaks for itself and that what any such provision provides is a matter of law.

34.    Defendant denies the allegations of Paragraph 34.

**WHEREFORE**, Defendant denies that Plaintiff is entitled to judgment against it in any amount, or for any relief, whatsoever, and requests that judgment be entered in favor of Defendant and against Plaintiff, and respectfully requests that this Honorable Court grant it such further relief, including without limitation recovery of all attorneys' fees and costs incurred in its defense of this Action, as this Honorable Court deems just and proper.

**AFFIRMATIVE DEFENSES**

**NOW COMES** Defendant, by and through its attorney, Benjamin Aaron Shapiro, and, as and for its Affirmative Defenses in this Action, alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**
**(NO KNOWING MISREPRESENTATION)**

1.      By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur, then Defendant is not liable to Plaintiff for any of the matters alleged by Plaintiff in this Action, in that Defendant acted in good faith and with reasonable grounds for believing that all acts or omissions of Defendant alleged in the Complaint were lawful and proper at the time of their alleged commission, and did not make any knowing misrepresentations, under 17 U.S.C. §512(f) or otherwise.  In particular, the Video was included in a list addressing, as a collective whole, 259 videos posted on YouTube containing material from "The Michael Savage Show," which together created a virtual archived library of content from the Show, and Defendant was not then aware that the Video related to the one broadcast, of all of the broadcasts of the Show over a period of many years, as to which Defendant did not claim the copyright, or that the Video related to the one such broadcast that was the subject of

the CAIR litigation alleged in the Complaint (the "**CAIR Litigation**"), to which Defendant was not a party.

## SECOND AFFIRMATIVE DEFENSE
## (NO MATERIAL MISREPRESENTATION)

2.    By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur, then Defendant is not liable to Plaintiff for any of the matters alleged by Plaintiff in this Action, in that Defendant acted in good faith and with reasonable grounds for believing that all acts or omissions of Defendant alleged in the Complaint were lawful and proper at the time of their alleged commission, and did not make any "material" misrepresentations, under 17 U.S.C. §512(f) or otherwise.  In particular, the Video was included in a list addressing, as a collective whole, 259 videos posted on YouTube containing material from "The Michael Savage Show," which together created a virtual archived library of content from the Show, Defendant was not then aware that the Video related to the one broadcast of the Show (of all of the broadcasts of the Show over a period of many years) as to which Defendant did not claim the copyright, or that the Video related to the one such broadcast that was the subject of the CAIR Litigation (to which Defendant was not a party, in any event, and whether or not any relationship between such broadcast and the CAIR Litigation is relevant), and any innocent mistake and/or oversight by Defendant with respect to one video out of 259 is not, and should not be deemed to be, material.

## THIRD AFFIRMATIVE DEFENSE
## (MISTAKE)

3.    By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur, then Defendant is not

liable to Plaintiff for any of the matters alleged by Plaintiff in this Action, in that Defendant acted in good faith and with reasonable grounds for believing that all acts or omissions of Defendant alleged in the Complaint were lawful and proper at the time of their alleged commission, in that inclusion of the Video in the listing of the 259 videos which constituted an objectionable archived third party library of content taken from the Show was merely an inadvertent error or oversight, and any such inadvertent error or oversight does not approach the applicable "subjective bad faith" standard under 17 U.S.C. §512(f), and Defendant made no further contentions with respect to the Video since being made aware of the specific information relating to the Video separate and distinct from the other 258 videos which were the subject of the September 29, 2008 notice relating to a collective YouTube library of 259 archived videos, and in fact allowed the Video to be restored by YouTube in a timely manner in accordance with the restoration procedures of the Digital Millennium Copyright Act (the "**DCMA**").

## **FOURTH AFFIRMATIVE DEFENSE**
## **(THIRD PARTY RESPONSIBILITY FOR REMOVAL OF VIDEO)**

4.      By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur as to any brief removal of Video of Plaintiff, without a formal "takedown notice" under the DMCA, then Defendant is not liable to Plaintiff for any of the matters alleged by Plaintiff in this Action with respect thereto, in that Plaintiff's sole and actual claim would be against any third party precipitously and actually removing the Video from YouTube, for a very brief period of time, rather than Defendant.

