| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | Benjamin Aaron Shapiro (SBN 254456)<br>12330 Magnolia Boulevard, No. 114<br>Valley Village, CA 91607<br>Telephone: (818) 620-0137<br><br>Attorney for Defendants<br>MICHAEL WEINER aka MICHAEL SAVAGE,<br>and ORIGINAL TALK RADIO NETWORK, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAVE NEW FILMS 501(c)(4),<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL WEINER aka MICHAEL SAVAGE, and ORIGINAL TALK RADIO NETWORK, INC.,<br><br>        Defendants. | Case No. CV 08-4703 SI<br><br>**DEFENDANT MICHAEL WEINER AKA MICHAEL SAVAGE'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Date:      March 13, 2009<br>Time:      9:00 a.m.<br>Location: Courtroom<br><br>[filed concurrently with Proposed Order]<br><br>Honorable Susan Illston |

1 **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

3     **PLEASE TAKE NOTICE** that, on March 13, 2009, at 9:00 a.m., in Courtroom 10 of the above-captioned court located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Michael Weiner aka Michael Savage ("Savage") will and hereby does move this Court for an order dismissing this action against Savage.

9     This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6), on the basis that the complaint fails to state a claim upon which relief can be granted against Savage.

13     This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, all records on file with the Court, any reply, and any additional argument or evidence which may be presented at or prior to the hearing on this Motion.

18 Dated: January 9, 2009

20                                           By   /s/ Benjamin Aaron Shapiro

Attorneys for Defendants Michael Weiner aka Michael Savage and Original Talk Radio Network, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant MICHAEL WEINER aka MICHAEL SAVAGE ("**Savage**" or "**Defendant**"), hereby moves, in the above-captioned action (this "**Action**"), brought by plaintiff BRAVE NEW FILMS 501(C)(4) ("**Plaintiff**"), for dismissal of this Action against Savage, pursuant to FRCP 12(b)(6), on the grounds that the complaint in this Action (the "**Complaint**") fails to state a claim upon which relief can be granted against Savage. Defendant requests that the motion be submitted on the papers and without oral argument.

## I. THE COURT SHOULD DISMISS THIS ACTION AS TO SAVAGE BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A. The Legal Standard

A court should grant a motion to dismiss under Rule 12(b)(6) when a plaintiff's complaint does not provide grounds establishing that he is entitled to relief. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). Allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. See Lee v. City of Los Angeles, 250 F.3d 668, 679 (9th Cir. 2001). Nonetheless, unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. See In Re VeriFone Sec. Litig., 11 F.3d 865, 868 (9th Cir. 1993). Similarly, "[f]actual allegations must be enough to raise a right to relief above the speculative level." See Bell Atlantic Corp., 127 S.Ct. at 1965.

## B. Plaintiff Has Not Alleged Any Acts or Omissions by Defendant that State a Claim for Relief

Plaintiff has not alleged any relevant acts or omissions by Savage in the Complaint, let alone facts that could state a claim for relief against Savage. At most, Plaintiff alleges in Paragraph 5 of the Complaint that "On information and belief, OTRN has acted as Savage's agent, and OTRN's actions as alleged herein were done with Savage's knowledge and permission". However, such allegation has no basis in fact, and there is simply no factual basis whatsoever alleged in the Complaint to support such allegation.

To the contrary, a copy of the September 29, 2008 letter at issue in this Action (the "**9/29/08 Letter**"), which was sent by Mr. Carter Glahn on behalf of defendant THE ORIGINAL TALK RADIO NETWORK, INC. ("**OTRN**") to YouTube, with regard to the video at issue in this Action (the "**Video**") is attached as Exhibit "C" to the Complaint, without the full exhibit thereto, and expressly referenced in Paragraph 23 of the Complaint, with a second, full copy of the exhibit to the 9/29/08 Letter attached as Exhibit "D" to the Complaint, and also referenced at Paragraph 23 thereof. For convenient reference, a full copy of the 9/29/08 Letter, with a full copy of the exhibit attached, is attached as Exhibit "A" hereto.

The 9/29/08 Letter contains the only factual element of the Complaint directly addressing the involvement of Savage as to the relevant issues posed by Plaintiff's causes of action in this Action, and does not purport to represent Savage in any way. To the contrary, the 9/29/08 Letter in fact states precisely the opposite: "Please also be advised that OTRN does not, by this letter, disclaim, release or speak for the separate rights of Michael Savage." As a result, the documentation attached by Plaintiff to the Complaint, and referenced therein, demonstrates on its face that the allegation in the Complaint to the effect that OTRN acted as the agent for Savage, or

that Savage was somehow a party to the issuance of the 9/29/08 Notice, is simply baseless speculation on Plaintiff's part.

**C. The Actual Purported Factual Allegations Asserted Against Savage in the Complaint Demonstrate That Plaintiff's Claims Against Savage Seek to Retaliate Against Savage For Exercising His Rights To Free Speech in a Manner Which Plaintiff Finds Objectionable, and For His Pursuit of a Separate Action Which Did Not Involve Plaintiff, and Have Nothing to Do With The Causes of Action Asserted in the Complaint.**

This Action seeks declaratory and injunctive relief and damages for the issuance, by OTRN, through counsel, of the 9/29/08 Letter, demanding removal by YouTube of 259 archived videos of content taken from "The Michael Savage Show" (the "**Show**"), of which one of the total 259 videos (the "**Video**") had been posted by Plaintiff, and happened to involve content taken from the same broadcast as was involved in the separate and unrelated litigation between Savage and the Council on American-Islamic Relations (the "**CAIR Litigation**"). With the exception of the allegations in Paragraph 4 of the Complaint, applicable to the issue of venue, and the unsubstantiated agency allegation addressed above, the factual allegations as to Savage consist of:

(i) The allegations in Paragraph 4 of the Complaint to the effect that Savage is the holder of the copyright with respect to the radio broadcast which was the subject of the Video. While such allegation is relevant to the issue of whether Plaintiff had a defense to a demand by OTRN relating to the Video (an issue recognized by OTRN after the underlying broadcast for that 1 of 259 videos was identified, and which is addressed of record in OTRN's answer in this Action which Savage requests the Court to take judicial notice

of), it does not establish that Savage had anything to do with the issuance of the 9/29/08 Letter, or knowledge of its issuance, and certainly does not establish that OTRN sent the 9/29/08 Letter as an agent for Savage.

