| | |
|---|---|
| 1 | Anthony T. Falzone (SBN 190845)<br>Julie A. Ahrens (SBN 230170) |
| 2 | Christopher K. Ridder (SBN 218691)<br>STANFORD LAW SCHOOL CENTER FOR |
| 3 | INTERNET AND SOCIETY<br>559 Nathan Abbott Way |
| 4 | Stanford, California 94305-8610<br>Telephone: (650) 736-9050 |
| 5 | Facsimile: (650) 723-4426<br>E-mail: falzone@stanford.edu |
| 6 | |
| 7 | William F. Abrams (SBN 88805)<br>Sheila M. Pierce (SBN 232610) |
| 8 | BINGHAM McCUTCHEN LLP<br>1900 University Avenue |
| 9 | East Palo Alto, CA 94303-2223<br>Telephone: 650.849.4400 |
| 10 | Facsimile: 650.849.4800<br>Email: william.abrams@bingham.com |
| 11 | Attorneys for Plaintiff |
| 12 | Brave New Films 501(c)(4) |
| 13 | Benjamin Aaron Shapiro (SBN 254456)<br>12330 Magnolia Blvd., #114 |
| 14 | Valley Village, CA 91607<br>Telephone: 818.620.0137 |
| 15 | Email: bshapiro708@gmail.com |
| 16 | Attorneys for Defendants<br>Michael Weiner aka Michael Savage, and |
| 17 | Original Talk Radio Network, Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| BRAVE NEW FILMS 501(C)(4), | | No. CV 08-04703 SI |
| | Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | | |
| MICHAEL WEINER aka MICHAEL SAVAGE, and ORIGINAL TALK RADIO NETWORK, INC., | | F.R.C.P. 16 and Civil L.R. 16-10 |
| | | Date: January 23, 2009<br>Time: 2:00 p.m.<br>Place: Courtroom 10, 19th Floor<br>Judge: Honorable Susan Illston |
| | Defendants. | |

No. 08-CV-04703

JOINT CASE MANAGEMENT STATEMENT

A/72813770.5/0999997-0000929225

Pursuant to Civil Local Rule 16-9 and Fed.R.Civ.P. 26(f), Plaintiff Brave New Films, 501(c)(4) ("Brave New Films") and Defendants Original Talk Radio Network, Inc. ("OTRN") and Michael Weiner ("Savage") (collectively "the Parties") jointly submit this Case Management Statement in advance of the January 23, 2009 Case Management Conference.

**1.     Jurisdiction**

This is an action for declaratory judgment and damages arising under the Federal Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. § 2201. There are no disputed issues regarding personal jurisdiction or venue. All named Defendants are served.

**2.     Facts**

Brave New Films seeks a declaration that the video at issue in this matter does not infringe the copyright of OTRN or Savage, or any other exclusive rights that OTRN or Savage might assert under state or federal law. Brave New Films also seeks damages it claims were a direct and proximate result of the actions alleged in the Complaint.

This dispute originally arose on September 29, 2008, when a letter written by Carter Glahn, Esquire, which stated under the penalty of perjury that his office represented "the owner of an exclusive right" and had "been retained by The Original Talk Radio Network to take such actions as may be appropriate," was sent to YouTube's "DMCA Complaints" department demanding the removal of a total of 259 videos, including "Michael Savage Hates Muslims" (the "Video"), a video created and posted by Brave New Films, which uses approximately one minute of excerpts from an October 29, 2007 broadcast of "The Michael Savage Show" in a one minute, twenty-four second video. Mr. Glahn asserted that YouTube was "in violation of OTRN's exclusive rights" and demanded that YouTube immediately remove all OTRN Content (defined as "numerous segments from OTRN's 'The Michael Savage Show'") from its website and "cease and desist all further publications, broadcasts, and/or reproductions of any and all OTRN Content" immediately. This cited content included the Video, which contained excerpts from the October 29, 2007 broadcast of the Michael Savage Show. Savage is identified as the "Copyright

JOINT CASE MANAGEMENT STATEMENT

Claimant" of "The Michael Savage Show, October 29, 2007" in the copyright registration filed with the U.S. Copyright Office. *See* Copyright Registration attached as Exhibit A to the Complaint.

On October 2, 2008, following receipt of the September 29, 2008 letter demanding the removal of a total of 259 videos, including the Video, YouTube disabled access to the Video and notified Brave New Films that the Video had been removed pursuant to the complaint letter by OTRN. Brave New Films claims that YouTube also disabled access to Brave New Films' entire YouTube channel, which is Brave New Films' main channel of distribution for its videos, and that on October 3, 2008, Brave New Films submitted a DMCA counter-notice to YouTube. On October 10, 2008, Brave New Films filed this lawsuit. OTRN and Savage claim that they were not notified by Brave New Films of the DMCA counter-notice before this lawsuit was filed. On October 20, 2008, the Video was restored to YouTube. On January 11, 2009, Savage filed a Motion to Dismiss and OTRN filed its Answer. So far, it appears the disputed facts may include but are not limited to the following:

Disputed facts asserted by Brave New Films:

a. Whether OTRN or Savage had constructive or actual knowledge that the Video did not infringe any exclusive rights protected by the Copyright Act, 17 U.S.C. § 106 at the time the September 29, 2008 letter was sent.

b. Whether the letter dated September 29, 2008 and sent by OTRN's counsel to YouTube, was done with Savage's actual or constructive knowledge and permission.

c. Whether OTRN or Savage reviewed the Video at issue prior to sending the letter dated September 29, 2008.

d. Whether OTRN or Savage considered whether the fair use doctrine might protect Brave New Films' use of the copyrighted material at issue in the Video.

