| | |
|---|---|
| 1 | Anthony T. Falzone (SBN 190845) |
|   | Julie A. Ahrens (SBN 230170) |
| 2 | Christopher K. Ridder (SBN 218691) |
|   | STANFORD LAW SCHOOL CENTER FOR |
| 3 | INTERNET AND SOCIETY |
|   | 559 Nathan Abbott Way |
| 4 | Stanford, California 94305-8610 |
|   | Telephone: (650) 736-9050 |
| 5 | Facsimile: (650) 723-4426 |
|   | E-mail: falzone@stanford.edu |
| 6 | |
|   | William F. Abrams (SBN 88805) |
| 7 | Sheila M. Pierce (SBN 232610) |
|   | BINGHAM MCCUTCHEN LLP |
| 8 | 1900 University Avenue |
|   | East Palo Alto, CA 94303-2223 |
| 9 | Telephone: 650.849.4400 |
|   | Facsimile: 650.849.4800 |
| 10 | E-mail: william.abrams@bingham.com |
| 11 | Attorneys for Plaintiff |
|   | BRAVE NEW FILMS 501(c)(4) |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAVE NEW FILMS 501(C)(4), | No. CV 08-04703 SI |
| Plaintiff, | PLAINTIFF BRAVE NEW FILMS' OPPOSITION TO DEFENDANT MICHAEL WEINER AKA MICHAEL SAVAGE'S MOTION TO DISMISS |
| v. | |
| MICHAEL WEINER aka MICHAEL SAVAGE, and ORIGINAL TALK RADIO NETWORK, INC., | |
| Defendants. | Date:     April 3, 2009 |
| | Time:     9:00 a.m. |
| | Location: Courtroom 10 |
| | Honorable Susan Illston |

## I. INTRODUCTION

This case arises from a short video created and posted on YouTube by Plaintiff Brave New Films 501(c)(4) ("Brave New Films"). The video, entitled "Michael Savage Hates Muslims" ("the Video"), contains excerpts from the September 29, 2007 broadcast of "The Michael Savage Show," in which Defendant Michael Savage ("Savage") denigrated Muslims, describing them as "throwbacks" who should be deported "without due process," and was created by Brave New Films to criticize Savage's views about Muslims. Carter Glahn, a lawyer with the firm of Severaid & Glahn, PC, sent a letter to YouTube's "DMCA Complaints" department demanding the removal of the Video. Glahn stated that his law firm represented the owner of exclusive rights that were infringed by specified material. Savage is the owner of the copyright interests allegedly infringed by the specified material. Glahn also stated that he had been retained by co-defendant in this case, Original Talk Radio Network ("OTRN"), to take legal action regarding the material. In response to the letter, YouTube removed the video from its website. Following the improper removal of the Video, Brave New Films filed this case seeking (1) a declaration from the Court that the Video does not infringe any copyright owned by either Defendant; and (2) damages for Defendants' misrepresentation that the Video infringed their exclusive rights under the Copyright Act.

Savage has now moved to dismiss Brave New Films' claim against him.[1] Savage concedes that Brave New Films expressly alleged that OTRN acted as Savage's agent when it issued the improper takedown letter. His sole argument for dismissal is that Brave New Films has failed to properly plead facts sufficient to support an agency relationship. Savage provides no support for this argument.

Brave New Films has properly pleaded (1) a claim for knowing misrepresentation under 17 U.S.C. § 512(f); and (2) factual allegations sufficient to reasonably infer an agency relationship between Savage and OTRN. *See* Cal. Civ. Code § 2317 (2008). Moreover, the

---

[1] OTRN filed its Answer on the same day Savage filed his Motion To Dismiss, but chose not to file its own Motion To Dismiss or join this one.

issue of agency is a question of fact. *See C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) ("existence of an agency and the extent of an agent's authority is a question of fact"). Questions of fact are not suited for determination on a motion to dismiss. *See Rennie & Laughlin, Inc. v. Chrysler Corp.,* 242 F.2d 208, 212 (9th Cir. 1957). For these reasons and additional reasons detailed below, Savage's motion should be denied.

## II. STATEMENT OF ISSUES TO BE DECIDED

The Court must decide whether Brave New Films has properly stated a claim against Michael Savage for knowing misrepresentation under 17 U.S.C. § 512(f).

