Benjamin Aaron Shapiro (SBN 254456)
12330 Magnolia Blvd., #114
Valley Village, CA 91607
Telephone: (818)620-0137

Attorney for Defendant
MICHAEL WEINER aka MICHAEL SAVAGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAVE NEW FILMS 501(c)(4),<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL WEINER aka MICHAEL SAVAGE and ORIGINAL TALK RADIO NETWORK, INC.,<br><br>    Defendants | Case No.: CV 08-4703 SI<br><br>**REPLY OF DEFENDANT MICHAEL WEINER AKA MICHAEL SAVAGE TO PLAINTIFF BRAVE NEW FILMS 501(C)(4)'S OPPOSITION TO DEFENDANT SAVAGE'S MOTION TO DISMISS**<br><br>Date: April 3, 2009<br>Time: 9:00 a.m.<br>Dept: Courtroom 10 |

## I. INTRODUCTION

DEFENDANT MICHAEL WEINER AKA MICHAEL SAVAGE **("Savage")** submits the following reply to the opposition by plaintiff BRAVE NEW FILMS 501(c)(4) ("**Plaintiff**") to Savage's Motion to Dismiss now pending in the above-captioned action (this "**Action**").

Savage's Motion to Dismiss submits that Plaintiff failed to allege facts sufficient to sustain a claim under Federal Rule of Civil Procedure 12(b)(6). In particular, Savage's Motion to Dismiss submitted that there is simply no factual basis whatsoever alleged in Plaintiff's complaint in this Action (the "**Complaint**") to support the speculative supposition that defendant THE ORIGINAL TALK RADIO NETWORK, INC. ("**OTRN**") acted as Savage's agent or acted with Savage's knowledge in sending the September 29, 2008 letter at issue in this Action (the "**9/29/08 Letter**"). Plaintiff's Opposition (the "**Opposition**") continues to demonstrate a

1
DEFENDANT SAVAGE'S REPLY
TO PLAINTIFF BRAVE NEW FILMS 501(C)(4)'S OPPOSITION
TO DEFENDANT SAVAGE'S MOTION TO DISMISS
Case No. CV 08-4703 SI

Dockets.Justia.com

complete lack of basis for such speculative supposition, and sets forth no basis to support its request for denial of Savage's Motion to Dismiss.

## II. THE LEGAL STANDARD FOR GRANTING A MOTION TO DISMISS

A court should grant a motion to dismiss under Rule 12(b)(6) when a plaintiff's complaint does not provide grounds establishing that it is entitled to relief. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). Allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. See Lee v. City of Los Angeles, 250 F.3d 668, 679 (9th Cir. 2001). Nonetheless, unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. See In Re VeriFone Sec. Litig., 11 F.3d 865, 868 (9th Cir. 1993). Similarly, "[f]actual allegations must be enough to raise a right to relief above the speculative level." See Bell Atlantic Corp., 127 S.Ct. at 1965.

## III. ARGUMENT

### A. Plaintiff Has Not Properly Pled Factual Allegations Sufficient to Reasonably Infer a Violation of Section 512(f).

Plaintiff states that it properly alleged in the Complaint that Savage has violated Section 512(f). In the Opposition, Plaintiff states that it alleges that "this misrepresentation was made pursuant to the DMCA, 17 U.S.C. §512." (Opposition, at 5)

Plaintiff provides no facts to support this contention. The Complaint alleges only that "OTRN's September 29, 2008 letter purported to be a notification sent pursuant to the DMCA, and was treated by YouTube as a takedown notice." (The Complaint, ¶32). The treatment of the 9/28/09 Letter by YouTube is irrelevant. The only question is whether the 9/28/09 Letter actually constituted a takedown notice under §512 ("**DMCA Notice**"). Most importantly, the 9/28/09 Letter does not claim to be sent under the DMCA. Moreover, according to §512(c)(3), there are specific elements to a proper "notification of claimed infringement" governed by the

DMCA, including a statement that the complaining party has a good faith belief that use of the material is not authorized by the copyright owner, its agent, or the law.

