1  Anthony T. Falzone (SBN 190845)
2  Julie A. Ahrens (SBN 230170)
   STANFORD LAW SCHOOL CENTER FOR
3  INTERNET AND SOCIETY
   559 Nathan Abbott Way
4  Stanford, California 94305-8610
   Telephone: (650) 736-9050
5  Facsimile: (650) 723-4426
   E-mail: falzone@stanford.edu
6

7  William F. Abrams (SBN 88805)
   Sheila M. Pierce (SBN 232610)
8  BINGHAM McCUTCHEN LLP
   1900 University Avenue
9  East Palo Alto, CA 94303-2223
   Telephone: 650.849.4400
10 Facsimile: 650.849.4800
11 Email: william.abrams@bingham.com

12 Attorneys for Plaintiff
   Brave New Films 501(c)(4)
13

14 Benjamin Aaron Shapiro (SBN 254456)
   12330 Magnolia Blvd., #114
15 Valley Village, CA 91607
   Telephone: 818.620.0137
16 Email: bshapiro708@gmail.com

17 Attorney for Defendants
   Michael Weiner aka Michael Savage, and
18 Original Talk Radio Network, Inc.

19                    UNITED STATES DISTRICT COURT

20                    NORTHERN DISTRICT OF CALIFORNIA

21                         SAN FRANCISCO DIVISION

22 | |
BRAVE NEW FILMS 501(C)(4), | No. CV 08-04703 SI
23 | 
 Plaintiff, | **SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT**
24 v. |
25 MICHAEL WEINER aka MICHAEL SAVAGE, | Civil L.R. 16-10(d)
   and ORIGINAL TALK RADIO NETWORK, | Date: April 17, 2009
26 INC., | Time: 3:00 p.m.
   | Place: Courtroom 10, 19th Floor
27  Defendants. | Judge: Honorable Susan Illston
28

No. 08-CV-04703
SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT

Pursuant to Civil Local Rule 16-10(d), Plaintiff Brave New Films 501(c)(4) ("Brave New Films"), and Defendants The Original Talk Radio Network, Inc. ("OTRN") and Michael Weiner aka Michael Savage ("Savage") (collectively "the Parties") jointly submit the following Supplemental Case Management Statement in advance of the April 17, 2009 Case Management Conference.

**DESCRIPTION OF SUBSEQUENT DEVELOPMENTS**

The Parties filed a Joint Case Management Statement in this matter on January 22, 2009, and the Court held an initial Case Management Conference on January 23, 2009. Subsequently the Court ordered a further Case Management Conference on April 3, 2009 and requested that the Parties file a supplemental statement one week prior to the Conference. On March 27, 2009, the Court continued the hearing on Michael Weiner aka Michael Savage's Motion to Dismiss to April 10, 2009. Neither party was available for hearing on April 10, and subsequently stipulated to a hearing date of April 17, 2009. Upon advice from the Court's clerk, the parties also stipulated to continue the date of the Conference to April 17, 2009.

**1. Since the last case management statement was filed by the Parties, the following progress or changes have occurred:**

**A. Pending Motions**

**(i)** On January 11, 2009, Defendant Savage filed a Motion to Dismiss. A hearing was originally set for March 13, 2009. Per the Parties' subsequent stipulation and the Court's order, the hearing was continued to April 3, 2009. On March 27, 2009, the Court continued the hearing on Michael Weiner aka Michael Savage's Motion to Dismiss to April 10, 2009. Neither party was available for hearing on April 10, and subsequently stipulated to a hearing date of April 17, 2009. Upon advice from the Court's clerk, the parties also stipulated to continue the date of the Conference to April 17, 2009.

**(ii)** On February 27, 2009, Brave New Films filed a Motion for Partial Summary Judgment seeking the Court's order granting its request for Declaratory Judgment. On the same date, Defendant OTRN filed a Motion for Summary Judgment seeking summary judgment on all claims. The hearings on both motions had been calendared for April 3,

