Benjamin Aaron Shapiro (SBN 254456)
12330 Magnolia Blvd., #114
Valley Village, CA 91607
Telephone: (818) 620-0137
E-mail: bshapiro708@gmail.com

Ronald H. Severaid (SBN 78923)
Carter Glahn (SBN 242378)
SEVERAID & GLAHN, PC
1787 Tribute Road, Suite D
Sacramento, CA 95815
Telephone: (916) 929-8383
Facsimile: (916) 925-4763
E-mail: rhseveraid@sbcglobal.net
       cglahn@sbcglobal.net

Attorneys for Defendant
THE ORIGINAL TALK RADIO NETWORK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAVE NEW FILMS 501(c)(4),<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL WEINER aka MICHAEL SAVAGE and ORIGINAL TALK RADIO NETWORK, INC.,<br><br>    Defendants | Case No.: CV 08-4703 SI<br><br>**DEFENDANT THE ORIGINAL TALK RADIO NETWORK, INC.'S NOTICE OF MOTION AND MOTION FOR SUPPLEMENTAL PROTECTIVE ORDER AND POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:     May 22, 2009<br>Time:    9:00 a.m.<br>Location: Courtroom 10<br><br>[filed concurrently with proposed order]<br><br>Honorable Susan Illston |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

    **PLEASE TAKE NOTICE** that, on May 22, 2009, at 9:00 a.m., in Courtroom 10 of the above-captioned court, located at 450 Golden Gate Avenue, San Francisco, California 94102, defendant THE ORIGINAL TALK RADIO NETWORK, INC., sued herein as ORIGINAL

TALK RADIO NETWORK, INC. ("**OTRN**" or "**Defendant**") will, and hereby does, move in the above-captioned action (this "**Action**"), for an Order granting Defendant's motion for a supplemental protective order in this Action restricting discovery, and excusing the defendants in this Action from production of documents, with respect to any agreements, correspondence, other communications, other information and/or other documents of any kind relating to any aspect of the relationship between OTRN and MICHAEL WEINER, aka MICHAEL SAVAGE ("**Savage**"), except: (i) following the determination of any dispositive motions which may narrow or eliminate the number of relevant issues remaining for determination in subsequent proceedings in this Action; (ii) solely to the extent identified by expressly specified relevant and material content categories determined to be properly subject to disclosure in this Action; (iii) with those documents, if any, so identified as appropriately subject to disclosure in this Action to be submitted, in the first instance, both in unredacted and proposed redacted form, to a third party magistrate judge for determination of whether they contain relevant and material information of a nature which could be construed by a trier of fact as contradicting any material factual assertions by or on behalf of any defendant in this Action, and/or which otherwise contain material and relevant information which is not simply consistent with and/or cumulative of evidence already submitted by or on behalf of any defendant in this Action, and which is identified by such magistrate to be material and relevant evidence supportive of the then remaining claims of the plaintiff in this Action (collectively, as to any such information, "**Significant Information**"); and (iv) with any documents determined by such magistrate to contain Significant Information to be delivered, in a form redacting all information other than Significant Information, to counsel for plaintiff BRAVE NEW FILMS 501 (c) (4), with each page marked "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in accordance with, and for confidential treatment pursuant to, the provisions of the existing protective order filed on April 1, 2009 in this Action applicable to such HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY documents.

This Motion is made pursuant to Federal Rule of Civil Procedure 26(c)(1) and Civil L.R. 7-2 on the basis of this Notice of Motion and Motion, the accompanying Memorandum of Points

and Authorities, the accompanying Declaration of Ronald H. Severaid and [Proposed] Order filed and served herewith, as well as on all of the available files and records of this Action, and on any additional material that may be elicited at the hearing of this Motion.

Dated: April 10, 2009

          SEVERAID & GLAHN, PC

          By __/s/Ronald H. Severaid___
           Ronald H. Severaid
           Attorney for Defendant THE ORIGINAL
           TALK RADIO NETWORK, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant THE ORIGINAL TALK RADIO NETWORK, INC., sued herein as ORIGINAL TALK RADIO, INC. ("**OTRN**" or "**Defendant**"), submits, in the above-captioned action (this "**Action**"), brought by plaintiff BRAVE NEW FILMS 501(c)(4) ("**Plaintiff**"), the following points and authorities in support of OTRN's accompanying motion (the "**Motion**"), for a supplemental protective order restricting discovery of any documents relating to any aspect of the relationship between OTRN and defendant MICHAEL WEINER aka MICHAEL SAVAGE ("**Savage Documents**"), including without limitation any agreements, addenda and/or other documents setting forth any terms of the contractual relationships by and between such parties (collectively, the "**Host Agreement**"), as requested in the attached Notice of Motion and Motion, and as specified in the proposed Order lodged and served herewith.

