Benjamin Aaron Shapiro (SBN 254456)
12330 Magnolia Blvd., #114
Valley Village, CA 91607
Telephone: (818)620-0137

Ronald H. Severaid (SBN78923)
Carter Glahn (SBN 242378)
SEVERAID & GLAHN, PC
1787 Tribute Road, Suite D
Sacramento, CA 95815
Telephone: (916) 929-8383
Facsimile: (916) 925-4763
E-mail: rhseveraid@sbcglobal.net
cglahn@sbcglobal.net

Attorneys for Defendant
THE ORIGINAL TALK RADIO NETWORK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAVE NEW FILMS 501(c)(4),<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL WEINER aka MICHAEL SAVAGE and ORIGINAL TALK RADIO NETWORK, INC.,<br><br>Defendants | Case No.: CV 08-4703 SI<br><br>**DECLARATION OF RONALD H. SEVERAID IN SUPPORT OF DEFENDANT THE ORIGINAL TALK RADIO NETWORK, INC.'S NOTICE OF MOTION AND MOTION FOR SUPPLEMENTAL PROTECTIVE ORDER**<br><br>Date: May 22, 2009<br>Time: 9:00 a.m.<br>Location: Courtroom<br><br>Honorable Susan Illston |

I, RONALD H. SEVERAID, hereby declare that:

1. I am an attorney at law duly licensed to practice before all courts of the State of California.

Dockets.Justia.com

2. I am one of the California attorneys for defendant THE ORIGINAL TALK RADIO NETWORK, INC. ("**OTRN**" or "**Defendant**"), and am a member of the law firm of Severaid & Glahn, P.C.

3. I have personal knowledge of all matters addressed in this declaration, and could testify competently thereto if called upon to do so.

4. I am also the Executive Vice President and the Secretary of OTRN and now spend most of my office time at the corporate office of OTRN.

5. OTRN has produced and syndicated "The Michael Savage Show" (the "**Show**") for approximately eight years. Defendant MICHAEL WEINER, aka MICHAEL SAVAGE ("**Savage**") serves as the host of the Show for OTRN under contract to OTRN.

6. OTRN is the holder of the copyrights to the Show and all of the weekday programs of the Show, with one exception.

7. Prior to September 29, 2008, OTRN formally assigned the copyright for the October 29, 2007 broadcast of the Show (the "**10/29/07 Program**") to Savage.

8. The document attached as Exhibit "A" hereto is a true and correct copy of the first request for production of documents to OTRN in this Action (the "**Production Demand**").

9. The all-inclusive demand for "ALL DOCUMENTS RELATING TO the relationship between YOU and SAVAGE" in the first request from the Production Demand (the "**First Request**") is the focus of OTRN's motion for a protective order simply because it is so all-encompassing (especially as expanded by the all-inclusive definitions incorporated by reference into it). However, documents requested by this broad request are also within categories of documents within the scope of other requests, and OTRN's motion for a protective order is intended to apply (by its terms) to all documents (for any defendant) within its scope, not solely to documents from the Production Demand or the First Request.

10. There are many thousands of documents that relate, at some level – from trivial to significant – to the "relationship" between OTRN and Savage. It would, indeed, be almost impossibly burdensome to attempt to identify, much less quantify, copy and categorize, all of them.

11. I am personally familiar with all of those documents which OTRN considers to be significant. None of those documents contains information that would contradict any factual statements submitted under penalty of perjury, or stated in any pleading, in this Action on behalf of OTRN, and I am fully informed and believe that devoting many months to searching for and viewing every possible document within the scope of Plaintiff's requests would not yield a single document that would call any of such factual statements into question.

12. Information relating to OTRN's contract arrangements with the hosts of OTRN's nationally-syndicated talk radio programming is highly sensitive and confidential commercial information of OTRN due to the nature of the radio industry, and preservation of the total confidentiality of this information is of the utmost importance to OTRN.

13. I am familiar with all factual statements contained in OTRN's memorandum of points and authorities in support of its motion for a supplemental protective order and am fully informed and believe that all such statements are true and correct.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed under the laws of the State of California on the 10th day of April, 2009, at Rogue River, Oregon.


