Benjamin Aaron Shapiro (SBN 254456)
12330 Magnolia Blvd., #114
Valley Village, CA 91607
Telephone: (818) 620-0137

Attorney for Defendant
MICHAEL WEINER aka MICHAEL SAVAGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION


| | |
|---|---|
| BRAVE NEW FILMS 501(c)(4), | Case No.: CV 08-4703 SI |
|        Plaintiff, | **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MICHAEL WEINER aka MICHAEL SAVAGE** |
|     vs. | |
| MICHAEL WEINER aka MICHAEL SAVAGE and ORIGINAL TALK RADIO NETWORK, INC., | |
|        Defendants | |

**ANSWER AND AFFIRMATIVE DEFENSES**

**OF DEFENDANT MICHAEL WEINER aka MICHAEL SAVAGE**


     **NOW COMES** defendant **MICHAEL WEINER aka MICHAEL SAVAGE** ("**Defendant**"), for himself alone, by and through his attorney, Benjamin Aaron Shapiro, and as and for his *Answers and Affirmative Defenses*, in the above-captioned action (this "**Action**"), to the complaint in this Action (the "**Complaint**"), filed by plaintiff **BRAVE NEW FILMS 501(c) (4)** ("**Plaintiff**"), states as follows:


    1. **ALLEGATION:** This is a civil action seeking declaratory relief and damages following Defendants' improper efforts to silence criticism of the nationally syndicated radio talk show host Michael Weiner ("Savage"). In seeking to silence criticism of Savage, defendant

Original Talk Radio Network, Inc. ("OTRN"), the organization that syndicates Savage's radio show, sent a baseless takedown notice to YouTube, a popular video sharing site headquartered in San Bruno, California. OTRN demanded the removal of "Michael Savage Hates Muslims" (the "Video"), a video created and posted by plaintiff Brave New Films 501(c)(4) ("Brave New Films"), which uses approximately one minute of excerpts from Savage's two-hour radio show to demonstrate and criticize Savage's vocal hatred of Muslims broadcast on his program. OTRN knew that its takedown notice was baseless. The brief excerpts from Savage's show that are used to criticize Savage are clearly fair use, and this Court held in a case brought by Savage that the same content used in the same way in another video criticizing Savage constituted fair use as a matter of law. OTRN's actions resulted in the removal of the Video from YouTube, and caused YouTube to temporarily disable Brave New Films' entire YouTube channel containing hundreds of videos. Brave New Films therefore seeks a declaration that the Video makes fair use of Defendants' material and damages for the knowing misrepresentations that OTRN made in the takedown notice submitted to YouTube.

**ANSWER:** The allegations of Paragraph 1 call for legal conclusions and/or set forth opinions and/or contentions of Plaintiff, to which an answer is neither required nor appropriate. To the extent that an answer is required to the allegations in this paragraph, Defendant: (i) does not dispute, based solely upon information provided to Defendant after the commencement of this Action, rather than personal knowledge, that THE ORIGINAL TALK RADIO NETWORK, INC. ("**OTRN**") demanded, through counsel, that YouTube remove a total of 259 videos, of which the Video was merely 1 of the totality of 259 videos at issue, along with 258 other videos, all containing excerpts from OTRN's syndicated radio program "The Michael Savage Show" (the "**Show**"); (ii) denies that he participated in the actions of OTRN alleged therein; and (iii) denies that any such actions were undertaken with his knowledge, consent, permission or authorization, or on his behalf. In addition, Defendant cannot speak for the purported knowledge of OTRN, and lacks knowledge of the specific events giving rise to the allegations of Paragraph 1, and therefore denies each and every remaining allegation in Paragraph 1 due to lack of

2

sufficient knowledge as to the mindset and/or actions of parties other than Defendant, and/or the specifics of matters in which Defendant was not involved, to otherwise respond.

2. **ALLEGATION**: Brave New Films 501(c)(4) is a 501(c)(4) corporation with its principal place of business in Los Angeles, California. It produces and distributes films, blogs, television shows and short videos that challenge apparent corporate and political misbehavior. Its co-founder, Robert Greenwald, is well known for his politically-charged documentaries "Outfoxed" (about the Fox News Network), "Uncovered" (examining events leading to America's 2003 invasion of Iraq), and "Wal-mart: The High Cost of Low Price," which documents and criticizes the business practices of one of the world's largest retailers.

**ANSWER**: Defendant lacks personal knowledge of the factual matters and/or statements of opinion addressed in these allegations, and therefore denies same for lack of sufficient basis to otherwise respond thereto.

3. **ALLEGATION**: Defendant Original Talk Radio Network, Inc. purports to be an Oregon corporation with its principal place of business in Central Point, Oregon. On information and belief, OTRN is also known and does business as "Talk Radio Network," with its principal place of business in Oregon. According to Talk Radio Network's website, Talk Radio Network syndicates and distributes talk radio content, including "The Michael Savage Show," also known as "The Savage Nation," to over 300 affiliate radio stations in the nation's top radio markets, including San Francisco. OTRN does business in the Northern District of California.

**ANSWER**: Defendant objects to and denies allegations as to the specific content of a designated website on the grounds that any such website speaks for itself and any summaries and/or characterizations by Plaintiff do not fully and actually describe the specific content thereof, and denies the remaining allegations of Paragraph 3 as phrased, or due to lack of sufficient knowledge to respond definitively to allegations concerning the present status of circumstances applicable to parties other than Defendant, or as setting forth conclusory legal allegations rather than accurate underlying factual predicates to support such allegations.

