Anthony T. Falzone (SBN 190845)
Julie A. Ahrens (SBN 230170)
STANFORD LAW SCHOOL CENTER FOR
INTERNET AND SOCIETY
559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 736-9050
Facsimile: (650) 723-4426
E-mail: falzone@stanford.edu

William F. Abrams (SBN 88805)
Sheila M. Pierce (SBN 232610)
BINGHAM MCCUTCHEN LLP
1900 University Avenue
East Palo Alto, CA 94303-2223
Telephone: 650.849.4400
Facsimile: 650.849.4800
E-mail: william.abrams@bingham.com

Attorneys for Plaintiff
BRAVE NEW FILMS 501(c)(4)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAVE NEW FILMS 501(C)(4),<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL WEINER aka MICHAEL SAVAGE, and ORIGINAL TALK RADIO NETWORK, INC.,<br><br>　　　　Defendants. | No. CV 08-04703 SI<br><br>**PLAINTIFF BRAVE NEW FILMS' OPPOSITION TO THE ORIGINAL TALK RADIO NETWORK INC.'S MOTION FOR SUPPLEMENTAL PROTECTIVE ORDER**<br><br>Date:　　May 22, 2009<br>Time:　　9:00 a.m.<br>Location: Courtroom 10<br><br>Honorable Susan Illston |

CV 08-04703 SI

PLAINTIFF BRAVE NEW FILMS' OPPOSITION TO THE ORIGINAL TALK RADIO NETWORK INC.'S
MOTION FOR SUPPLEMENTAL PROTECTIVE ORDER

Dock...

## I. INTRODUCTION

Less than two weeks after plaintiff Brave New Films and defendants The Original Talk Radio Network ("OTRN") and Michael Savage ("Savage") (collectively "Defendants") filed a stipulated Protective Order, OTRN filed this Motion seeking a supplemental protective order.[1] Among the more amazing requests made by OTRN in its Motion are that (1) the Court should grant a stay in discovery until after the determination of dispositive motions; and (2) all documents containing highly confidential information about Savage, the very type of information that is intended to be protected by the existing Protective Order, be turned over to a third party Magistrate Judge to determine relevancy. OTRN premises this Motion on the notion that it should be excused from producing documents of any type relating to any aspect of the relationship between OTRN and Savage because those documents are highly confidential and irrelevant to any issue in this case.

OTRN has not shown good cause that (1) a supplemental protective order is necessary; (2) highly confidential documents should be produced to a third party magistrate; or (3) discovery should be stayed until the determination of dispositive motions. This is unnecessary and results in extraordinary burden, delay and cost. The documents that Brave New Films seeks are relevant to the subject matter of the case and necessary to Brave New Films' ability to support its claims and disprove Defendants' defenses. For these reasons and other reasons set forth below, OTRN's motion should be denied.

## II. STATEMENT OF ISSUES TO BE DECIDED

The Court must decide whether the existing Protective Order entered into by Plaintiff and Defendants (collectively "the Parties") does not provide adequate protection to OTRN, thereby justifying OTRN's request for a supplemental protective order.

---

[1] While this Motion applies only to OTRN, in his recent responses to Brave New Films' document requests, Savage reserved "the right to bring a separate motion for a supplemental protective order." Declaration of Sheila M. Pierce in Support of Plaintiff Brave New Films' Opposition to OTRN's Motion for Supplemental Protective Order ("Decl.") at ¶ 2, Ex. A at 3:24-26. Brave New Films agreed to stipulate that the present motion would apply to both defendants. Counsel for Savage agreed and said that he would take appropriate measures. *Id.* at ¶ 3.

## III. RELIEF SOUGHT

Brave New Films asks this Court to deny OTRN's Motion For Supplemental Protective Order.

## IV. STATEMENT OF FACTS

Brave New Films filed this lawsuit on October 10, 2008. OTRN filed its Answer and Savage filed a Motion to Dismiss on January 11, 2009. On January 14, 2009, the Parties participated in a meet and confer as required by Federal Rule of Civil Procedure 26(f). Decl. at ¶ 4. At that time, counsel for Defendants indicated that they intended to file summary judgment motions early in the case. *Id.* at ¶ 5. Counsel for Brave New Films noted that filing dispositive motions prior to any discovery would not be the most efficient way of proceeding and that it would necessitate Brave New Films' serving discovery earlier rather than later so that it could properly oppose the motions. *Id.* at ¶ 6.