# FIFTH AFFIRMATIVE DEFENSE
## (THIRD PARTY RESPONSIBILITY FOR REMOVAL OF CHANNEL)

5.      By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur as to any brief removal of videos of Plaintiff other than the Video from YouTube, without any request or suggestion by Defendant that such action be taken, then Defendant is not liable to Plaintiff for any of the matters alleged by Plaintiff in this Action with respect thereto, in that Plaintiff's sole and actual claim would be against any third party actually removing the entire "bravenewfilms" channel from YouTube, for a very brief period of time, rather than Defendant.

# SIXTH AFFIRMATIVE DEFENSE
## (THIRD PARTY INTERVENING ACT)

6.      By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur as to any brief removal of videos of Plaintiff other than the Video from YouTube, without any request or suggestion by Defendant that such action be taken, then Defendant is not liable to Plaintiff for any of the matters alleged by Plaintiff in this Action with respect thereto, in that any such action would constitute an independent intervening act by a third party for which Defendant is not responsible.  Plaintiff's sole and actual claim would be against any third party actually removing the entire "bravenewfilms" channel from YouTube, for a very brief period of time, rather than Defendant.

# SEVENTH AFFIRMATIVE DEFENSE
## (PLAINTIFF'S FAILURE TO MITIGATE)

7.      By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur, then Defendant is not

liable to Plaintiff for any of the matters alleged by Plaintiff in this Action, in that Plaintiff has unreasonably failed to mitigate its alleged damages by filing the Complaint before notifying Defendant of any alleged improper acts or omissions, or the specifics of Plaintiff's claims with respect to the Video as involving separate and distinct circumstances from the rest of the collective body of 259 videos which were the collective basis of the 9/29/08 Letter.

## EIGHTH AFFIRMATIVE DEFENSE
### (LACHES, WAIVER AND ESTOPPEL)

8.     By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur, any claims by Plaintiff to relief from Defendant for any of the matters alleged by Plaintiff in this Action should be, and are, barred by the principles of laches, waiver and estoppel, on multiple grounds, including without limitation: (i) Plaintiff's commencing this Action without any prior communication with Defendant whatsoever, including a failure to apprise Defendant of Plaintiff's claims as to the uniqueness of the Video as distinct from the other 258 videos which were the subject of the single notice addressed to the totality of the library of 259 videos of archived content of the Show which was the collective subject of the 9/29/08 Letter; (ii) Plaintiff's commencing this Action hurriedly, without prior communications with Defendant, prior to reinstatement of the Video via the restoration process specified by the DMCA for resolving the very issues alleged by Plaintiff in this Action; (iii) Plaintiff's obvious efforts to use this Action to punish Savage for purported statements (whether or not summarized or described out of context) and other purported offenses, as evidenced by Plaintiff's allegations in the Complaint concerning Savage's purported "hateful views" (Paragraph 19, at Page 6, line 2) and "intolerance" (Paragraph 18, at Page 5, line 28), and for what Plaintiff describes in the Complaint as "Savage's retaliatory

lawsuit against CAIR" and "his attempts to censor CAIR by suing the group for copyright infringement" (Paragraph 19, at Page 6, lines 4-6); (iv) Plaintiff's use of this Action to restrict exercise of Savage's free speech rights by challenging the merits of Savage's purported views as part of the affirmative allegations advanced by Plaintiff in the Complaint; and (v) Plaintiff's efforts to interfere with the relationship between Savage and OTRN by introducing alleged sins of Savage as affirmative contentions in an action brought against Defendant for Defendant's separate actions.