(ii) The allegation in Paragraph 4 of the Complaint that Savage is the host of the Show (and similar references throughout the Complaint to Savage's involvement in the Show – as opposed to involvement with respect to the 9/29/08 Letter). Again, while this alleges a connection between Savage and the Show, it does not create any inference of, or otherwise allege or establish, any connection between Savage and the 9/28/09 Notice, or any knowledge by Savage with respect thereto.

(iii) The allegation in Paragraph 14 that "Savage went on an anti-Muslim tirade" on the specific broadcast of the Show placed in issue by Plaintiff in this Action (the "**Program at Issue**"). However, whether or not such characterization of commentary by Savage during the Program at issue is proper has nothing to do with whether the 9/29/08 Letter by OTRN properly included the Video, or whether Plaintiff is or is not entitled to equitable relief or damages with respect to the issuance of the 9/29/08 Letter.

(iv) The allegations in Paragraph 16 concerning Savage and the CAIR Litigation. However, the existence of that separate litigation does not create any inference of, or otherwise allege or establish, any connection between Savage and the 9/29/08 Letter or any knowledge by Savage with respect thereto.

(v) The allegations in Paragraphs 18 and 19 discuss Savage, but in the context of describing the Video as being negative about Savage and the formation of an anti-Savage website by Plaintiff. While these allegations establish Plaintiff's dislike of Savage and show a desire by Plaintiff to punish Savage for his exercise of his free speech rights and to retaliate against

Savage for the CAIR Litigation, they again offer no facts showing any connection between Savage and the 9/29/08 Letter.

  (vi) Paragraphs 20 and 21 address various aspects of the CAIR Litigation, and again offer no facts even remotely tending to show any connection between Savage and the 9/29/08 Letter.

  (vii) Paragraph 22 alleges similarities between the Video and the "short clip" at issue in the CAIR Litigation, but again offers no facts tending to show any connection between Savage and the 9/29/08 Letter.

  (viii) In addition to referencing the 9/29/08 Letter attached as an exhibit, as previously addressed above, Paragraph 23 expressly alleges that the 9/29/08 Letter was delivered by "counsel for OTRN", thus further establishing that the sole relevant allegations in the Complaint bearing on whether there is any factual connection between Savage and the 9/29/08 Letter suggest the absence, rather than the presence, of any involvement on the part of Savage with respect to the 9/22/08 Letter.

  (ix) Paragraph 28 alleges that Savage holds the copyright with respect to the Program at Issue, and the existence of a controversy between Plaintiff and both Savage and OTRN. However, it alleges no communications from or to Savage with respect to such alleged controversy and again alleges/acknowledges that the 9/29/08 Letter was OTRN's, with no allegation or facts suggesting any involvement by Savage in the issuance of the 9/29/08 Letter.

  (x) Paragraph 32 also alleges/acknowledges that the 9/29/08 Letter was OTRN's and that the contents thereof constituted assertions by OTRN, without any allegations of any conduct by Savage.

  (xi) Paragraph 33 includes an allegation that "Savage had actual or constructive knowledge" with respect to the Video, and of Savage's copyright

in the Program at Issue. It does not, however, contain any allegation that Savage had anything to do with the 9/29/08 Letter, but instead makes explicit reference to "the time OTRN issued" the 9/29/08 Letter.

As such, in a very real sense, the Complaint is in many ways all about Savage and Plaintiff's disdain for Plaintiff's view of statements made by Savage in exercising Savage's free speech rights, and for actions taken by Savage in the CAIR Action, none of which offer a scintilla of factual basis to establish, or even infer, any involvement whatsoever by Savage in the issuance of the 9/29/08 Letter, which is the actual action on which Plaintiff bases claims for equitable relief and damages in this Action. That being the case, and from wholly speculative and conclusory allegations that clearly are unsupported, and indeed contradicted, by the factual allegations of the Complaint, it is abundantly clear, and Savage respectfully submits, indisputable, that the Complaint fails to state any claims against Savage, regardless of the merits, or lack of merits, of the claims asserted against OTRN for the inclusion of the Video in the list of the 259 videos in the YouTube library of archived content from the Show to which OTRN objected in the 9/29/08 Letter.

Accordingly, it is also evident from such allegations that Savage has been named in the Complaint as a means of pursuing a vendetta by Plaintiff against Savage to punish Savage, and to retaliate against him, for various statements and actions unrelated to the Video, Plaintiff and/or the 9/29/08 Letter that Plaintiff takes issue with, which clearly constitutes an improper basis for inclusion of Savage as a defendant in this Action.

## II. CONCLUSION

Accordingly, the Court should dismiss Savage from this Action pursuant to FRCP 12(b)(6).

LA1835454.1
211275-10004

6

SAVAGE'S MOTION TO DISMISS
Case No. CV 08-4703 SI

Dated: January 9, 2009

By /s/ Benjamin Aaron Shapiro

Attorneys for Defendants Michael Weiner aka Michael Savage and Original Talk Radio Network, Inc.