Disputed facts asserted by Defendants:

e. Whether counsel for OTRN knew that Savage owned the copyright to the allegedly infringing material contained in the Video, or OTRN knew that material for which Savage owned the copyright was included among the 259 videos that were the subject of the September 29, 2008 letter.

| | | | |
|---|---|---|---|
| 1 | | f. | Whether Brave New Films was damaged as a result of the conduct alleged in the complaint. |
| 2 | | | |
| 3 | | g. | Whether Brave New Films filed the Complaint in retaliation for Savage's involvement in *Savage v. CAIR* and/or to penalize him for his statements in the underlying broadcast in issue. |
| 4 | | | |
| 5 | | h. | Whether OTRN requested the removal of Plaintiff's videos other than the Video from YouTube. |
| 6 | | | |
| 7 | | i. | Whether the letter dated September 29, 2008 sent by OTRN's counsel to YouTube, was done with Savage's actual or constructive knowledge or permission or was sent wholly independent of Savage. |
| 8 | | | |
| 9 | | j. | Whether OTRN has made, is making or will make any further copyright claims with respect to the Video. |
| 10 | | | |

**3. Legal Issues**

Agreed upon legal issues:

    a.    Whether Brave New Films infringed any exclusive rights protected by the Federal Copyright Act, 17 U.S.C. § 106.

    b.    Whether Brave New Films' use of the excerpts from Savage's October 29, 2007 broadcast was a fair use.

    c.    Whether Brave New Films had an affirmative duty to communicate with Defendants prior to filing this action.

    d.    Whether California's anti-SLAPP statute, California Code of Civil Procedure Section 425.16, applies to Brave New Films' federal claims for relief.

    e.    Whether Brave New Films is entitled to a declaratory judgment that the Video does not infringe any copyrights, or any other exclusive right, owned or asserted by OTRN and/or Savage; damages according to proof; attorneys' fees and costs.

Legal issues asserted by Brave New Films include:

    f.    Whether OTRN's September 29, 2008 letter was a knowing and material misrepresentation in violation of 17 U.S.C. § 512(f).

Legal issues asserted by Defendants include:

    g.    Whether the September 29, 2008 letter was a knowing and material misrepresentation in violation of 17 U.S.C. § 512(f) under the subjective good faith standard set forth therein.

|   |   |   |
|---|---|---|
| 1 | h. | Whether Savage is properly a party to this action. |
| 2 | i. | Whether any injunctive or declaratory relief is appropriate as against OTRN in the absence of any evidence of further claims by OTRN with respect to the Video once OTRN discovered that it relates to the October 29, 2007 broadcast. |

**4. Motions**

Defendant Michael Savage filed a Motion to Dismiss on January 11, 2009. The hearing is scheduled for March 13, 2009. Additionally, the Parties anticipate filing dispositive motions for judgment on the pleadings, summary judgment or summary adjudication. OTRN currently anticipates filing an early summary judgment motion for hearing on March 13, 2009, or as soon thereafter as possible. Brave New Films anticipates a dispositive motion on the declaratory relief claim may be filed early in the case; summary adjudication or summary judgment on the section 512(f) claim may need to await some discovery.

**5. Amendment of Pleadings**

The Parties do not anticipate amendments to the pleadings at this time.

**6. Evidence Preservation**

All Parties represent that they have taken appropriate steps to ensure that relevant evidence is preserved.

**7. Disclosures**

The Parties anticipate making full and timely disclosures in this matter pursuant to Federal Rule of Civil Procedure 26(a)(1) on January 28, 2009.

**8. Discovery**

There has been no discovery taken to date. The Parties expect to serve document requests and interrogatories and to take relatively few depositions. Third parties may also be subpoenaed.

It is too early for the Parties to determine the volume of discovery, particularly with respect to the production of documents. Hence, the Parties have agreed to discuss the specifics relating to the production of documents, including form and timing, once they have a better idea of the volume and types of documents that will be produced. At this time, the Parties

| | | |
|---|---|---|
| 1 | have no reason to believe that the scope of discovery will exceed the limits provided by the | |
| 2 | Federal Rules. They have agreed, however, to reserve the right to revisit this issue at a later date | |
| 3 | if determined necessary by one of the Parties. | |

**9. Class Actions**

This is not a class action.