## III. STATEMENT OF FACTS

Brave New Films produces and distributes films, blogs, television shows and short videos that challenge apparent corporate and political misbehavior. Complaint For Declaratory Judgment and Damages, Docket No. 1, ("Complaint") at ¶ 2.

Savage is the host of "The Michael Savage Show," a nationally syndicated show. *Id*. at ¶ 4. During the two-hour October 29, 2007 broadcast of "The Michael Savage Show," Savage went on an anti-Muslim tirade, attacking Islam and the Quran and denigrating Muslims as "throwbacks" who should be deported "without due process." *Id*. at ¶ 14. Shortly after this show aired, the Council for American-Islamic Relations ("CAIR") posted a detailed criticism of Savage on its website (www.cair.com) entitled "National Radio Host Goes On Anti-Muslim Tirade," which included more than four minutes of audio excerpts from Savage's October 29, 2007 broadcast. *Id.* at ¶ 15.

In response to CAIR's criticism of him, on December 3, 2007, Savage filed a lawsuit in this Court against CAIR ("the CAIR Litigation," Case No. C 07-06076-SI (N.D. Cal. 2007)), alleging that CAIR infringed his copyright by posting audio excerpts of his October 29, 2007 radio show on the CAIR website. Brave New Films' Request For Judicial Notice ("RJN"), Exh. A at ¶¶ 6, 13. In the CAIR complaint, Savage stated that "he is the owner of copyright interests in his show, 'The Michael Savage Show' also known as 'The Savage Nation,'" making no distinction between the October 29, 2007 broadcast and the rest of "The Michael Savage Show" broadcasts. *Id*., Exh. A at ¶ 1.

On January 18, 2008, Brave New Films created and uploaded to its YouTube channel the Video, which criticized Savage for the anti-Muslim comments made on his October 29, 2007 radio show, and for acting as a bully who attempts to silence his critics through litigation. Complaint at ¶¶ 17, 18. The Video used approximately one minute of audio excerpts from the same broadcast from which CAIR took excerpts and used them in a similar way--to criticize Savage's views. *Id*. at ¶ 18.

On July 25, 2008, this Court dismissed without leave to amend Savage's copyright claim against CAIR. RJN, Exh. B at ¶ 13. The Court granted CAIR's motion for judgment on the pleadings because it found that CAIR's use of the four-minute audio clip taken from Savage's October 29, 2007 broadcast was fair use. *Id*.

On September 29, 2008, the firm of Severaid & Glahn, PC, counsel for OTRN, delivered a letter to YouTube's "DMCA Complaints" department, demanding the removal of the Video and 258 other videos that OTRN asserted were infringing its "exclusive rights" of "publication[], broadcast[], and/or reproduction[]." Complaint at ¶ 23, Exh. C. In the letter, counsel stated under penalty of perjury that his office "represents the owner of an exclusive right infringed by the specified material." *Id*. The "specified material" is a list of videos that by their titles appear to originate from "The Michael Savage Show," to which, as discussed above, Savage owns the copyright interests. *Id.* at Exhs. C, D.

YouTube treated the September 29, 2008 letter as a takedown notice pursuant to Section 512(c)(3) of the Digital Millennium Copyright Act ("DMCA"). 17 U.S.C. § 512(c)(3); Complaint at ¶ 24. On October 2, 2008, YouTube disabled access to the Video and notified Brave New Films that the Video had been removed pursuant to OTRN's complaint letter. *Id*. at ¶ 24, Exh. E. YouTube also disabled access to Brave New Films' entire YouTube channel. *Id.* at ¶ 26.

On October 3, 2008, Brave New Films submitted a DMCA counter-notice to YouTube. *Id*. at ¶ 25. On October 10, 2008, Brave New Films filed this lawsuit. On January 11, 2009, Savage filed a Motion to Dismiss and OTRN filed its Answer.