The 9/28/09 Letter was attached as an Exhibit C to the Complaint and, as such, it is evident from the face of the Complaint that the Letter did not purport to comply with all elements necessary to constitute a particular DMCA Notice, and that, in particular, the 9/28/09 Letter included no statement of good faith belief that the use of the material was not authorized by the copyright owner, its agent, or the law. As such, the 9/28/09 Letter was not a DMCA Notice, and falls entirely outside the purview of the DMCA. Plaintiff has pled no facts to the contrary.

Because the 9/28/09 Letter falls outside the purview of the DMCA, Plaintiff has failed to plead a cause of action in this case.

### B. The 9/28/09 Letter is Privileged Under California Law.

Any claim by Plaintiff against Savage for a letter sent within California to a California resident by a California attorney is barred by California law under Cal. Civ. Code §47(b)(4), which establishes a privilege that bars liability in tort for the making of statements "in the initiation or course of any other proceeding authorized by law and reviewable pursuant to [statutes governing writs of mandate]," with certain inapplicable statutory exceptions. This privilege is "absolute" and bars all tort causes of action except malicious prosecution claims. Kimmel v. Goland (1990) 51 Cal.3d 202, 209. It extends to communications between private persons "preliminary to the institution of an official proceeding, such as a demand letter from an attorney to a potential adversary." Dove Audio, Inc. v. Rosenfeld, Meyer & Susman (1996) 47 Cal.App.4th 777, 781-783. As the Court stated in *Lerette v. Dena Witter Organization, Inc.* (1976) 60 Cal.App.3d 573, 577,

> The purpose of section 47 is to afford litigants the utmost freedom of access to the courts in order to secure and defend their rights, and, to that end, to protect attorneys during the course of their representation of their client . . . . It is equally well established legal practice to communicate promptly with a potential adversary, setting out the claims made upon him, urging settlement, and warning of the alternative of judicial action.

In this case, the communications between OTRN and YouTube clearly fall within the purview of §47. OTRN purposefully omitted a required element of a DMCA takedown notice in order that the 9/28/09 Letter would constitute a preliminary demand rather than an election to send a DMCA Notice at that stage in the initial proceeding, and Plaintiff has not pled facts proper to support any allegation to the contrary. The 9/28/09 Letter therefore falls under the jurisdiction of California law, making it subject to the absolute privilege of §47.

### C. **Plaintiff Has Not Properly Pled Factual Allegations Sufficient to Reasonably Infer An Agency Relationship Between Savage and OTRN.**

Even were the 9/29/08 Letter considered a takedown notice for purposes of the DMCA, Plaintiff has failed to state facts sufficient to reasonably infer an agency relationship between Savage and OTRN.

Plaintiff cites Cal. Civ. Code §2317 in support of its contention that it has properly pleaded factual allegations sufficient to reasonably infer an agency relationship between Savage and OTRN. Plaintiff, however, has done no such thing. Under Cal. Civ. Code §2317, "Ostensible authority is such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess." There is no showing of any action by Savage that gave rise to any perception by anyone, reasonable or otherwise, that OTRN had any authority to speak for Savage with respect to the 9/29/08 Letter.

Ostensible authority only exists when reliance by a third party was reasonable. Myers v. Bennett Law Offices, 238 F.3d 1068, 1073 (9th Cir. 2001).

While existence of agency authority is a question of fact, whether or not the Complaint pleads sufficient facts to cognize a legal theory that such agency exists is a question of law. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Plaintiff quotes C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc., 213 F.3d 474, 480 (9th Cir. 2000) to support its contention that existence of agency is a question of fact, but neglects to cite the crucial phrase: "*unless only one conclusion may be drawn*, existence of an agency and the extent

of an agent's authority is a question of fact." In this case, only one conclusion may be drawn: OTRN did not act as agent, either ostensibly or actually, for Savage.