1 | 2009.  Because the Parties agreed that, for efficiency, certain desired discovery should take place
2 | before the summary judgment hearings, the Parties filed a Stipulation to Continue Hearing on
3 | March 12, 2009.
4 |      **(iii)** The Parties have stipulated to have their respective
5 | summary judgment motions heard on May 22, 2009.
6 |     **B.** **Anticipated Motions**
7 |     To date, Brave New Films has only moved for partial summary judgment
8 | on its declaratory relief claim.  Brave New Films may file a dispositive motion on its 17 U.S.C. §
9 | 512(f) misrepresentation claim once adequate discovery has occurred.
10 |     **C.** **Discovery**
11 |     On January 28, 2009, Brave New Films served its Initial Disclosures per
12 | the stipulation between the Parties.  On February 5, 2009, Defendants filed their Initial
13 | Disclosures.
14 |      **(i)** **Plaintiff's View on Discovery**
15 |     On February 10, 2009, Brave New Films served its first set of Requests
16 | for Admissions, Requests for Production of Documents, and Interrogatories on both Defendants.
17 | On February 19, 2009, Brave New Films agreed to extend the due date for Michael Savage's
18 | responses to seven (7) days after this Court rules on Michael Savage's Motion to Dismiss.
19 |     On March 11, 2009, the night before OTRN's responses to discovery were
20 | due, OTRN's counsel called counsel for Brave New Films and requested a meet and confer
21 | regarding the discovery requests.  OTRN's counsel asserted that the Joint Case Management
22 | Conference Statement ("JCMCS") the Parties had filed required a meet and confer prior to any
23 | discovery occurring.  Brave New Films did not agree with OTRN's characterization of the
24 | JCMCS and advised OTRN's counsel (1) that OTRN could have requested a meet and confer at
25 | any time during the thirty days preceding the due date; and (2) that Brave New Films believed
26 | discovery was necessary in order to respond to OTRN's summary judgment motion and to
27 | support further dispositive motions Brave New Films might file.  Nonetheless, Brave New Films
28 | agreed to a meet and confer to discuss OTRN's concerns.

| 1 | On March 17, 2009, the Parties met and conferred to discuss the discovery
| 2 | served on OTRN and agreed that OTRN would (1) respond to Brave New Films' Requests for
| 3 | Admissions and Interrogatories by March 31, 2009, and (2) respond to the Request for
| 4 | Production of Documents by April 10, 2009.  Brave New Films also advised OTRN that it
| 5 | intends to take one or more depositions fairly soon.  No dates have been discussed.
| 6 | OTRN raised the issue that certain responsive documents might contain
| 7 | highly confidential information.  The Parties agreed to enter into a stipulated protective order to
| 8 | protect confidential information which is to be produced.  OTRN suggested that confidential
| 9 | documents should be produced to a third-party magistrate judge.  Brave New Films does not
| 10 | agree that this is necessary.  OTRN also raised the issue that certain documents involving
| 11 | witnesses whom OTRN identified in its Initial Disclosures may be protected by the
| 12 | attorney-client privilege.  Brave New Films contends that any information one of the attorneys
| 13 | may have that is related to a defense or claim raised in the case is not protected by the
| 14 | attorney-client privilege.
| 15 | OTRN provided responses and objections to Brave New Films' Requests
| 16 | for Admissions by 6:00 p.m. on March 31, 2009.  It provided "Preliminary Responses and
| 17 | Objections" to Brave New Films' Interrogatories within the agreed upon time for the purpose of
| 18 | "preserving objections" and provided a supplemental response shortly after midnight.

### (ii) Defendants' View on Discovery

| 20 | To date, neither OTRN nor Savage has served discovery.  Counsel for
| 21 | OTRN and Savage have indicated their belief that discovery should follow the dispositive
| 22 | motions in order that the proper scope of triable issues of fact (should any remain) be determined
| 23 | in order to minimize disputes as to the proper scope of discovery and avoid unnecessary and/or
| 24 | premature discovery costs.  Counsel for Brave New Films has indicated that Brave New Films
| 25 | disagrees with this position.
| 26 | On February 10, 2009, Brave New Films served its first set of Requests
| 27 | for Admissions, Requests for Production of Documents, and Interrogatories on both Defendants.
| 28 |

SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT

| | |
|---|---|
| 1 | On February 19, 2009, Brave New Films agreed to extend the due date for Savage's responses to |
| 2 | seven (7) days after this Court rules on Savage's Motion to Dismiss. |
| 3 | OTRN believed these discovery requests to be premature based on the |
| 4 | prior discussions between the Parties, but nevertheless proceeded to draft responses, including |
| 5 | appropriate objections.  In the course of finalizing responses to this discovery, the JCMCS was |
| 6 | reviewed, and it was discovered that the JCMCS substantiated the belief of OTRN concerning |
| 7 | the premature nature of the discovery propounded by Brave New Films, at least as to the |
| 8 | document production, in specifying that the Parties agreed to "discuss the specifics relating to the |
| 9 | production of documents" before requesting such production.  Upon noticing this confirmation |
| 10 | that, at a minimum, service of the demands for production by Plaintiff was, in fact, clearly |
| 11 | contrary to the prior discussions of counsel, and clearly premature, counsel for OTRN contacted |
| 12 | counsel for Plaintiff to note this fact.  Counsel for Brave New Films then agreed that the meet |
| 13 | and confer that should have been requested by counsel for Plaintiff prior to serving discovery, as |
| 14 | previously agreed, now take place after the fact.  However, Brave New Films has chosen to treat |
| 15 | this meet and confer as a belated request by OTRN to meet and confer concerning specific |
| 16 | concerns of particular discovery questions, rather than as the meet and confer as to the proper |
| 17 | scope of the discovery that was to have taken place prior to either side serving such discovery. |
| 18 | On March 17, 2009, the Parties met and conferred to discuss discovery. |
| 19 | Although the parties did not agree on several discovery points, the parties did agree that OTRN |
| 20 | would (1) respond to Brave New Films' Requests For Admissions and Interrogatories by March |
| 21 | 31, 2009, and (2) respond to the Request for Production of Documents by April 10, 2009. |
| 22 | OTRN has served its responses to the Interrogatories and the Requests for |
| 23 | Admissions. |
| 24 | OTRN believes that certain documents requested by Plaintiff contain |
| 25 | highly confidential information, as well as substantial information that is irrelevant to the claims |
| 26 | asserted here. |
| 27 | OTRN further believes that Plaintiff has clearly documented animosities |
| 28 | towards Savage, if not both Defendants, and is seeking to utilize an oversight by OTRN (as to 1 |

| | |
|---|---|
| 1 | of a total of 259 videos which were the subject of OTRN's letter to YouTube which forms the |
| 2 | basis of this Action) to support a fishing expedition into the totality of the contractual |
| 3 | relationships between OTRN and Savage, and to punish Savage for the CAIR litigation, despite |
| 4 | the total lack of any evidentiary support for the speculation utilized by Plaintiff to support its |
| 5 | contentions as to a purported need for broader discovery. |
| 6 |        The Parties agreed to enter into a stipulated protective order to protect |
| 7 | confidential information which is to be produced. Notwithstanding that stipulated protective |
| 8 | order, OTRN believes (and clearly noted to Brave New Films during the discussions concerning, |
| 9 | and at the time of stipulating to, the protective order) that further protection needs to be available |
| 10 | on a case-by-case basis for certain documents, up to and including redaction of irrelevant |
| 11 | information or producing documents to a third-party magistrate judge, in view of the personal |
| 12 | animus shown by Plaintiff towards Savage, in its complaint in this Action and by its apparent |
| 13 | inexplicable desire to utilize this Action as a basis to punish Savage for the prior CAIR litigation. |
| 14 | Brave New Films does not agree that such additional protection is warranted. |
| 15 |        OTRN also raised the issue that certain documents involving witnesses |
| 16 | whom OTRN identified in its Initial Disclosures may be protected by the attorney-client |
| 17 | privilege. Brave New Films disagrees, and appears to contend that this fundamental principal |
| 18 | should not be applicable to Defendants. |
| 19 |        **D.    Trial** |
| 20 |        Because the Court's ruling on the pending motions may affect the |
| 21 | disposition of the case, the Parties propose postponing the setting of binding dates for trial and |
| 22 | related pretrial dates until the next Case Management Conference. |
| 23 | / / / |
| 24 | / / / |
| 25 | / / / |
| 26 | / / / |
| 27 | / / / |
| 28 | / / / |

**2. The Parties jointly request the Court to make the following Supplemental Case Management Order:**

The Parties request a further Case Management Conference be held after the hearing date for summary judgment motions.

Dated: April 7, 2009          BINGHAM McCUTCHEN LLP

By: /s/ William F. Abrams
William F. Abrams
Attorneys for Plaintiff
Brave New Films, 501(c)(4)

Dated: April 7, 2009          /s/ Benjamin Aaron Shapiro
Benjamin Aaron Shapiro
Attorney for Defendant
The Original Talk Radio Network, Inc. and
Defendant Michael Weiner

**CERTIFICATION BY SHEILA M. PIERCE PURSUANT TO GENERAL ORDER NO. 45, SECTION X. RE E-FILING ON BEHALF OF MULTIPLE SIGNATORIES**

1. I am a lawyer licensed to practice law in the State of California, and am an associate in the law firm of Bingham McCutchen LLP, counsel for Plaintiff Brave New Films 501(c)(4). The statements herein are made on my personal knowledge, and if called as a witness I could and would testify thereto.

2. The above e-filed document contains multiple signatures. I declare that concurrence has been obtained from each of the other signatories to file this jointly prepared document with the Court. Pursuant to General Rule No. 45, I shall maintain records to support this concurrence for subsequent production for the Court if so ordered, or for inspection upon request by a party until one year after final resolution of the action (including appeal, if any).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct on April 7, 2009.

                                            /s/ Sheila M. Pierce
                                              Sheila M. Pierce