### I. BASIS FOR THE MOTION

The Motion is made pursuant to Federal Rule of Civil Procedure 26(c)(1) ("**Rule 26 (c)(1)**") and Civil L.R. 7-2. on multiple grounds which will be further addressed below, including: (i) the fact that production demands requesting all documents relating to the "relationship" between OTRN and Savage, which is clearly far broader that the narrow points at issue in this

3
OTRN'S NOTICE OF MOTION
AND MOTION FOR SUPPLEMENTAL PROTECTIVE ORDER
Case No. CV 08-4703 SI

Action, essentially request many thousands of documents relating to all communications, direct and/or indirect, and whether by and between OTRN and Savage, or simply relating to Savage, from day to day communications between Savage and producers and/or technical personnel relating to all aspects of the production and broadcast of OTRN's "The Michael Savage Show" (the "**Show**") over a period of many years, to documents relating to contract negotiations concerning compensation of Savage and multiple other business issues with respect to the Show which are clearly highly private, personal and confidential to Savage, and contain highly sensitive confidential and proprietary business and trade secret information of OTRN; (ii) at most, only possibly an infinitesimal fraction of a single percent of all such documents could have any conceivable relevance to this Action at all; (iii) there are absolutely no such documents which contain any information which contradicts any material point submitted by or on behalf of any defendant in this Action in any declaration under penalty of perjury or pleading filed in this Action; (iv) there is absolutely no basis for Plaintiff to believe that any such documents contain any information to support any contention by Plaintiff in this Action beyond sheer speculation and hope, and/or more argument, that something might turn up if Plaintiff is permitted to engage in a blanket fishing expedition through such documents; (v) proprietary information with respect to compensation and private information with respect to a nationally-known and controversial talk show host, which violate the privacy rights of such host and the right and necessity of OTRN to maintain the confidentiality of the contractual terms of its relationship with Savage as confidential and proprietary information, is entitled to the highest possible protective order even without addressing the lack of any factual basis to support a claimed belief that there any such documents containing some illusory "smoking gun" showing that all of the actual evidence is simply false and Plaintiff is somehow on the cusp of some enormous conspiracy between OTRN and Savage; (vi) Plaintiff has shown a specific animus and hostility to Savage in this Action, and a desire to punish Savage for the so-called "CAIR Litigation" (as to which Plaintiff is simply an officious intermeddler), as is clearly demonstrated by Plaintiff's extraneous allegations in the complaint in this Action (the "**Complaint**"), such that Plaintiff's access to such information, in any form, could be severely damaging to both OTRN and Savage, and, in and of itself, warrants

the highest possible protective order protection; and (vii) the essential facts relevant to this Action (in contrast to various tangents Plaintiff seeks to delve into, including the separate "CAIR Litigation", to which neither Plaintiff nor OTRN were parties nor have any standing to relitigate that action) are not in dispute and may be fully resolved, or at least severely narrowed, by the Court's rulings on various dispositive motions, thus potentially rendering counterproductive investment of substantial resources, time and effort, whether by the parties or the Court, into delving into theoretical disputes as to what conceivably might be relevant with respect to any remaining issues, if any, in this Action after the Court's ruling on dispositive motions.

## II.     EFFORTS TO MEET AND CONFER

Pursuant to Rule 26(c)(1), on March 17, 2009, counsel for OTRN and Savage conferred with counsel for Plaintiff about the appropriate scope of discovery and possible agreements to submit the Host Agreement to a third-party magistrate judge and redact confidential and irrelevant information, and other Savage Documents, as well as the concept of a supplemental protective order on such points, but the parties clearly disagreed on these points.

## III.    STATEMENT OF FACTS

On January 9, 2009 (although the docket apparently reflects January 11, 2009 for the computerized filing), Savage filed a motion to dismiss in this Action as to Savage (the "**Motion to Dismiss**"), which was initially scheduled for hearing on March 13, 2009, a date requested by Plaintiff, and subsequently continued to April 3, 2009 for the convenience of Plaintiff, and then to April 10th, and now April 17th, to accommodate the schedules of the Court and the parties.

On January 22, 2009, the Defendants and Plaintiff (collectively the "**Parties**") filed a Joint Case Management Statement. That statement required that the Parties "discuss the specifics relating to the production of documents" before requesting such production (Page 4, lines 25-26).