/s/ Ronald H. Severaid

**PROOF OF SERVICE BY E-MAIL**

I am employed in the County of Los Angeles, California. I am over the age of eighteen years and not a party to the within case. My business address is 1787 Tribute Road, Suite D, Sacramento, CA 95815. On April 10, 2009, I served the attached **DECLARATION OF RONALD H. SEVERAID IN SUPPORT OF DEFENDANT THE ORIGINAL TALK RADIO NETWORK, INC.'S NOTICE OF MOTION AND MOTION FOR SUPPLEMENTAL PROTECTIVE ORDER AND POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in the above captioned action by E-mail as follows:

Tony Falzone
falzone@stanford.edu

William Abrams
William.abrams@bingham.com

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on April 10, 2009 at Sacramento County, California.

/s/ Carter Glahn

# Exhibit “A”

Anthony T. Falzone (SBN 190845)
Julie A. Ahrens (SBN 230170)
Christopher K. Ridder (SBN 218691)
STANFORD LAW SCHOOL CENTER FOR INTERNET AND SOCIETY
559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 736-9050
Facsimile: (650) 723-4426
E-mail: falzone@stanford.edu

William F. Abrams (SBN 88805)
Sheila M. Pierce (SBN 232610)
BINGHAM MCCUTCHEN LLP
1900 University Avenue
East Palo Alto, CA 94303-2223
Telephone: 650.849.4400
Facsimile: 650.849.4800
E-mail: william.abrams@bingham.com

Attorneys for Plaintiff
BRAVE NEW FILMS 501(c)(4)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

BRAVE NEW FILMS 501(C)(4),

Plaintiff,

v.

MICHAEL WEINER aka MICHAEL SAVAGE, and ORIGINAL TALK RADIO NETWORK, INC.,

Defendants.

No. CV 08-04703 SI

**PLAINTIFF BRAVE NEW FILMS 501(C)(4)'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ORIGINAL TALK RADIO NETWORK, INC.**

PROPOUNDING PARTY: PLAINTIFF BRAVE NEW FILMS 501(C)(4)

RESPONDING PARTY: DEFENDANT ORIGINAL TALK RADIO NETWORK, INC.

SET NUMBER: ONE (1)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff BRAVE NEW FILMS 501(C)(4) ("Brave New Films") requests that Defendant ORIGINAL TALK RADIO NETWORK ("OTRN") produce, for inspection and copying, the documents and things within

his possession, custody, or control described in the Requests set forth below, at the offices of Bingham McCutchen LLP, 1900 University Avenue, East Palo Alto, California 94303-2223, within thirty (30) days of service of these requests.

**DEFINITIONS**

Unless otherwise indicated, the following definitions and terms shall apply to each of the Requests for Production set forth below:

1. "YOU," "YOUR" and "OTRN" refer to Defendant Original Talk Radio Network, Inc.

2. "ORIGINAL TALK RADIO NETWORK" and "OTRN" mean Defendant Original Talk Radio Network, Inc. and ANY past or present predecessor, successor, parent, subsidiary, division or affiliate thereof, whether domestic or foreign and whether owned in whole or in part, and ANY and ALL PERSONS or entities acting on behalf of ORIGINAL TALK RADIO NETWORK, including but not limited to employees, officers, directors, attorneys, agents, or representatives thereof.

3. "DOCUMENT" means a writing as defined by Rule 1001 of the Federal Rules of Evidence, and includes all items, documents, and things which are in the possession, custody or control of YOU either directly or anyone acting on YOUR behalf with respect to the subject matter inquired of by the Requests for Production. "DOCUMENT" also refers to, without limitation, email, all correspondence, memo pads, individual computers or networked computer systems including but not limited to personal information software, flow charts, word processing, desktop publishing, spreadsheets, and all forms of database. Any copy of a document containing therein, or having attached thereto, any alteration, notes, comments, or other material that is not included in the original, or other copies of such documents, shall be deemed a separate "DOCUMENT." Any prototype of, modification of, or change to a tangible thing shall be deemed a separate thing.

4. "COMPLAINT" means the Complaint for Declaratory Judgment and Damages filed by Brave New Films 501(c)(4) in this matter on October 10, 2008.

5. "ANY" and "ALL" shall both be interpreted in the most inclusive light, and shall

include "ANY and ALL."

6.  "PERSON(S)" includes ANY and ALL natural persons, firms, associations, organizations, partnerships, businesses, trusts, corporations or public or private entities.