4.  **ALLEGATION**:  Defendant Michael Weiner ("**Savage**") is a nationally syndicated talk show host who performs under the name Michael Savage and hosts the talk show program "The Michael Savage Show."  "The Michael Savage Show" is based in San Francisco, California and Savage resides in Marin County, California.  According to the records of the United States Copyright Office, and according to Savage himself, Savage is the registered copyright owner of the October 29, 2007 radio broadcast of "The Michael Savage Show."  (A copy of Savage's copyright registration for the October 29, 2007 broadcast is attached to this Complaint as Exhibit A.)

**ANSWER**:  Defendant admits that he is a nationally syndicated talk show host who performs under the name Michael Savage and hosts the talk show program "The Michael Savage Show."  Defendant denies that the Show is based in San Francisco, California, and admits that he was a resident of the Northern District of California (the "**Northern District**") at the date of the filing of the Complaint.  To the extent that these allegations refer to the specific content of any outside document, whether appended to the Complaint or otherwise, Defendant submits that any such document speaks for itself.

5.  **ALLEGATION**:  On information and belief, OTRN has acted as Savage's agent, and OTRN's actions as alleged herein were done with Savage's knowledge and permission.

**ANSWER**:  Defendant denies each and every allegation of Paragraph 5.

6.  **ALLEGATION**:  This action arises under the copyright laws of the United States, 17 U.S.C. §§ 101 et seq.  This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. § 2291.

**ANSWER**:  Defendant objects to these allegations to the extent they call for a legal conclusion to which an answer is neither required nor appropriate and/or are outside of Defendant's knowledge, and on the further grounds that such allegations are statements of Plaintiff's opinions and beliefs.  Defendant further alleges that the text of the cited provisions of the U.S.C. speak for themselves, and that what any such provisions provide, and the legal effect thereof, are a matter of law.

7. **ALLEGATION**:  This Court has personal jurisdiction over OTRN because it has purposefully availed itself of the laws of the State of California by distributing radio programming in California.  In addition, OTRN's takedown notice was sent to San Bruno, California, and was calculated to cause harm in California because access to the Video was disabled on YouTube's servers in San Bruno, California, and Brave New Films is located in Los Angeles, California.

**ANSWER**:  Defendant objects to the allegations in the first sentence of Paragraph 7 to the extent they call for a legal conclusion to which an answer is neither required nor appropriate. Defendant further lacks sufficient knowledge to respond definitively to allegations therein as to parties other than Defendant, and therefore denies same for lack of sufficient basis to otherwise respond thereto, or as such allegations are phrased.

8. **ALLEGATION**:  This Court has personal jurisdiction over Savage because he resides within the Northern District, does business within the Northern District, and broadcasts his show in and from the Northern District.

**ANSWER**:  Defendant objects to these allegations to the extent they call for a legal conclusion to which an answer is neither required nor appropriate.  Defendant admits that he resided within the Northern District, did business within the Northern District, and engaged in broadcasting activities in and from the Northern District, as of the date this Complaint was filed, and denies any remaining allegations as phrased.

9. **ALLEGATION**:  Venue is proper in the Northern District of California because a substantial portion of the events underlying this case took place in this District, including the broadcast of the program "The Michael Savage Show," and the removal of the Video criticizing Savage from YouTube, which is based in San Bruno, California.  Venue is also proper because Savage resides in the Northern District of California.

**ANSWER**:  Defendant objects to these allegations to the extent they call for a legal conclusion to which an answer is neither required nor appropriate, but admits that he resided within the Northern District at the commencement of this Action and that the Show is broadcast

5

within the Northern District, and denies any remaining factual allegations for lack of sufficient personal information to respond otherwise threto.

10. **ALLEGATION**: This matter is properly assigned to the San Francisco division because a substantial part of the events that gave rise to the claims herein occurred in San Bruno, California, and Savage resides in Marin County.

**ANSWER**: Defendant objects to these allegations to the extent they call for a legal conclusion to which an answer is neither required nor appropriate, admits that he resided within the Northern District at the commencement of this Action, and denies any other factual allegations for lack of sufficient personal knowledge to respond otherwise thereto.

11. **ALLEGATION**: Brave New Films produces and distributes films, blogs, television shows and short videos that challenge corporate and political misbehavior. Its co-founder, Robert Greenwald, is well known for his documentaries that take on commercial and political interests. Among other things, he directed and produced "Outfoxed: Rupert Murdoch's War on Journalism" and "Wal-Mart: The High Cost of Low Price." To date, Greenwald's films have received 25 Emmy nominations, four cable ACE Award nominations, two Golden Globe nominations, the Peabody Award, the Robert Wood Johnson Award, and eight Awards of Excellence from the Film Advisory Board. He was awarded the 2002 Producer of the Year Award by the American Film Institute.

**ANSWER**: Defendant lacks personal knowledge of these allegations and therefore denies same for lack of sufficient basis to otherwise respond thereto. Defendant also objects to all such allegations as being irrelevant to Defendant's understanding of the legal issues relevant to Plaintiff's purported causes of action asserted in the Complaint.

12. **ALLEGATION**: Brave New Films has produced hundreds of short videos that are distributed across a variety of channels. The largest channel through which Brave New Films distributes its content is YouTube, on which Brave New Films maintains the "bravenewfilms" channel. This channel contains approximately 300 videos, that, together, as believed to have been viewed approximately 32 million times.