OTRN has repeatedly asserted that the January 22, 2009 Joint Case Management Statement "required that the Parties 'discuss the specifics relating to the production of documents' before requesting such production." OTRN's Motion for Supplemental Protective Order ("Motion") at 5:24-26. The Statement, however, stipulates that the Parties would discuss production once they had a "better idea of the volume and types of documents that will be produced." Decl. at ¶ 7, Ex. B. at 4:25-28. The Statement does not mention the timing of such discussions. In fact, a more logical construction of the Statement is that meet and confers should occur after discovery is served, because a party would have no idea of the volume or types of documents it would need to produce until after it received requests from the other side. Nonetheless, OTRN did not request a meet and confer until the night of March 11, 2009 — the night before its responses were due. Decl. at ¶ 8. At that time, Brave New Films agreed to OTRN's demand for a meet and confer. *Id.*

On March 17, 2009, the Parties met and conferred to discuss OTRN's responses to Brave New Films' requests. *Id.* at ¶ 9. At that time, counsel for OTRN and Savage raised concerns that some of their clients' documents might contain highly confidential information. *Id.* at ¶ 10. When pressed to identify specific documents and specific information that concerned

2   CV 08-04703 SI

PLAINTIFF BRAVE NEW FILMS' OPPOSITION TO THE ORIGINAL TALK RADIO NETWORK INC.'S
MOTION FOR SUPPLEMENTAL PROTECTIVE ORDER

OTRN, OTRN identified Savage's compensation terms. *Id.* at 11. The Parties agreed to stipulate to a protective order based on the guidelines set forth by the Northern District. *Id.* at ¶ 12-13, Ex. C. The March 17 meet and confer was confirmed in a letter to Mr. Shapiro with the instructions that he should advise Brave New Films' counsel if anything was "misstated or omitted." Decl. at ¶ 13, Ex. C. OTRN did not respond to the letter. Decl. at ¶ 14. Nor did OTRN at any time during the meet and confer or thereafter advise Brave New Films that it would seek an additional protective order. *Id.* On March 31, 2009, OTRN provided responses to Brave New Films' Interrogatories and Requests for Admissions. *Id.* at ¶ 15. On April 10, 2009, OTRN produced a single page in response to Brave New Films' Requests for Production of Documents. *Id.* at ¶ 16. On that same day, OTRN filed this Motion. On April 24, 2009, the Parties met and conferred to once again discuss discovery and this Motion. *Id.* at ¶ 17.

## V. ARGUMENT

### A. OTRN Has Provided No Justification That A Supplemental Protective Order Is Necessary

OTRN cites no authority for the proposition that a supplemental protective order should be granted on facts such as those present here. In seeking a protective order in general, the Ninth Circuit recently held that courts must "weigh the claim to privacy against the need for disclosure in each case," and that when necessary a court "can enter protective orders allowing discovery but limiting the use of the discovered documents." *Pasadena Oil & Gas Wyo. LLC v. Mont. Oil Props. Inc.*, No. 07-35896, 2009 U.S. App. LEXIS 6161, at *3 (9th Cir. Mar. 26, 2009).[2] This is exactly what the Parties here did.

After the meet and confer on March 17, 2009, in which OTRN's counsel raised concerns about highly confidential information, the Parties entered into a protective order based on the exemplar provided by the Northern District. Less than two weeks later, OTRN filed this

---

[2] OTRN cites to *Pasadena*, but the case does not involve a supplemental protective order. In *Pasadena*, the court found that the balancing process referred to by OTRN, in fact, tipped in favor of disclosure because the documents were relevant and a protective order could be crafted in such a way to limit the use of such information or place it under seal if necessary. *Pasadena*, 2009 U.S. App. LEXIS 6161, at *4.