## NINTH AFFIRMATIVE DEFENSE
### (PLAINTIFF'S UNCLEAN HANDS)

9.    By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur, any claims by Plaintiff to equitable relief for any of the matters alleged by Plaintiff in this Action should be, and are, barred by the principle of unclean hands, on multiple grounds, including without limitation: (i) Plaintiff's commencing this Action without any prior communication with Defendant whatsoever, including a failure to apprise Defendant of Plaintiff's claims as to the uniqueness of the Video as distinct from the other 258 videos which were the subject of the single notice addressed to the totality of the library of 259 videos of archived content of the Show which was the collective subject of the 9/29/08 Letter; (ii) Plaintiff's commencing this Action hurriedly, without prior communications with Defendant, prior to reinstatement of the Video via the restoration process specified by the DMCA for resolving the very issues alleged by Plaintiff in this Action; (iii) Plaintiff's obvious efforts to use this Action to punish Savage for purported statements (whether or not summarized or described out of context) and other purported offenses, as evidenced by Plaintiff's allegations in the Complaint concerning Savage's purported "hateful views" (Paragraph 19, at

Page 6, line 2) and "intolerance" (Paragraph 18, at Page 5, line 28), and for what Plaintiff describes in the Complaint as "Savage's retaliatory lawsuit against CAIR" and "his attempts to censor CAIR by suing the group for copyright infringement" (Paragraph 19, at Page 6, lines 4-6); (iv) Plaintiff's use of this Action to restrict exercise of Savage's free speech rights by challenging the merits of Savage's purported views as part of the affirmative allegations advanced by Plaintiff in the Complaint; and (v) Plaintiff's efforts to interfere with the relationship between Savage and OTRN by introducing alleged sins of Savage as affirmative contentions in an action brought against Defendant for Defendant's separate actions.

## TENTH AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

10.    By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur, Plaintiff is nevertheless not entitled to any relief against Defendant in this Action, in that Plaintiff has not stated any claim against Plaintiff upon which relief can be granted.

## ELEVENTH AFFIRMATIVE DEFENSE
### (17 U.S.C. §512 INAPPLICABLE)

11.    11.  By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur, Plaintiff is nevertheless not entitled to any relief against Defendant in this Action, in that Plaintiff's claim under §512(f) is inapplicable, since the 9/29/08 Letter did not constitute a "takedown notice" under the DMCA.

## TWELTH AFFIRMATIVE DEFENSE
## (FREE SPEECH)

12. By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur, Plaintiff is nevertheless not entitled to any relief against Defendant in this action, in that Defendant's conduct was protected by the First Amendment to the United States Constitution and Article I, Section 2 of the California Constitution as free speech.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (ANTI-SLAPP STATUTE)

13. By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur, Plaintiff is nevertheless not entitled to any relief against Defendant in this action due to Plaintiff's violation of the Anti-SLAPP Statute under CCP §425.16, in that Plaintiff has filed the Complaint in retaliation for Michael Savage's lawsuit against CAIR, as is evidenced by (i) Plaintiff's commencing this Action without any prior communication with Defendant whatsoever, including a failure to apprise Defendant of Plaintiff's claims as to the uniqueness of the Video as distinct from the other 258 videos which were the subject of the single notice addressed to the totality of the library of 259 videos of archived content of the Show which was the collective subject of the 9/29/08 Letter; (ii) Plaintiff's commencing this Action hurriedly, without prior communications with Defendant, prior to reinstatement of the Video via the restoration process specified by the DMCA for resolving the very issues alleged by Plaintiff in this Action; (iii) Plaintiff's obvious efforts to use this Action to punish Savage for purported statements (whether or not summarized or described out of context) and other purported offenses, as evidenced by Plaintiff's allegations in the Complaint concerning Savage's purported "hateful views" (Paragraph 19, at Page 6,

line 2) and "intolerance" (Paragraph 18, at Page 5, line 28), and for what Plaintiff describes in the Complaint as "Savage's retaliatory lawsuit against CAIR" and "his attempts to censor CAIR by suing the group for copyright infringement" (Paragraph 19, at Page 6, lines 4-6); (iv) Plaintiff's use of this Action to restrict exercise of Savage's free speech rights by challenging the merits of Savage's purported views as part of the affirmative allegations advanced by Plaintiff in the Complaint; and (v) Plaintiff's efforts to interfere with the relationship between Savage and OTRN by introducing alleged sins of Savage as affirmative contentions in an action brought against Defendant for Defendant's separate actions..