**10. Related Cases**

There is one related case: *Savage v. Council on American-Islamic Relations, Inc.*, Case No. C 07-6076 SI which has already been ordered Related. *See* the Related Case Order signed by Judge Illston on December 5, 2008.

**11. Relief Sought By The Parties**

Brave New Films is seeking:

    a. Declaratory judgment that it has not infringed any copyrights, or any other exclusive right, owned or asserted by OTRN or Savage.

    b. Injunctive relief restraining Defendants from (i) bringing any lawsuit or threatening any legal action relating to the Video, (ii) delivering DMCA takedown notices directed at the Video, or (iii) asserting to any third-party that it has any legal right to interfere with the publication, distribution, performance, display, or licensing of the Video or to interfere with any linking to or from the Video on the internet.

    c. Damages according to proof.

    d. Attorneys' fees and costs.

Michael Savage is seeking:

    a. Dismissal under Rule 12(b)(6).

OTRN is seeking:

    a Judgment against Brave New Films.

    b Attorneys' fees and costs.

**12. Settlement and ADR**

The Parties have discussed settlement, but were unsuccessful in settling this matter. The Parties, however, hope to engage in further settlement discussions as the case

progresses.  Brave New Films has filed its ADR Certification.  OTRN has filed its ADR Certification and Defendant Michael Weiner aka Michael Savage is in the process of filing his ADR Certification.  The Parties have filed a Notice of "Need for ADR Phone Conference" pursuant Local ADR Rule 3-5(c)(2) to seek assignment to an Early Settlement Conference with a Magistrate Judge.  An ADR Phone Conference is scheduled for January 22, 2009.

**13.  Consent to Magistrate Judge For All Purposes**

Brave New Films has declined to proceed before a Magistrate Judge for all purposes in this action.

**14.  Other References**

The Parties do not believe that the case is suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

**15.  Narrowing Issues**

Issues in this case may be narrowed by Savage's Motion to Dismiss and additional dispositive motions that may be made by the Parties.

**16.  Expedited Scheduling**

The Parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

**17.  Scheduling**

|  | **Brave New Films' Proposed Scheduling** | **Defendants' Proposed Scheduling** |
|---|---|---|
| Fact Discovery Cutoff | June 30, 2009 | July 31, 2009 |
| Opening Expert Reports | July 31, 2009 | August 31, 2009 |
| Expert Rebuttal Reports | August 31, 2009 | September 30, 2009 |
| Dispositive motions filed by | September 16, 2009 | October 31, 2009 |
| Expert Discovery Cutoff | September 30, 2009 | October 31, 2009 |
| Pretrial Conference | November 17, 2009 | December 16, 2009 |
| Hearing on Dispositive Motions | November 20, 2009 | December 18, 2009 |
| Trial | December 7, 2009 | January 5, 2010 |

**18. Trial**

Brave New Films has requested a jury trial. The Parties estimate the length of trial to be approximately 2-4 full court days.

**19. Disclosure of Non-Party Interested Entities or Persons**

All Parties have filed their Disclosure of Interested Entities or Persons pursuant Civil Local Rule 3-16. Brave New Films and Savage reported that there are no parties, other than the named parties, with an interest in this case. OTRN identified Talk Radio Network, Inc., a Delaware corporation, as a third party that may have some interest in the outcome of this proceeding.

**20. Other Matters**

Counsel for OTRN and Savage, Benjamin Aaron Shapiro, has been admitted to practice in the Northern District. Shapiro advises that a request may be made to add Ronald H. Severaid, who is an attorney licensed to practice before all courts of the State of California and admitted to practice before the Eastern District and the Central District, as co-counsel for one or both defendants once Severaid is admitted to practice in the Northern District.

| Dated: January 22, 2009 | BINGHAM McCUTCHEN LLP<br><br>By: _____/s/ William F. Abrams_____<br>William F. Abrams<br>Attorneys for Plaintiff<br>Brave New Films, 501(c)(4) |
|---|---|
| Dated: January 22, 2009 | _____/s/ Benjamin Aaron Shapiro_____<br>Benjamin Aaron Shapiro<br>Attorney for Defendant<br>The Original Talk Radio Network, Inc. and<br>Defendant Michael Weiner |

**CERTIFICATION BY SHEILA M. PIERCE PURSUANT TO GENERAL ORDER NO. 45, SECTION X. RE E-FILING ON BEHALF OF MULTIPLE SIGNATORIES**

1. I am a lawyer licensed to practice law in the State of California, and am an associate in the law firm of Bingham McCutchen LLP, counsel for Plaintiff Brave New Films 501(c)(4). The statements herein are made on my personal knowledge, and if called as a witness I could and would testify thereto.

2. The above e-filed document contains multiple signatures. I declare that concurrence has been obtained from each of the other signatories to file this jointly prepared document with the Court. Pursuant to General Rule No. 45, I shall maintain records to support this concurrence for subsequent production for the Court if so ordered, or for inspection upon request by a party until one year after final resolution of the action (including appeal, if any).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct on January 22, 2009.

      /s/ Sheila M. Pierce
      Sheila M. Pierce