## IV. ARGUMENT

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). In resolving a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true, as well as any reasonable inferences drawn from them. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

Brave New Films has properly pleaded its claim for knowing misrepresentation under 17 U.S.C. § 512(f) against Michael Savage and has stated a valid claim for relief. Michael Savage disputes the factual basis for these claims, as he is entitled to do, but such disputes are properly resolved on summary judgment or at trial, not on a motion to dismiss. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

### A. Brave New Films Has Properly Pleaded A Claim For Knowing Misrepresentation Under Section 512(f)

Brave New Films alleges every necessary element of a claim for knowing misrepresentation under 17 U.S.C. § 512(f), a fact that Savage must concede because he does not plead otherwise in his Motion to Dismiss. A proper Section 512(f) claim requires a plaintiff to only allege (a) that the defendant knowingly made a misrepresentation that certain online material was infringing its copyright; (b) that the misrepresentation was made in a statement or action governed by Section 512; and (c) that the misrepresentation was material. 17 U.S.C. § 512(f) (2005).

Here, Brave New Films has alleged these exact elements. Specifically, it has alleged that OTRN, with Savage's knowledge and permission, knowingly made a misrepresentation that the Video infringed Savage's copyright. Complaint at ¶¶ 5, 33. Brave New Films also alleged that this misrepresentation was made pursuant to the DMCA, 17 U.S.C. § 512. *Id*. at ¶¶ 23, 24, 32. Finally, Brave New Films alleged that the misrepresentation was

material. *Id*. at ¶ 33. Thus, Brave New Films has alleged all of the required elements of a Section 512(f) claim.

**B.  Brave New Films Has Properly Pleaded An Agency Relationship Between Michael Savage And OTRN**

Savage does not dispute that Brave New Films has alleged an agency relationship between Savage and OTRN concerning the improper takedown. Indeed, Savage concedes that "Plaintiff alleges in Paragraph 5 of the Complaint that 'On information and belief, OTRN has acted as Savage's agent, and OTRN's actions as alleged herein were done with Savage's knowledge and permission.'" Defendant Michael Weiner aka Michael Savage's Motion to Dismiss, Docket No. 24, ("MTD") at 2:5-7. Savage argues, however, that "such allegation has no basis in fact, and there is simply no factual basis whatsoever alleged in the Complaint to support such allegation." *Id*. at 2:7-9. This is incorrect. Brave New Films has pleaded sufficient facts to support the legal theory that an agency relationship existed between Savage and OTRN at the time OTRN authorized its counsel to send the takedown letter to YouTube.

**1.  The Complaint Supports The Inference That OTRN Had Ostensible Authority To Authorize The Takedown Letter To YouTube**

In California, ostensible or apparent authority is defined as authority that "a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess." Cal. Civ. Code § 2317.[2] An agent acting within his apparent or ostensible authority[3] binds the principal. *C.A.R.*, 213 F.3d at 479. A finding of ostensible or apparent authority requires that reliance by a third party was reasonable. *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1073 (9th Cir. 2001). Ostensible authority may be inferred from the

---

[2] California law controls the issue of whether OTRN has acted as Savage's agent in sending the takedown letter to YouTube. *See C.A.R.,* 213 F.3d at 479 (citing *Mallott & Peterson v. Director, Office of Workers' Comp. Programs*, 98 F.3d 1170, 1173 n.2. (9th Cir. 1996) for the proposition that generally, an agent's authority derives from state law, even where the substantive dispute concerns federal law).

[3] As a practical matter, California courts find no distinction between an agent's apparent and ostensible authority. *C.A.R.*, 213 F.3d at 479 n.7.

circumstances of a particular case and may also be proved by circumstantial evidence. *C.A.R.*, 213 F.3d at 479.

Brave New Films has pleaded facts sufficient to support the inference that OTRN acted with ostensible or apparent authority when it authorized the September 29, 2008 takedown letter to YouTube and that a third party reasonably relied on the apparent authority. First, Brave New Films attached to its Complaint a copy of the takedown letter in which OTRN's counsel states under penalty of perjury that it "represents the owner of an exclusive right infringed by the specified material." Complaint at Exh. C. That specified material is the list of 259 videos, which on its face appears to contain material taken from "The Michael Savage Show." *Id.* at Exhs. C, D. Brave New Films' Video was included in the list of "specified material." *Id.* at Exh. D.