The Complaint alleges only that "on information and belief, OTRN has acted as Savage's agent, and OTRN's actions as alleged herein were done with Savage's knowledge and permission." (The Complaint, ¶5). In support of this vague statement, the Opposition makes the gossamer claim that the 9/29/08 Letter included a claim that the sender of the letter, "represents the owner of an exclusive right infringed by the specified material." However, the 9/29/08 Letter did not single out the video at issue (the "**Video**"). It simply included the Video in a list of 259 videos containing clips from "The Michael Savage Show" posted at YouTube. Regardless of the underlying factual issues relating to the reason that the Video was inadvertently and erroneously included in the list of 259 videos, Plaintiff simply cannot cite this statement as purported evidence that OTRN somehow acted as agent on behalf of Savage with regard to "*OTRN's exclusive rights in the video.*"

It is clear from the 9/29/08 Letter, and thus from the face of the Complaint, that OTRN was not acting as agent on behalf of Savage with regard to Savage's copyright in the Video. Indeed, Plaintiff conveniently and utterly misreads or ignores all of the relevant sections of the 9/29/08 Letter that make absolutely clear that OTRN did not have an agency relationship with Savage: "This office has been retained by *The Original Talk Radio Network*" [emphasis added]; "OTRN is hereby serving formal notice on you that such actions are in violation of *OTRN's exclusive rights* with respect to the OTRN Content" [emphasis added]; and most obviously, "Please also be advised that *OTRN does not, by this letter, disclaim, release or speak for the separate rights of Michael Savage . . . .*" [emphasis added]. These sentences demonstrate that OTRN clearly did not speak on behalf of Savage.

Whatever other issues may exist in this Action as to OTRN mistakenly referencing the Video in the list of 259 videos attached to the 9/29/08 Letter, there is simply no basis to find that OTRN sent the 9/29/08 Letter as agent for Savage when the 9/29/08 Letter clearly and expressly stated that it did not "speak for the separate rights of Michael Savage." As such, there can be no

reasonable reliance by Plaintiff on its claim that it had a reasonable belief that OTRN sent the 9/29/08 Letter on behalf of Savage, or that it had ostensible authority to do so, and, as a matter of law, there is only one conclusion that can be drawn on this point.

Only one conclusion may be drawn from Plaintiff's claims in the Opposition and the Complaint: OTRN sent the 9/28/09 Letter on its own behalf, OTRN did not in any way represent Savage, the 9/28/09 Letter did not give rise to any inference to the contrary, and Savage has not been alleged to have taken any action which would lead any reasonable person to conclude anything to the contrary. Under the *C.A.R.* standard, then, Plaintiff's failure to allege a cognizable legal theory is a question of law, not of fact.

### III. CONCLUSION

Because Plaintiff has failed to state a cause of action against Savage upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), Savage's Motion to Dismiss should be granted.

DATED: March 20, 2009

/s/ Benjamin Shapiro

Benjamin Shapiro
12330 Magnolia Blvd., #114
Valley Village, CA 91607
(818)620-0137
Bshapiro708@gmail.com

Attorney for Defendant MICHAEL WEINER aka MICHAEL SAVAGE

**PROOF OF SERVICE BY E-MAIL**

I am employed in the County of Los Angeles, California. I am over the age of eighteen years and not a party to the within case. My business address is 12330 Magnolia Boulevard Suite 114, Los Angeles, CA, 91607. On March 20, 2009, I served the attached **REPLY OF DEFENDANT MICHAEL WEINER AKA MICHAEL SAVAGE TO PLAINTIFF BRAVE NEW FILMS 501(C)(4)'S OPPOSITION TO DEFENDANT SAVAGE'S MOTION TO DISMISS** on the interested parties in the above captioned action by E-mail as follows:

        Tony Falzone
        falzone@stanford.edu

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on March 20, 2009 at Los Angeles, California.

          /s/ Benjamin Shapiro

        Benjamin Shapiro
        Benjamin Shapiro Legal Consulting
        12330 Magnolia Blvd., #114
        Valley Village, CA 91607
        (818)620-0137
        Bshapiro708@gmail.com

        Attorney for Defendant MICHAEL WEINER aka MICHAEL SAVAGE