Without any such prior discussion, on February 10, 2009, Plaintiff served its first set of Requests for Production of Documents, along with other discovery, on both Savage and OTRN.

On February 19, 2009, Plaintiff, in connection with its request to move the hearing on the Motion to Dismiss back to April 3rd, agreed to extend the due date for Savage's responses to seven (7) days after this Court rules on the Motion to Dismiss.

On March 17, 2009, the Parties did meet and confer with respect to the proper scope of discovery in this Action, and other discovery issues, and did reach some agreements on discovery matters. Of particular relevance to the Motion, the Parties agreed to extend, to April 10, 2009, the due date for OTRN's response to the request for OTRN to produce documents. However, the Parties failed to agree, and indeed expressly disagreed, on the proper scope of discovery concerning the confidential terms under which OTRN retains Savage to host the Show for OTRN, in particular, and the proper scope of inquiries into the relationship between OTRN and Savage generally (with one exception on one specific point).

On March 31, 2009, this Court signed, and on April 1, 2009 the Clerk's office filed, a stipulated protective order to be applicable generally in this Action (the "**Existing Protective Order**").

## IV. OVERVIEW OF ISSUES

OTRN respectfully submits that the Existing Protective Order should be supplemented by a specific further protective order with respect to the Savage Documents. OTRN respectfully submits that Plaintiff's discovery requests are extensive, as well as objectionably burdensome, vague, and overbroad. In particular, and for example, Plaintiff's request to OTRN for production of documents (the "**Production Request**"), a copy of which is attached as Exhibit "A" to the accompanying Declaration of Ronald H. Severaid, includes, as Item 1, a request for "ALL DOCUMENTS RELATING TO the relationship between YOU and SAVAGE including but not limited to employment agreements, contracts, licenses and assignments." (Page 3, lines 20-21). In addition, the definitions incorporated by reference into each request (Page 2, line 5 through Page 3, line 17) purport to define terms in all capitals in the most expansive terms possible.

For the reasons noted above, this Court has good cause to issue a more restrictive protective order under Rule of 26(c)(1) to protect OTRN (as well as Savage) from annoyance,

embarrassment, and oppression with regard to the Host Agreement and the rest of the Savage Documents, and this Motion is directed generically to any and all requests for such documents, however phrased, to any defendant, and is not limited to any single request. The only possible justifiable purposes for any discovery request regarding the Host Agreement, and the rest of the Savage Documents, advanced by Plaintiff (or capable of being advanced by Plaintiff) are that Plaintiff desires to examine all such documents to see if, just possibly, they contain information which might suggest that the declarations under penalty of perjury filed in this Action which establish that OTRN is not an agent of Savage, that OTRN and not Savage has the copyrights for the Show, with the exception of the October 29, 2007 broadcast of the Show (the "**10/29/07 Broadcast**"), and that Savage had nothing whatsoever to do with the issuance of the September 29, 2008 letter from counsel for OTRN to YouTube at issue in this Action (the "**Letter**"), are false, despite the total lack of <u>any</u> factual basis to suggest that any such contradictory information exists, and despite the fact that there would be no basis for the assignment of copyright with respect to the 10/29/07 Broadcast to have issued to Savage from OTRN (the "**Assignment**") if Savage, rather than OTRN, held the copyrights to the Show (which seems to be the straw that Plaintiff is arguing it should be permitted to grasp for – or perhaps a more apt analogy – the imaginary needle it is using as a basis to seek to sift through the entirety of the OTRN-Savage "haystack").

      As such, Plaintiff's demand to inspect the Savage Documents just to see whether there might be something there constitutes an extreme example of the proverbial "fishing expedition". In addition, Savage's compensation information falls entirely outside the scope of this Action and therefore deserves additional protection. Moreover, in this Action, Plaintiff has shown, by multiple extraneous allegations on the face of the Complaint, considerable animus towards Savage and his views, and apparent deep hostility to Savage for initiating the CAIR Litigation, all of which is wholly irrelevant except to show the breadth of Plaintiff's actual motives into continuing to pursue this Action against Savage, as well as Plaintiff's intent to compel Savage to relitigate the CAIR Litigation in this Action.

Such motivations demonstrate yet further, and indeed, alarming, reasons why Plaintiff's demand to inspect the Savage Documents causes such substantial concern, and the basis for the need to restrict Plaintiff's representatives from reviewing the Savage Documents except under the additional protections requested in this Motion.

## V. LEGAL STANDARD FOR ISSUING A PROTECTIVE ORDER

Under Rule 26(c)(1), a court may, for "good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "(A) forbidding disclosure or discovery; (B) specifying terms, including time and place, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . . (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs."