7.  "RELATING TO," "RELATE(S) TO," or "RELATED TO" means regarding, concerning, pertaining to, referring to, respecting, stating, describing, involving, recording, noting, reflecting, containing, embodying, memorializing, mentioning, studying, analyzing, discussing, commenting upon, specifying, listing, summarizing, reviewing, evidencing, supporting, and/or identifying either directly or indirectly.

8.  "MICHAEL SAVAGE," "SAVAGE" and "MICHAEL WEINER" mean defendant Michael Weiner aka Michael Savage.

9.  "TAKEDOWN LETTER" means the September 29, 2008 letter sent by the law offices of Severaid & Glahn, PC to YouTube demanding the takedown of Brave New Films' video "Michael Savage Hates Muslims."

10. "THE CAIR LITIGATION" means the case filed on December 3, 2007, entitled: *Michael Savage v. Council on American-Islamic Relations, Inc.*, Case No. 3:07-cv-06076.

11. "CAIR" means the defendant in *Michael Savage v. Council on American-Islamic Relations, Inc.*, Case No. 3:07-cv-06076, Council on American-Islamic Relations, Inc.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

ALL DOCUMENTS RELATING TO the relationship between YOU and SAVAGE including but not limited to employment agreements, contracts, licenses and assignments.

**REQUEST FOR PRODUCTION NO. 2:**

ALL DOCUMENTS identified in YOUR Responses to Brave New Films' First Set of Interrogatories served concurrently with these Requests.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS between YOU and YouTube RELATING to ANY demand made by YOU RELATING TO the removal of material from YouTube's website.

**REQUEST FOR PRODUCTION NO. 4:**

ALL DOCUMENTS RELATING TTTTO the ownership of copyright interests in "The Michael Savage Show" also known as "The Savage Nation."

**REQUEST FOR PRODUCTION NO. 5:**

ALL DOCUMENTS RELATING TO the September 29, 2008 TAKEDOWN LETTER.

**REQUEST FOR PRODUCTION NO. 6:**

ALL DOCUMENTS RELATING TO the CAIR LITIGATION.

**REQUEST FOR PRODUCTION NO. 7:**

ALL DOCUMENTS BETWEEN YOU and SAVAGE RELATING TO the TAKEDOWN LETTER.

**REQUEST FOR PRODUCTION NO. 8:**

ALL DOCUMENTS BETWEEN YOU and SAVAGE RELATING TO THE CAIR LITIGATION.

**REQUEST FOR PRODUCTION NO. 9:**

ALL DOCUMENTS that support each affirmative defense YOU included in YOUR Answer to the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 10:**

ALL DOCUMENTS supporting YOUR response for each response to the Requests For Admissions served concurrently with these Interrogatories that is not an unqualified admission. .

**REQUEST FOR PRODUCTION NO. 11:**

ALL DOCUMENTS that support YOUR contention in YOUR Answer to Brave New Films' COMPLAINT that "the 10/29/07 Broadcast" is the only broadcast of "The Michael Savage Show for which YOU do not claim the copyright.

**REQUEST FOR PRODUCTION NO. 12:**

ALL DOCUMENTS RELATING TO the copyright interests in the videos included in the attachment to the September 29, 2008 TAKEDOWN LETTER.

**REQUEST FOR PRODUCTION NO. 13:**

ALL DOCUMENTS supporting YOUR contention in YOUR Answer to the COMPLAINT that YOU were not acting as a agent for MICHAEL SAVAGE in issuing the September 29, 2008 TAKEDOWN LETTER.

**REQUEST FOR PRODUCTION NO. 14:**

ALL DOCUMENTS RELATING TO the review of the Video by YOU or anyone on YOUR behalf prior to issuing the September 29, 2008 TAKEDOWN LETTER.

DATED: February 10, 2009

Bingham McCutchen LLP

By: [signature]
Sheila M. Pierce
Attorneys for Plaintiff
BRAVE NEW FILMS

PROOF OF SERVICE

I am a citizen of the United States, over 18 years of age, not a party to this action and employed in the County of San Mateo, California at 1900 University Avenue, East Palo Alto, California 94303-2223..

Today I served the attached:

**PLAINTIFF BRAVE NEW FILMS 501(C)(4)'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ORIGINAL TALK RADIO NETWORK, INC.**

by causing a true and correct copy of the above to be hand delivered in sealed envelope(s) with all fees fully paid, addressed as follows:

Benjamin Aaron Shapiro, Esq.
12330 Magnolia Blvd., #114
Valley Village, CA 91607

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on February 10, 2009.

Ruth DiFalco