6

**ANSWER**:  Defendant lacks personal knowledge of these allegations and therefore denies same for lack of sufficient basis to otherwise respond thereto.  Defendant also objects to all such allegations as being irrelevant to Defendant's understanding of the legal issues relevant to Plaintiff's purported causes of action asserted in the Complaint.

13.  **ALLEGATION**:  Savage's radio program "The Michael Savage Show" is a nationally syndicated show that, according to Savage, reaches millions of listeners each week.

**ANSWER**:  Defendant is unable to respond specifically to this allegation as phrased, but admits that the Show is nationally syndicated and that Defendant believes industry information reflecting that the Show reaches millions of listeners each week is accurate.  Defendant also objects to such allegations as having only marginal, if any, relevance to Plaintiff's causes of action in this Action.

14.  **ALLEGATION**:  During the two-hour October 29, 2007 broadcast of "The Michael Savage Show," Savage went on an anti-Muslim tirade, attacking Islam and the Quran and denigrating Muslims as "throwbacks" who should be deported "without due process."

**ANSWER**:  Defendant objects to and generally denies the allegations of Paragraph 14 as phrased, and/or as constituting statements of opinion and belief by Plaintiff, and/or as containing Plaintiff's characterization of an entire radio broadcast which speaks for itself.  Defendant further objects to such contentions as being irrelevant to Defendant's understanding of the issues relevant to Plaintiff's purported causes of action asserted in the Complaint.

15.  **ALLEGATION**:  Shortly after this show aired, the Council for American-Islamic Relations ("CAIR"), the nation's largest Muslim civil rights posted a detailed criticism of Savage on its website (www.cair.com) entitled "National Radio Host Goes On Anti-Muslim Tirade," which included more than four minutes of audio excerpts from Savage's October 29, 2007 broadcast.  CAIR's website explained its vigorous objections to Savage's commentary, and placed its criticisms in a larger cultural and historical context.  CAIR requested that companies that advertise on "The Savage Nation" pull their ads from Savage's show because of his bigoted statements.

7

**ANSWER**:  Defendant objects to and generally denies the allegations of Paragraph 14 as phrase, and/or as constituting statements of opinion and belief by Plaintiff, and/or as purporting to paraphrase written commentary, the provisions of which speak for themselves.  Defendant further objects to such contentions as being irrelevant to Defendant's understanding of the issues relevant to Plaintiff's purported causes of action asserted in the Complaint.

16.  **ALLEGATION**:  In response to CAIR's criticism of him, Savage filed a lawsuit against CAIR on December 3, 2007 in this Court, Case No. C 07-06076-SI (N.D. Cal.) alleging that CAIR infringed his copyright by posting excerpts of his October 29 radio show on the CAIR website.  Savage's complaint also included a RICO claim.  Savage did not allege that CAIR had made any false or tortuous statements about him.

**ANSWER**:  Defendant objects to and generally denies the allegations of Paragraph 14 as phrased, and/or as constituting statements of opinion and belief by Plaintiff, and as purporting to paraphrase or otherwise describe the provisions of a written document which speak for themselves.  Defendant further objects to such contentions as being irrelevant to Defendant's understanding of the issues relevant to Plaintiff's purported causes of action asserted in the Complaint.

17.  **ALLEGATION**:  On January 18, 2008, Brave New Films created and uploaded to its YouTube channel the Video, which was posted to YouTube at the URL http://www.youtube.com/watch?v=CtY-JWahHQs.  (A copy of the Video is attached to this Complaint as Exhibit B.)

**ANSWER**:  Defendant lacks personal knowledge of the particulars of the matters alleged in Paragraph 17 and therefore denies such allegations for lack of sufficient personal knowledge of the particulars thereof to respond otherwise thereto.

18.  **ALLEGATION**:  The Video criticizes Savage for the same anti-Muslim comments made on his October 29, 2007 radio show and for acting as a bully who attempts to silence his critics through litigation.  The Video uses audio excerpts from Savage's October 29, 2007 broadcast, as CAIR did on its website.  The Video runs one minute and twenty-three seconds,

and audio excerpts from "The Michael Savage Show" play during approximately one video in the Video. In that minute, Savage tells Muslims to "take [their] religion and shove it up [their] behind," urges his listeners to confront Muslims in the "supermarket line," and urges the federal government to deport Muslims. In addition to playing this brief audio clip, the Video directs viewers to www.nosavage.org, a website dedicated to exposing and criticizing Savage's views that lists certain companies that have advertised on "The Michael Savage Show," and urges viewers to "do something" about Savage's intolerance.

**ANSWER**:  Defendant objects to and denies the allegations of Paragraph 18 on the grounds that the actual contents of the Video, and the statements of Defendant contained in the Video, and the contents of the website referred to therein, all speak for themselves, and further submits that the specifics of what is said by Defendant in the Savage content posted on the Video is not relevant to the legal issues posed by the purported causes of action asserted in the Complaint.

19. **ALLEGATION**:  On January 18, 2008, Brave New Films launched a website, www.nosavage.org, dedicated to informing the public about Savage's hateful views by showing the Video and providing information about how to contact advertisers and ask them to remove ads from "The Michael Savage Show." The website includes information about Savage's retaliatory lawsuit against CAIR and criticizes his attempts to censor CAIR by suing the group for copyright infringement.