PLAINTIFF BRAVE NEW FILMS' OPPOSITION TO THE ORIGINAL TALK RADIO NETWORK INC.'S
MOTION FOR SUPPLEMENTAL PROTECTIVE ORDER

Motion for a supplemental protective order. OTRN fails to show how the current Protective Order does not protect its trade secret information. OTRN has done no more than argue in conclusory fashion that "any compensation provisions and other provisions . . . constitute confidential commercial information, the disclosure of which would oppress OTRN[,] . . . could compromise relationships and future negotiations with existing and future hosts, and provide OTRN's competitors with valuable commercial information to the severe detriment of OTRN." Motion at 9:3-10. OTRN does not identify the documents it seeks to protect, how it expects the information to end up in the hands of competitors, or how disclosure will oppress or provide severe detriment to OTRN. *See Beckman Industs. Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.") (internal citation and quotation omitted).

The current Order provides more than adequate protection. First, the current Protective Order allows any party in the case to designate certain information "whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means" as "Highly Confidential – Attorneys' Eyes Only." Protective Order at 2:20-23. Brave New Films has no in-house counsel, so when designating documents as "Attorneys' Eyes Only," there is minimal risk of inadvertent disclosure. *Id.* at ¶18. Second, the Protective Order limits how the information may be used and to whom it may be disclosed, thus ensuring that highly confidential information does not fall into the "wrong hands." Protective Order at 7:25-28; 9:1-16. These provisions provide more than adequate protection to even the most sensitive of documents.

The existing Protective Order has plenty of teeth, and although OTRN is aware that Brave New Films is bound by the existing Protective Order, OTRN alleges that allowing Brave New Films access "to such information, in any form, could be severely damaging." Motion at 4:27-28. OTRN does not substantiate its allegations with specific examples of how it will be severely harmed if counsel for Brave New Films acquires these highly confidential documents. Indeed, Brave New Films understands the gravity of failing to comply with a court order. Not only does Brave New Films have an ethical duty to comply with the Order, but

failure to do so could result in sanctions.  *See* Fed. R. Civ. P. 37(b)(2)(A); *see also, Harmston v. City and County of San Francisco*, No. C 07-01186 SI, 2007 U.S. Dist. LEXIS 87144, at *9 (N.D. Cal. 2007) ("A court has power to adjudge in civil contempt any person who willfully disobeys a specific and definite order requiring him to do or to refrain from doing an act.") (citing *Shuffler v. Heritage Bank*, 720 F.2d, 1141, 1146 (9th Cir. 1983)).

Finally, if OTRN is concerned that Brave New Films may attach a document containing highly confidential trade secret information to documents filed with the Court, the Northern District has a remedy – one that does not require a supplemental protective order.  Civil Local Rule 79-5 and Rule 3 of Judge Illston's Standing Order provide for a mechanism by which OTRN can seek to have highly confidential information filed under seal, thereby preventing that information from ending up in a competitor's hands.  Civil L.R. 79-5; Judge Illston's Standing Order at ¶ 3.

**B. No Good Cause Exists For Warranting Production Of Documents To A Third Party Magistrate**

OTRN argues next that "any balancing test weighs in favor of" producing all highly confidential documents to a third-party magistrate.  Motion at 9:11-13.  Whether documents should be produced to a third party for review is fact specific, requiring a court to examine the circumstances of counsel's relationship to the party demanding access.  *See Brown Bag v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992).  Notably, in *Brown Bag*, the court had to balance "the risk of inadvertent disclosure of trade secrets" to competitors against the plaintiff's opportunity to develop its case through alternative discovery procedures, because the parties were competitors.  *Id.*; *see also Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 617 (N.D. Cal. 2006) (reasoning that where plaintiffs were not competitors, there was virtually no risk that defendants' "secrets" would be disclosed).

Two important factors present in *Brown Bag* are not present here.  First, in *Brown Bag*, the parties were direct competitors, which made the possibility of inadvertent disclosure more real.  *See generally id*.  Second, circumstances had changed between the time the parties agreed to designate certain trade secret information as "attorneys' eyes only" and the time

1 defendant sought additional protection, as outside counsel had withdrawn and plaintiff had hired
2 in-house counsel, raising the concern of inadvertent disclosure to a competitor. *Id.* at 1469.
3 Here, OTRN has not, nor can it, allege that the Parties are competitors, and there has been no
4 change in circumstances between the two Parties since they entered into the stipulated Protective
5 Order.