## FOURTEENTH AFFIRMATIVE DEFENSE
### (NO CONTINUING CONTROVERSY)

14. By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur, Plaintiff is not entitled to injunctive relief, in that no continuing controversy exists with respect to Plaintiff's use of the Video, and no basis exists to establish a likelihood of a further claim by Plaintiff with respect to the Video. The totality of Plaintiff's actual claim in this Action has been rendered moot, in that a reference to the Video was mistakenly included in a notice challenging an archived library on YouTube consisting of 259 videos of content taken from the Show, any content posted by Plaintiff on YouTube removed as a result thereof was restored to YouTube within a short period of time without further objection by Defendant, Defendant has made no challenge to the separate posting of the Video on Plaintiff's own website, and, upon learning of the specific broadcast to which the Video relates, Defendant has not asserted any further claims with respect thereto and does hereby disclaim any copyright claim on the part of Defendant over the Video. Accordingly, regardless of any prior circumstances,

there is no legal basis for issuance of any injunction in this Action, as there is, and can be, no actual showing of future actions justifying any injunctive relief.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (NO ACTUAL DAMAGES)

15.     By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur, Plaintiff is not entitled to any recovery against Defendant in this Action, in that Plaintiff has not sustained any actual damages as a proximate result of the actions or inactions of Defendant alleged in the Complaint, and in that any and all items posted on YouTube by Plaintiff have been restored in a timely manner without any demonstrable loss of revenues to Plaintiff as a result thereof, among other factors.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (DAMAGES SPECULATIVE)

16.     By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur, Plaintiff is not entitled to any recovery against Defendant in this Action in that any damages claimed by Plaintiff in this Action are speculative.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (COMPARATIVE FAULT/NEGLIGENCE OF PLAINTIFF)

17.     By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur, any claimed damages asserted against Defendant must be reduced in proportion to the comparative fault and/or negligence of Plaintiff in relation to the fault and/or negligence of other third parties as to the matter or matters giving rise to such claimed damages, if and to the

extent that any such claimed damages can in fact be proven to be actual, compensable, demonstrable and the proximate result of actual wrongful actions or omissions established in this Action.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (COMPARATIVE FAULT/NEGLIGENCE OF THIRD PARTIES)

18.     By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur, any claimed damages asserted against Defendant must be reduced in proportion to the comparative fault and/or negligence of Defendant in relation to the fault and/or negligence of other third parties as to the matter or matters giving rise to such claimed damages, if and to the extent that any such claimed damages can in fact be proven to be actual, compensable, demonstrable and the proximate result of actual wrongful actions or omissions established in this Action.

## NINTEENTH AFFIRMATIVE DEFENSE
### (PRIVILEGE)

19.     Plaintiff is not entitled to any relief against Defendant in this Action, in that any actual actions of Defendant at issue in this Action were privileged under the California litigation privilege and other applicable privileges, and were undertaken by Defendant in an honest and good faith belief that such actions were lawful and proper efforts to preserve and protect Defendant's lawful interests, whether or not, in hindsight, Defendant's actions are deemed to have been mistaken and/or negligent with respect to one single video out of the collective total of 259 videos giving rise to the 9/29/08 Letter.

## TWENTIETH AFFIRMATIVE DEFENSE

## (GOOD FAITH)

20.     Plaintiff is not entitled to any relief against Defendant in this Action, in that any actual actions of Defendant at issue in this Action were justified, and were undertaken by Defendant in an honest and good faith belief that such actions were lawful and proper efforts to preserve and protect Defendant's lawful interests, whether or not, in hindsight, Defendant's actions are deemed to have been mistaken and/or negligent with respect to one single video out of the collective total of 259 videos giving rise to the 9/29/08 Letter.

## TWENTY-FIRST AFFIRMATIVE DEFENSE:

## (TOTALITY OF THE CIRCUMSTANCES)

21.     Plaintiff is not entitled to any relief against Defendant in this Action, in that any actual actions of Defendant at issue in this Action are not actionable under the totality of the circumstances in this Action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE:

## (NO FAIR USE)

22.     Plaintiff is barred from relief because the video at issue does not make fair use of the copyrighted work.

Dated: January 9, 2009

By___/s/ Benjamin Aaron Shapiro___

Attorneys for Defendants Michael
Weiner aka Michael Savage and
Original Talk Radio Network, Inc.