Second, Brave New Films pleaded, and Savage does not dispute, that Savage owns the copyright interests to the October 29, 2007 broadcast of "The Michael Savage Show," which is the source of the allegedly infringing material at issue in this case. Complaint at ¶ 28, Exh. A. Moreover, according to Savage, he owns the copyright interest in "The Michael Savage Show" in its entirety. RJN, Exh. A at ¶ 1. The September 29, 2008 takedown letter specifically states that the author represents "the owner of an exclusive right infringed by the specified material." Complaint at Exh. C.

Additionally, the takedown letter asserts that the posting of the identified videos violated "OTRN's exclusive rights with respect to the OTRN content." *Id*. Under the DMCA, only "a person authorized to act on behalf of the owner of an exclusive right that is allegedly infringed" has the right to demand a website take the allegedly infringing material down. 17 U.S.C. § 512(c)(3)(A)(i).

Finally, as alleged in the Complaint, upon receiving the takedown letter from OTRN, YouTube relied on OTRN's representation that it had the right to demand the takedown of material that allegedly violated exclusive copyright interests in "The Michael Savage Show" and took the Video down. Complaint at ¶ 24.

These facts as alleged by Brave New Films in its Complaint sustain a finding that

OTRN acted with at least ostensible authority when it issued a letter demanding that YouTube remove the Video from its website.

### 2. The Complaint Supports The Inference That OTRN May Have Had Actual Authority When It Issued The Takedown Letter To YouTube

In California, actual authority is defined as authority "as a principal intentionally confers upon the agent, or intentionally, or by want of ordinary care, allows the agent to believe himself to possess." Cal. Civ. Code § 2316. As with apparent authority, actual authority may be implied from the circumstances of a particular case and proved by circumstantial evidence. *C.A.R.*, 213 F.3d at 479-80.

Whether or not OTRN believed it had actual authority to act on Savage's behalf in authorizing the takedown notice is a question of fact. The parties may conduct discovery on this. However, the same factual allegations included in Brave New Films' Complaint that support a finding of ostensible authority also support a finding of actual authority. As previously discussed, Brave New Films pleaded that (1) Michael Savage is the owner of, at the minimum, copyrighted material from the October 29, 2007 broadcast of his show; and (2) OTRN authorized counsel to send a letter demanding YouTube remove videos containing material to which Savage purportedly owns the copyright interests. One reasonable inference from the factual allegation as pleaded in the Complaint is that Savage expressly authorized OTRN's conduct.

### 3. Agency Is An Issue Of Fact, Thereby Requiring A Denial Of Savage's Motion To Dismiss

While the circumstances surrounding the takedown letter support a finding that an agency relationship existed between Savage and OTRN, the issue of agency is a question of fact. *See C.A.R.*, 213 F.3d at 480 ("existence of an agency and the extent of an agent's authority is a question of fact"). Questions of fact are not suited for determination on a motion to dismiss. *See Rennie & Laughlin, Inc.,* 242 F.2d at 212. Here, questions of fact exist as to the communications, agreements and past dealings between Savage and OTRN.[4] Moreover, Savage

---

[4] Discovery is ongoing, and Brave New Films has requested information that may provide

(Footnote Continued on Next Page.)

argues that OTRN's assertion that it did not, by the letter "disclaim, release or speak for the separate rights of Michael Savage" releases Savage from liability in this matter. MTD at 2:22-3:2. On the contrary, it merely adds an additional question of fact regarding the existence of an agency relationship, which is not appropriate for determination on a motion to dismiss.

Hence, Savage's disagreement with Brave New Films' allegation that OTRN acted as his agent is irrelevant and improper. If Savage wishes to try and raise a factual dispute about agency, he must do so on summary judgment or at trial. *Celotex*, 477 U.S. at 327.

## V. CONCLUSION

Based on the foregoing, Defendant's motion should be denied. In the alternative, if Defendant's motion is granted, Brave New Films should be given leave to amend pursuant to Rule 15 of the Federal Rules of Civil Procedure. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (finding a court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts).

DATED: March 2, 2009

Bingham McCutchen LLP

By: /s/ William F. Abrams
William F. Abrams
Attorneys for Plaintiff
BRAVE NEW FILMS

---

(Footnote Continued from Previous Page.)

evidence relating to the existence of an agency relationship between Savage and OTRN, both in this matter and in past matters.