## VI. A SUPPLEMENTAL PROTECTIVE ORDER SHOULD BE ISSUED FOR THE SAVAGE DOCUMENTS

### A. The Savage Documents are Protectable as Confidential Commercial Information under FRCP 26(c)(1).

Confidential commercial information is eligible for additional court-ordered protection under Federal Rule of Civil Procedure 26(c)(1)(G). "The federal courts have long recognized a qualified evidentiary privilege for trade secrets and other confidential commercial information." *Fed. Open Market Comm. Of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 357 (9th Cir., 1978). While this privilege is not absolute for confidential commercial information, "courts weigh the claim to privacy against the need for disclosure in each case, and district courts can enter protective orders allowing discovery but limiting the use of the discovered documents." *Pasadena Oil & Gas Wyo. LLC v. Mont. Oil Props.*, 2009 U.S. App. LEXIS 6161, 3 (9th Cir., 2009). This balancing test pits "the risk . . . of inadvertent disclosure of trade secrets to

competitors against the risk . . . that protection of . . . trade secrets impaired prosecution of . . . claims." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465 (9th Cir., 1992).

In this case, it is clear that any compensation provisions and other provisions of the private and confidential contract provisions and related communications of the Savage documents constitute confidential commercial information, the disclosure of which would oppress OTRN under Rule 26(c)(1). OTRN's contractual arrangements with its nationally known radio talk show hosts are closely guarded proprietary information, and disclosure of this information could compromise relationships and future negotiations with existing and future hosts, and provide OTRN's competitors with valuable commercial information to the severe detriment of OTRN, and violate the privacy rights of both OTRN and Savage.

It is also clear that any balancing test weighs in favor of a protective order granting OTRN the right to produce any portion of the Savage Documents found to be properly subject to review in this Action to a third-party magistrate judge for review as to whether, in fact, there is one scintilla of information in any such documents which might constitute the "smoking gun" that Plaintiff appears to believe has to exist somewhere if only Plaintiff can give vent to its distaste of Savage by wading through enough confidential documents to find something which establishes that OTRN is the agent of Savage, or that Savage and not OTRN holds the copyrights to the Show (other than the 10/29/07 Broadcast), or that Savage was involved in OTRN's decision to send the Letter, despite: (i) all evidence to the contrary provided under penalty of perjury by OTRN; and (ii) the total lack of any basis whatsoever, beyond sheer speculation and wishful thinking on Plaintiff's part, to believe that examination of such highly confidential and sensitive business and personal information would yield any information to support Plaintiff's contentions on such points. Absent any such information, there is no purpose served in permitting Plaintiff any access to such information. Should the magistrate determine that any such information exists, then and only then should Plaintiff's attorneys be entitled to view that specific relevant information, subject to prior redaction with regard to the irrelevant provisions.

Under *Pasadena Oil*, there is no doubt that OTRN's (and Savage's) privacy needs outweigh Plaintiff's claimed need for broader disclosure. Under *Brown Bag*, it is obvious that

protection of the compensation provisions, and numerous other unrelated contractual provisions of the Savage Documents will in no way impair Plaintiff's prosecution of its claims. Therefore, any disclosure of compensation and other irrelevant contract terms and other Savage Documents, would be superfluous, irrelevant, and highly oppressive to OTRN (as well as to Savage).

### B.  The Savage Documents Should Be Protected Because They are Irrelevant to the Issues Presented in this Action.

The Savage Documents should be granted additional court protection because they are utterly and completely irrelevant to the issues presented in this Action. Courts have routinely granted protective orders to limit overbroad discovery requests that create undue burden on the producing party. As the Court put it in *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir., 2004), "District courts need not condone the use of discovery to engage in 'fishing expeditions.'" Relevance of information sought is a key consideration in determining whether a protective order is appropriate. *Church of Scientology Int'l v. Fishman*, 1994 U.S. App. LEXIS 23848, 10 (9th Cir., 1994). As noted above, the compensation provisions and the other contractual terms and communications between OTRN and Savage do not bear any relation to the underlying claims made by Plaintiff. On this basis alone, additional protection should be put in place for the Savage Documents.

### C.  Demands Concerning the "Relationships" Between Savage and OTRN Are Vague, Ambiguous and Overbroad in Any Event.

The term "relationship" is a inherently vague and ambiguous in that it does not clarify whether it refers to contractual relationships, social relationships, working relationships, or other forms of "relationships", and Plaintiff's incorporation by reference of certain expansive definitions simply compounds the problem. In the absence of any limiting language, the term as used in the Production Demand is also overbroad, as it encompasses all possible aspects of "relationships" and essentially demands anything and everything relating to any aspect of the interaction between Savage and OTRN, no matter how trivial.