**ANSWER**:  Defendant lacks sufficient knowledge concerning the actions of parties other than Defendant to respond definitively to the allegations of Paragraph 19, and therefore denies same for lack of sufficient basis to otherwise respond thereto. Defendant further objects to and further denies the allegations of Paragraph 14 as constituting statements of opinion and belief by Plaintiff and on the further grounds that such allegations purport to summarize written content on a website which speaks for itself, and any summaries and/or characterizations by Plaintiff do not fully and actually describe the specific content thereof. Defendant also objects to such allegations as being wholly irrelevant to the purported causes of action asserted in the Complaint.

9

20.  **ALLEGATION**:  On July 25, 2008, this Court dismissed without leave to amend Savage's copyright claim against CAIR.  The Court granted CAIR's motion for judgment on the pleadings because it found that CAIR's use of the four-minute clip taken from Savage's October 29 broadcast was fair use.  Recognizing that CAIR used limited excerpts from the radio show to criticize publicly the anti-Muslim message of those excerpts, the Court held "that the majority of the four fair use factors, including the most important factors, weigh in favor of [CAIR]."  See *Savage v. Council on American-Islamic Relations et al.*, Case No. 07-06076-SI at 13 (N.D. Cal. July 25, 2008) (Document No. 38).

**ANSWER**:  Defendant submits that the contents of the court rulings referred to in Paragraph 20 are public records which speak for themselves, and further objects to and denies any description of such rulings which fails to state the contents thereof in their entirety.  Defendant also objects to the allegations in Paragraph 21 as being wholly irrelevant to the purported causes of action asserted in the Complaint.

21.  **ALLEGATION**:  Savage lost his copyright infringement claim against CAIR, and on August 15, 2008 this Court entered a final judgment dismissing the case in its entirety.

**ANSWER**:  Defendant submits that the results and judgment of any separate legal actions previously pending in this Court are matters of public record, and that the rulings, orders and judgments in any such action speak for themselves.  Defendant further objects to and denies any description of such rulings which fails to state the contents thereof in their entirety.  Defendant further objects to the allegations of Paragraph 21 as addressing matters which are irrelevant to Defendant's understanding of the legal issues relevant to Plaintiff's purported causes of action asserted in the Complaint.

22.  **ALLEGATION**:  The Video uses the same statements that CAIR used, from the same episode of Mr. Savage's show, for less time than CAIR did, in a video likewise designed to criticize Savage and his statements about Muslims.  Like the CAIR video, Brave New Films' use of a short clip from "The Michael Savage Show" in the course of directly criticizing the show's host for the very words he is saying in the clip is clearly fair use.  The clip uses less than a

minute from Savage's two-hour October 29, 2007 broadcast.  The use of the clip was

transformative, in that its purpose is to criticize Savage and his views, was non-commercial, was

not a realistic substitute for the original radio show, and inflicted no cognizable harm on the

market for Savage's copyrighted work.

**ANSWER**:  Defendant denies that the content of the Video and the content of the

purported "CAIR video" referenced in Paragraph 22 are the same, and alleges that the contents

of each speak for themselves, whether or not they contain any common elements, and further

objects to the allegations of Paragraph 22 as constituting statements of Plaintiff's contentions,

opinion and belief masquerading as facts, and as constituting argumentative assertions of

Plaintiff's legal contentions, and denies such contentions on that basis, and as phrased.

23.  **ALLEGATION**: On September 29, 2008, counsel for OTRN delivered a letter by

facsimile to YouTube's "DMCA Complaints" department, demanding the removal of "Michael

Savage Hates Muslims," the Video at issue in this case, and 258 other videos that OTRN asserted

were infringing its "exclusive rights" of "publication [], broadcast[], and/or reproduction[]."  A

copy of the September 29 letter is attached to this Complaint as Exhibit C.  (The September 29

letter included an existing listing the videos OTRN was complaining about, but the facsimile

copy of that exhibit was incomplete.  OTRN later sent a complete copy of the exhibit to its

September 29 letter, which is attached to this Complaint as Exhibit D.)

**ANSWER**:  Defendant admits only that Plaintiff attached what purports to be a letter

from OTRN to YouTube as an exhibit to the Complaint.  To the extent that these allegations

refer to any outside documents, whether appended to the Complaint or not, Defendant submits

that any such documents speak for themselves, and objects to and denies any purported

paraphrasing of such contents on that basis.  Defendant lacks sufficient knowledge concerning

the actions of parties other than Defendant to respond definitively to the allegations of Paragraph

19, and therefore denies same for lack of sufficient basis to otherwise respond thereto.

24.  **ALLEGATION**:  YouTube treated this letter as a takedown notice pursuant to

section 512(c)(3) of the Digital Millenium Copyright Act ("DMCA").  17 U.S.C. 512(c)(3).  On

October 2, 2008, YouTube disabled access to the Video and notified Brave New Films that this video had been removed pursuant to the complaint by OTRN.  (A copy of YouTube's notification to Brave New Films is attached to this Complaint as Exhibit E.)

**ANSWER**:  Defendant admits only that Plaintiff attached what purports to be a notification from YouTube as Exhibit E to the Complaint.  Defendant lacks sufficient knowledge to respond definitively to allegations concerning the actions of parties other than Defendant, and therefore denies the remaining allegations of Paragraph 24 for lack of sufficient basis to respond otherwise thereto, and on the further grounds that the provisions of any outside documents, whether or not attached to the Complaint, speak for themselves  and any summaries and/or characterizations by Plaintiff do not fully and actually describe the specific content thereof.