6         In *Brown* Bag, because the parties were direct competitors, the Court determined
7 that disclosure of defendant's trade secrets to the newly hired in-house counsel would place
8 counsel "in the 'untenable position' of having to refuse his employer legal advice on a host of
9 competitive [] decisions lest he improperly or indirectly reveal [defendant]'s trade secrets." *Id.*
10 at 1471. Here, Brave New Films is not a competitor of either Savage nor OTRN and there is no
11 access of information to an in-house lawyer involved in the competitive decision-making process
12 at Brave New Films. Hence, the risk of inadvertent disclosure to a competitor present is virtually
13 non-existent.

14         The court further noted that because the former outside counsel already had ample
15 time to review the documents containing trade secrets and to develop admissible evidence from
16 the trade secrets divulged, plaintiff was not precluded from developing its case. *Id.*
17 Additionally, the discovery deadline had passed. *Id.* Again, the facts here are distinguishable
18 from those of *Brown Bag*. Brave New Films has had no opportunity to review the documents it
19 seeks because virtually no discovery has occurred. To date, OTRN and Savage have produced a
20 single one page document. Decl. at ¶ 16. Additionally, the discovery deadline has not even been
21 set, let alone passed. *Id.* at ¶ 19.

22         Even parties who are in direct competition and who are concerned with protecting
23 information that is of much greater value than the alleged confidential information in this case
24 regularly rely on the Northern District's protective order. Neither OTRN nor Savage have
25 offered any evidence showing why the current Protective Order cannot provide adequate
26 protection here.
27
28

**C. OTRN Has Provided No Justification That Discovery Should Be Stayed Until Determination Of Summary Judgment Motions**

OTRN urges the Court to "excus[e] the defendants in this Action from production of documents, with respect to any agreements, correspondence, other communications, other information and/or documents of any kind relating to any aspect of the relationship between OTRN and MICHAEL WEINER, aka MICHAEL SAVAGE" until after "the determination of any dispositive motions which may narrow or eliminate the number of relevant issues remaining for determination." Motion at 2:3-9. To prevail, OTRN must show that (1) a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed; and (2) the pending dispositive motion can be decided absent further discovery. *Pacific Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351-52 (N.D. Cal. 2003). The burden is on OTRN to make this showing and it has shown neither. If either prong is not established, discovery must proceed. *Id.* at 352.

OTRN cannot show, nor does it make any attempt to show, that its pending summary judgment motion can be decided without further discovery.[3] OTRN vaguely asserts that "the essential facts relevant to this Action . . . are not in dispute and may be fully resolved, or at least severely narrowed, by the Court's rulings on various dispositive motions." Motion at 5:1-5. OTRN does not, however, explain how these motions can be resolved without discovery. Indeed, Brave New Films has repeatedly asserted that at least the claim for misrepresentation under 17 U.S.C. § 512(f) requires extensive discovery.

Granting a complete stay in this case will preclude Brave New Films from adequately opposing OTRN's Motion for Summary Judgment. Denying a request for a stay is particularly appropriate if the stay could preclude a party from fully preparing for the pending dispositive motions. *Pacific Lumber,* 220 F.R.D. at 352. A stay will prevent Brave New Films

---

[3] Essentially no discovery has occurred. OTRN produced a single page in response to requests for documents; objections and inadequate responses to written discovery; and no depositions have been taken.

from acquiring the evidence it needs to fully brief its opposition to OTRN's summary judgment motion (and Savage's, once it is filed) on several issues, including: (1) what Savage knew or did not know about the takedown letter issued by OTRN; (2) whether OTRN acted as Savage's agent in issuing the takedown letter; (3) whether, at the time the takedown notice was issued, OTRN had a good faith belief that it owned copyrighted material allegedly infringed by Brave New Films' Video; and (4) whether OTRN's material misrepresentation was made in good faith. The documents Brave New Films has requested relating to Savage's relationship to OTRN, his knowledge of the takedown letter and ownership of copyright interests to *The Michael Savage Show* are necessary for Brave New Films to adequately oppose the pending Motion For Summary Judgment.