### D.  The Savage Documents Should Be Protected Because Plaintiff Will Be Unable to State a Claim for Relief.

10
OTRN'S NOTICE OF MOTION
AND MOTION FOR SUPPLEMENTAL PROTECTIVE ORDER
Case No. CV 08-4703 SI

Additional protection, including a full stay of discovery, may be warranted when the Court is convinced that a plaintiff will be unable to state a claim for relief. *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir., 2002). Pending the outcome of the dispositive motions, a full stay of discovery is warranted in this Action, since Plaintiff has presented no evidence that Plaintiff will be able to state a claim for relief.

Plaintiff has presented no evidence to the effect that OTRN acted as agent for Savage, since none exists and all available evidence is contrary (indeed the Letter expressly specified that it was issued for OTRN alone and did not speak for Savage); that Savage owns the copyright to all broadcasts of the Show, since no such evidence exists and all available evidence is contrary (indeed, there would be no basis for the Assignment with respect to the 10/28/07 Broadcast if OTRN did not have the copyrights to the Show); or that Savage had any involvement whatsoever in OTRN's issuance of the Letter, since none exists and all available evidence is to the contrary (indeed, the three California attorneys involved in the issuance of the Letter have provided declarations under penalty of perjury setting forth the circumstances of the issuance of the Letter – none of which involved Savage).

Indeed, it is difficult for OTRN to see how further factual investigations (and resulting discovery disputes) are necessary to resolve the legal issues posed by this Action. There is not a single fact, whether alleged in the Complaint or otherwise, that would support a basis for naming Savage as a defendant for a step taken by OTRN which expressly stated it did not speak for him. Plaintiff has an interest in one video out of 259 videos addressed in the Letter. At the time Ronald H. Severaid received the Complaint, OTRN learned for the first time that the video at issue in this Action (the "**Video**") related to the 10/29/07 Broadcast and recognized that OTRN did not, as a result, claim any copyright issue with respect to that specific broadcast of the Show, given the Assignment (facts which the person who actually reviewed the Video on OTRN's behalf had not, at that time, been aware of), and that the Video had been included within the 259 videos (as a total "library" of content taken from the Show) as a mistake. As a result, OTRN expressly disclaims in this Action any continuing interest in the Video, and there is no dispute

requiring declatory or injunctive relief. Separately, Savage has never taken any action with respect to Plaintiff's use of the Video.

Plaintiff's purported interest in delving into every aspect of OTRN's entitlements with respect to the content of the Show is much like Plaintiff's desire to challenge Savage in this Action for actions taken by Savage in the CAIR Litigation. Plaintiff's burning desire to hold Savage and OTRN accountable – according to Plaintiff's standards – with respect to their claims concerning items that Plaintiff has no interest in (other than its desire to be an "officious intermeddler") does not give rise to a proper or viable claim for relief on Plaintiff's part.

## IV. CONCLUSION

For the foregoing reasons, this Court should grant OTRN's motion for a protective order, as requested by OTRN.

Dated: April 10, 2009

                                                             SEVERAID & GLAHN, PC

                                                             By  /s/ Ronald H. Severaid

                                                            Attorneys for Defendant THE ORIGINAL TALK RADIO NETWORK, INC.

                                                            1787 Tribute Road, Suite D
                                                            Sacramento, CA 95815
                                                            Telephone: (916) 929-8383
                                                            Facsimile: (916) 925-4763
                                                            E-mail: rhseveraid@sbcglobal.net
                                                                              cglahn@sbcglobal.net

## PROOF OF SERVICE BY E-MAIL

I am employed in the County of Los Angeles, California. I am over the age of eighteen years and not a party to the within case. My business address is 1787 Tribute Road, Suite D, Sacramento, CA 95815. On April 10, 2009, I served the attached **DEFENDANT THE ORIGINAL TALK RADIO NETWORK, INC.'S NOTICE OF MOTION AND MOTION FOR SUPPLEMENTAL PROTECTIVE ORDER AND POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in the above captioned action by E-mail as follows:

>Tony Falzone
>falzone@stanford.edu
>
>William Abrams
>William.abrams@bingham.com

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on April 10, 2009 at Sacramento, California.

                                                _____/s/ Carter Glahn_____

13

OTRN'S NOTICE OF MOTION
AND MOTION FOR SUPPLEMENTAL PROTECTIVE ORDER
Case No. CV 08-4703 SI