25.  **ALLEGATION**:  Following the removal, Brave New Films submitted a DMCA counter-notice to YouTube.  Although YouTube has stated that the Video will be restored in the future, it has not been restored yet.

**ANSWER**:  Defendant lacks sufficient knowledge to respond definitively to allegations concerning the actions of parties other than Defendant and therefore denies the allegations of Paragraph 25 for lack of sufficient basis to otherwise respond thereto, with the sole exception that Defendant is informed and believes that the Video was in fact restored by YouTube shortly after Plaintiff quickly filed this Action with an expectation that restoration of the Video was in fact imminent.

26.  **ALLEGATION**:  In addition to disabling access to the Video, YouTube disabled access to Brave New Films' entire YouTube channel, which is Brave New Films' main channel of distribution for its videos.  Although YouTube restored access to the channel following notice from Brave New Films' counsel, temporary disablement of Brave New Films' channel nevertheless caused damages to Brave New Films, including but not limited to harm to its free speech rights and the visibility Brave New Films had worked so hard to achieve.

ANSWER AND AFFIRMATIVE DEFENSES OF
MICHAEL WEINER aka MICHAEL SAVAGE
Case No. CV 08-4703 SI

**ANSWER**:  Defendant lacks sufficient knowledge to respond definitively to allegations concerning the actions of, or matters concerning, parties other than Defendant, and therefore denies the allegations of Paragraph 26 for lack of sufficient basis to otherwise respond thereto.

27. **ALLEGATION**: Brave New Films repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint.

**ANSWER**:  Defendant restates and incorporates herein by this reference his responses to each and every prior allegation in the Complaint as though set forth fully herein.

28. **ALLEGATION**:  There is a real and actual controversy between Brave New Films, and Savage and OTRN, about whether the Video infringes Defendants' copyrights or any other "exclusive rights" they purport to assert against YouTube.  Specifically, OTRN asserted in its September 29 letter to YouTube that the Video infringes its "exclusive rights" of "publication[], broadcast[], and/or reproduction[]" and demanded that the Video by removed from YouTube pursuant to these complaints.  Rights of reproduction and distribution are exclusive rights protected by the Copyright Act, 17 U.S.C. §106, and Savage is the registered owner of the copyrights in the October 29, 2007 broadcast of "The Michael Savage Show," the source of the audio content from Savage's show used in the Video.

**ANSWER**:  Defendant objects to these allegations to the extent they call for a legal conclusion to which an answer is neither required nor appropriate.  To the extent that these allegations refer to any outside document, whether or not appended to the Complaint, including without limitation the text of the cited provision of the U.S.C., those documents speak for themselves, and Defendant objects to and denies any description of any such documents that is not the full and complete content of any such document without embellishment or characterization by Plaintiff, and further submits, as to the cited provision of the U.S.C., that what any such provision provides is a matter of law.  Defendant further expressly denies the existence of any "real and actual controversy" between Plaintiff and Defendant, or that the September 29, 2008 letter at issue in this Action (the "**9/29/08 Notice**") was sent on behalf of

Defendant, and denies the remaining allegations for lack of sufficient personal knowledge to respond otherwise thereto.

29. **ALLEGATION**: The Video does not infringe any exclusive rights secured by the Copyright Act or any other state or federal law. It is protected by the First Amendment to the United States Constitution and judicial decisions construing such laws, and the Fair Use Doctrine, codified at 17 U.S.C. § 107.

**ANSWER**: Defendant objects to these allegations to the extent they call for a legal conclusion to which an answer is neither required nor appropriate. Defendant further submits that the text of the unidentified provisions of the U.S.C., the First Amendment to the United States Constitution and whatever unspecified judicial decisions the allegations of Paragraph 29 are referring to speak for themselves, and that what any such provisions provide, as well as the legal effect of the Video, is a matter of law, and objects to and generally denies any characterizations thereof which fail to state precisely the text of the cited material without Plaintiff's paraphrasing and legal contentions.

30. **ALLEGATION**: Brave New Films is therefore entitled to a declaration and judgment that the Video does not infringe the copyrights of OTRN or Savage, or any other exclusive rights that OTRN or Savage might assert under state or federal law.

**ANSWER**: Defendant denies the allegation of Paragraph 30.

31. **ALLEGATION**: Brave New films repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint.

**ANSWER**: Defendant restates and incorporates herein by this reference his responses to each and every prior allegation in the Complaint as though set forth fully herein.

32. **ALLEGATION**: OTRN's September 29, 2008 letter purported to be a notification sent pursuant to the DMCA, and was treated by YouTube as a DMCA takedown notice. In its September 29 letter, OTRN asserted that "Michael Savage Hates Muslims" infringes its "exclusive rights," including the rights of "publication[], broadcast[], and/or reproduction[]"

when in fact the Video infringes no such rights.  Accordingly, the letter and its allegations of infringement were false.

**ANSWER**:  Answering Paragraph 32, Defendant lacks sufficient information and belief as to the actions or beliefs of third parties to respond definitively thereto, and denies all such allegations for lack of sufficient basis to otherwise respond thereto.  Defendant further objects to and denies the allegation in Paragraph 32 as to the contents and effect of the letter alleged therein on the grounds that any such letter speaks for itself, and any summaries and/or characterizations by Plaintiff do not fully and actually describe the specific content thereof.