Moreover, granting OTRN's request for a stay also precludes Brave New Films from filing its own dispositive motion on the same issues. Hence, the stay should not be granted.

### D. The Savage Documents Are Relevant

OTRN argues that the "Savage Documents . . . are utterly and completely irrelevant to the issues presented in this Action" and that "the compensation provisions[4] and the other contractual terms and communications between OTRN and Savage do not bear any relation to the underlying claims made by Plaintiff." Motion at 10:8-9, 14-17. This is untrue. The Federal Rules of Civil Procedure provide "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). Relevance to the subject matter "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In fact, courts have stated "'[i]t is not too strong to say that a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject

---

[4] Brave New Films has never requested compensation terms, a fact that OTRN has been advised of repeatedly. Decl. at ¶ 11.

matter of the action.'" *Weiss v. Amoco Oil Co.*, 142 F.R.D. 311, 315 (S.D. Iowa 1992) (emphasis added) (citing *AM Int'l, Inc. v. Eastman Kodak Co.,* 100 F.R.D. 255, 257 (N.D. Ill. 1981) (quoting from 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, Civil § 2008 (1970)). Indeed, once relevance and necessity are established, disclosure is virtually always ordered. *See Trevino*, 232 F.R.D. at 617.

The documents Brave New Films seeks are relevant to the subject matter of this case. Issues central to this case include: (1) what Savage knew or did not know about the takedown letter issued by OTRN; (2) whether OTRN acted as Savage's agent in issuing the takedown letter; (3) whether at the time the takedown notice was issued OTRN had a good faith belief that it owned copyrighted material allegedly infringed by Brave New Films' Video; and (4) whether OTRN's material misrepresentation was made in good faith. The documents Brave New Films seeks, such as agreements between Savage and OTRN, communications between Savage and OTRN, documents relating to the relationship between Savage and OTRN and documents relating to the copyright ownership of *The Michael Savage Show*, are all relevant to the subject matter of the case as they bear on, or reasonably could lead to other matter that could bear on the above issues. *See Oppenheimer*, 437 U.S. at 351. OTRN should not be allowed to thwart the discovery process on vague and unsupported allegations of irrelevance.

### E. A Stay Is Not Warranted Because OTRN Cannot Show That Brave New Films Is Unable To State A Claim For Relief

OTRN further argues for a stay on the basis that it "may be warranted when the Court is convinced that a plaintiff will be unable to state a claim for relief." Motion 11:1-3. "The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay in discovery." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). Indeed, such a notion is at direct odds with the Federal Rules on discovery. *Id*. Hence, even if OTRN had a motion to dismiss pending, a stay would likely not be warranted.

OTRN, however, has no pending motion to dismiss and its reliance on *Wenger v. Monroe*, 282 F.3d 1068 (9th Cir. 2002) is misplaced. In *Wenger*, the Ninth Circuit found no error in the district court's grant of a protective order where the court was convinced that the

1 | plaintiff would be unable to survive a motion to dismiss. *Id*. at 1077. Such is not the case here,
2 | so the argument is meritless. The only motion to dismiss filed in this case, on behalf of Savage,
3 | was denied. *See* Order Denying Savage's Motion to Dismiss, Docket. No. 66. Hence, OTRN's
4 | argument fails.

**VI. CONCLUSION**

For the foregoing reasons, Plaintiff Brave New Films respectfully requests this Court to deny OTRN's Motion For Supplemental Protective Order.

DATED: May 1, 2009

By:     /s/ William F. Abrams

Anthony T. Falzone
Julie A. Ahrens
STANFORD LAW SCHOOL CENTER FOR INTERNET AND SOCIETY

William F. Abrams
Sheila M. Pierce
BINGHAM MCCUTCHEN LLP
Attorneys for Plaintiff
BRAVE NEW FILMS