33.  **ALLEGATION**:  On information and belief, OTRN and Savage had actual or constructive knowledge that the Video did not infringe any "exclusive rights" of "publication[], broadcast[], and/or reproduction[]."  These are rights protected by the Copyright Act, 17 U.S.C. § 106.  At the time OTRN issued its takedown notice, the United States Copyright Office shows that Savage was the legal owner of the copyrighted material.  *See* Exhibit A (Savage's copyright registration for the October 29, 2007 show).  The same material used in nearly the identical manner by CAIR was held by this Court to be fair use and non-infringing as a matter of law. The decision of this Court notwithstanding, the use of short fragments of a two-hour radio broadcast to demonstrate and criticize the views of its host is a self-evident fair use, and obviously protected by the First Amendment's free speech guarantees.  Accordingly, the letter's assertion that the Video infringes any "exclusive right" was a knowing and material misrepresentation in violation of 17 U.S.C. §512(f).

**ANSWER**: Defendant expressly and strenuously denies any allegations that he had any knowledge, actual or constructive, regarding either the 9/29/08 Notice or the Video prior to the filing of the Complaint.  Accordingly, Defendant generally denies the allegations of Paragraph 33 as phrased, and for lack of sufficient personal knowledge to respond otherwise thereto. Defendant further generally objects to and denies such allegations as constituting merely Plaintiff's conclusions, opinion and belief.  Defendant further denies at this time (post service of the Complaint - prior to the commencement of this Action, Defendant had no knowledge of the

Video) that the Video was composed of the "same material used in nearly the identical manner by CAIR". To the extent that these allegations refer to any outside document, whether appended to the Complaint or otherwise, any such documents, and all terms, provisions and contents thereof, speak for themselves, and Defendant objects to and denies such allegations on the grounds that any summaries and/or characterizations by Plaintiff do not fully and actually describe the specific content thereof.

34. **ALLEGATION**: As a direct and proximate result of the actions alleged in this Complaint, Brave New Films has suffered damages, including but not limited to harm to its free speech rights, and the expenses associated with responding to the improper take-down notice and vindicating its free speech rights.

**ANSWER**: Defendant denies the allegations of Paragraph 34.

**WHEREFORE**, Defendant denies that Plaintiff is entitled to judgment against him in any amount, or for any relief, whatsoever, and requests that judgment be entered in favor of Defendant and against Plaintiff, and respectfully requests that this Honorable Court grant him such further relief, including without limitation recovery of all attorneys' fees and costs incurred in his defense of this Action, as this Honorable Court deems just and proper.

## AFFIRMATIVE DEFENSES

**NOW COMES** Defendant, by and through his attorney, Benjamin Aaron Shapiro, and, as and for his *Affirmative Defenses* in this Action, alleges on information and belief as follows:

## FIRST AFFIRMATIVE DEFENSE: NO KNOWING MISREPRESENTATION

1. By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur, then Defendant is not liable to Plaintiff for any of the matters alleged by Plaintiff in this Action, in that Defendant did not authorize, or know of (prior to the commencement of this Action), the issuance of the 9/29/08 Notice in any way, and

16

therefore cannot be held responsible for any "knowing misrepresentation," under 17 U.S.C. §512(f) or otherwise.

### SECOND AFFIRMATIVE DEFENSE: NO MATERIAL MISREPRESENTATION

2. By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur, then Defendant is not liable to Plaintiff for any of the matters alleged by Plaintiff in this Action, in that Defendant did not authorize the issuance of the 9/29/08 Notice in any way, and therefore cannot be held responsible for any "material misrepresentation," under 17 U.S.C. §512(f) or otherwise, and, in the alternative, in that the purported misrepresentation in the 09/29/08 Notice was not material in relation to the totality of the 259 videos the 09/29/08 Letter related to.

### THIRD AFFIRMATIVE DEFENSE: THIRD PARTY RESPONSIBILITY FOR REMOVAL OF VIDEO

3. By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur as to any brief removal of the Video, then Defendant is not liable to Plaintiff for any of the matters alleged by Plaintiff in this Action with respect thereto, in that Plaintiff's sole and actual claim would be against any third party actually removing the Video from YouTube, for a very brief period of time, rather than Defendant.

### FOURTH AFFIRMATIVE DEFENSE: THIRD PARTY RESPONSIBILITY FOR REMOVAL OF CHANNEL

4. By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur as to any brief removal of videos of Plaintiff other than the Video from YouTube, without any request or suggestion by Defendant that such action be taken, then Defendant is not liable to Plaintiff for any of the matters alleged by Plaintiff in this Action with respect thereto, in that Plaintiff's sole and actual claim would be against any third

ANSWER AND AFFIRMATIVE DEFENSES OF
MICHAEL WEINER aka MICHAEL SAVAGE
Case No. CV 08-4703 SI

party actually removing the entire "bravenewfilms" channel from YouTube, for a very brief period of time, rather than Defendant.

## FIFTH AFFIRMATIVE DEFENSE: THIRD PARTY INTERVENING ACT

5.  By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur as to any brief removal of videos of Plaintiff other than the Video from YouTube, without any request or suggestion by Defendant that such action be taken, then Defendant is not liable to Plaintiff for any of the matters alleged by Plaintiff in this Action with respect thereto, in that any such action would constitute an independent intervening act by a third party for which Defendant is not responsible. Plaintiff's sole and actual claim would be against any third party actually removing the entire "bravenewfilms" channel from YouTube, for a very brief period of time, rather than Defendant.

## SIXTH AFFIRMATIVE DEFENSE: PLAINTIFF'S FAILURE TO MITIGATE

6.  By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur, then Defendant is not liable to Plaintiff for any of the matters alleged by Plaintiff in this Action, in that Plaintiff has unreasonably failed to mitigate its alleged damages by filing the Complaint before notifying Defendant and/or defendant THE ORIGINAL TALK RADIO NETWORK, INC. ("**OTRN**") of any alleged improper acts or omissions, or the specifics of Plaintiff's claims with respect to the Video as involving separate and distinct circumstances from the rest of the collective body of 259 videos which were the collective basis of the 9/29/08 Notice.

## SEVENTH AFFIRMATIVE DEFENSE: LACHES, WAIVER AND ESTOPPEL

7.  By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur, any claims by Plaintiff to relief from Defendant for any of the matters alleged by Plaintiff in this Action should be, and are, barred by the

18

principles of laches, waiver and estoppel, on multiple grounds, including without limitation: (i) Plaintiff's commencing this Action without any prior communication with Defendant and/or OTRN whatsoever, including a failure to apprise either Defendant or OTRN of Plaintiff's claims as to the Video; (ii) Plaintiff's commencing this Action hurriedly, without prior communications with Defendant and/or OTRN, prior to reinstatement of the Video via the restoration process specified by the DMCA for resolving the very issues alleged by Plaintiff in this Action; (iii) Plaintiff's obvious efforts to use this Action to punish Defendant for purported statements (whether or not summarized or described out of context) and other purported offenses, as evidenced by Plaintiff's allegations in the Complaint concerning Savage's purported "hateful views" (Paragraph 19, at Page 6, line 2) and "intolerance" (Paragraph 18, at Page 5, line 28), and for what Plaintiff describes in the Complaint as "Savage's retaliatory lawsuit against CAIR" and "his attempts to censor CAIR by suing the group for copyright infringement" (Paragraph 19, at Page 6, lines 4-6); (iv) Plaintiff's use of this Action to restrict exercise of Savage's free speech rights by challenging the merits of Savage's purported views as part of the affirmative allegations advanced by Plaintiff in the Complaint; and (v) Plaintiff's efforts to interfere with the relationship between Defendant and OTRN by introducing alleged sins of Defendant as affirmative contentions in an action brought against OTRN and Defendant for OTRN's separate actions.

## EIGHTH AFFIRMATIVE DEFENSE: PLAINTIFF'S UNCLEAN HANDS

8. By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur, any claims by Plaintiff to equitable relief for any of the matters alleged by Plaintiff in this Action should be, and are, barred by the principle of unclean hands, on multiple grounds, including without limitation: (i) Plaintiff's commencing this Action without any prior communication with Defendant and/or OTRN whatsoever, including a failure to apprise Defendant and/or OTRN of Plaintiff's claims as to the Video; (ii) Plaintiff's commencing this Action hurriedly, without prior communications with Defendant and/or OTRN,

19

prior to reinstatement of the Video via the restoration process specified by the DMCA for resolving the very issues alleged by Plaintiff in this Action; (iii) Plaintiff's obvious efforts to use this Action to punish Defendant for purported statements (whether or not summarized or described out of context) and other purported offenses, as evidenced by Plaintiff's allegations in the Complaint concerning Defendant's purported "hateful views" (Paragraph 19, at Page 6, line 2) and "intolerance" (Paragraph 18, at Page 5, line 28), and for what Plaintiff describes in the Complaint as "Savage's retaliatory lawsuit against CAIR" and "his attempts to censor CAIR by suing the group for copyright infringement" (Paragraph 19, at Page 6, lines 4-6); (iv) Plaintiff's use of this Action to restrict exercise of Defendant's free speech rights by challenging the merits of Defendant's purported views as part of the affirmative allegations advanced by Plaintiff in the Complaint; and (v) Plaintiff's efforts to interfere with the relationship between Defendant and OTRN by introducing alleged sins of Defendant as affirmative contentions in an action brought against Defendant and OTRN for the separate actions of OTRN.

### NINTH AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM

9.  By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur, Plaintiff is nevertheless not entitled to any relief against Defendant in this Action, in that Plaintiff has not stated any claim against Defendant upon which relief can be granted.

### TENTH AFFIRMATIVE DEFENSE: 17 U.S.C. §512 INAPPLICABLE

10.  By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur, Plaintiff is nevertheless not entitled to any relief against Defendant in this Action, in that Plaintiff's claim under §512(f) is inapplicable as to Defendant, since Defendant never authorized or suggested in any way the issuance of the 9/29/08 Notice.

# ELEVENTH AFFIRMATIVE DEFENSE: FREE SPEECH

11. By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur, Plaintiff is nevertheless not entitled to any relief against Defendant in this Action, in that Defendant's conduct was protected by the First Amendment to the United States Constitution and Article I, Section 2 of the California Constitution, as free speech.

# TWELFTH AFFIRMATIVE DEFENSE: NO CONTINUING CONTROVERSY

12. By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur, Plaintiff is not entitled to injunctive and/or declaratory relief, in that the totality of Plaintiff's actual claim in this Action has been rendered moot, no continuing controversy exists with respect to Plaintiff's use of the Video, and no basis exists to establish a likelihood of a further claim by Plaintiff with respect to the Video, and in that Defendant has never asserted any claims with respect to the Video. Accordingly, regardless of any prior circumstances, there is no legal basis for issuance of any injunctive and/or declaratory relief in this Action, as there is, and can be, no actual showing of future actions justifying any injunctive and/or declaratory relief.

# THIRTEENTH AFFIRMATIVE DEFENSE: NO ACTUAL DAMAGES

13. By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur, Plaintiff is not entitled to any recovery against Defendant in this Action, in that Plaintiff has not sustained any actual damages as a proximate result of the actions or inactions of Defendant alleged in the Complaint, particularly since Defendant never authorized the issuance of the 9/29/08 Notice, and in that any and all items posted on YouTube by Plaintiff have been restored in a timely manner without any demonstrable loss of revenues to Plaintiff as a result thereof, among other factors.

21

**FOURTEENTH AFFIRMATIVE DEFENSE: DAMAGES SPECULATIVE**

14. By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur, Plaintiff is not entitled to any recovery against Defendant in this Action in that any damages claimed by Plaintiff in this Action are speculative.

**FIFTEENTH AFFIRMATIVE DEFENSE:**

**COMPARATIVE FAULT/NEGLIGENCE OF PLAINTIFF**

15. By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur, any claimed damages asserted against Defendant must be reduced in proportion to the comparative fault and/or negligence of Plaintiff in relation to the matter or matters giving rise to such claimed damages, if and to the extent that any such claimed damages can in fact be proven to be actual, compensable, demonstrable and the proximate result of actual wrongful actions or omissions established in this Action.

**SIXTEENTH AFFIRMATIVE DEFENSE:**

**COMPARATIVE FAULT/NEGLIGENCE OF THIRD PARTIES**

16. By way of pleading in the alternative, if and to the extent that any of the acts or omissions alleged in the Complaint did occur, any claimed damages asserted against Defendant must be reduced in proportion to the comparative fault and/or negligence of Defendant in relation to the fault and/or negligence of other third parties as to the matter or matters giving rise to such claimed damages, if and to the extent that any such claimed damages can in fact be proven to be actual, compensable, demonstrable and the proximate result of actual wrongful actions or omissions established in this Action.

**SEVENTEENTH AFFIRMATIVE DEFENSE: PRIVILEGE**

17. Plaintiff is not entitled to any relief against Defendant in this Action, in that any alleged actions of Defendant at issue in this Action with regard to the 9/29/08 Notice (all such

22

allegations being false, since Defendant took no action whatsoever to authorize or otherwise participate in the 9/29/08 Notice, and had no notice thereof), even if such alleged actions had occurred or are otherwise attributable to Defendant, would be privileged, as they would have been undertaken in an honest and good faith belief that such actions were lawful and proper efforts to preserve and protect lawful interests, whether or not, in hindsight, any such supposed actions are deemed to have been mistaken with respect to one single video out of the collective total of 259 videos giving rise to the 9/29/08 Notice.

## EIGHTEENTH AFFIRMATIVE DEFENSE: GOOD FAITH

18.  Plaintiff is not entitled to any relief against Defendant in this Action, in that any alleged actions of Defendant at issue in this Action with regard to the 9/29/08 Notice (all such allegations being false, since Defendant took no action whatsoever to authorize or otherwise participate in the 9/29/08 Notice, and had no notice thereof), even if such alleged actions had occurred and/or are somehow attributed to Defendant, would have been justified, and would have been undertaken in an honest and good faith belief that such actions were lawful and proper efforts to preserve and protect Defendant's and/or OTRN's lawful interests, whether or not, in hindsight, any such supposed actions are deemed to have been mistaken with respect to one single video out of the collective total of 259 videos giving rise to the 9/29/08 Notice, in that the percentage of the content taken from the Show in the Video constituted the predominant portion of the total length of the Video, the Video must be viewed as part of a collective total, and in that the Video differed in material respects from the use of the 10/29/07 broadcast at issue in the "CAIR Litigation".

## NINETEENTH AFFIRMATIVE DEFENSE: TOTALITY OF THE CIRCUMSTANCES

19.  Plaintiff is not entitled to any relief against Defendant in this Action, in that any actual actions of Defendant at issue in this Action are not actionable under the totality of the circumstances in this Action contained therein.

23

## <u>TWENTIETH AFFIRMATIVE DEFENSE: NO FAIR USE</u>

20.  Plaintiff is barred from relief because the Video at issue does not make fair use of the copyrighted work contained therein.


Dated:  April 24, 2009

Respectfully submitted,


_____/s/ Benjamin Aaron Shapiro___

Benjamin Aaron Shapiro

Attorney for Defendant

MICHAEL WEINER aka MICHAEL SAVAGE

**PROOF OF SERVICE BY E-MAIL**

I am employed in the County of Los Angeles, California. I am over the age of eighteen years and not a party to the within case. My business address is 12330 Magnolia Boulevard Suite 114, Los Angeles, CA, 91607. On April 24, 2009, I served the attached **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MICHAEL WEINER aka MICHAEL SAVAGE** on the interested parties in the above captioned action by E-mail as follows:

Tony Falzone
falzone@stanford.edu

William Abrams
William.abrams@bingham.com

Ronald H. Severaid
rhseveraid@sbcglobal.net

Carter Glahn
cglahn@sbcglobal.net

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on April 24, 2009 at Los Angeles, California.


_____/s/ Benjamin Shapiro_____

Benjamin Shapiro
12330 Magnolia Blvd., #114
Valley Village, CA 91607
(818) 620-0137
Bshapiro708@gmail.com

Attorney for Defendant MICHAEL
WEINER aka MICHAEL SAVAGE

25