Anthony T. Falzone (SBN 190845)
Julie A. Ahrens (SBN 230170)
STANFORD LAW SCHOOL CENTER FOR
INTERNET AND SOCIETY
559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 736-9050
Facsimile: (650) 723-4426
E-mail: falzone@stanford.edu

William F. Abrams (SBN 88805)
Sheila M. Pierce (SBN 232610)
BINGHAM MCCUTCHEN LLP
1900 University Avenue
East Palo Alto, CA 94303-2223
Telephone: 650.849.4400
Facsimile: 650.849.4800
E-mail: william.abrams@bingham.com

Attorneys for Plaintiff
BRAVE NEW FILMS 501(c)(4)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAVE NEW FILMS 501(C)(4),<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL WEINER aka MICHAEL SAVAGE, and ORIGINAL TALK RADIO NETWORK, INC.,<br><br>　　　　Defendants. | No. CV 08-04703 SI<br><br>**DECLARATION OF SHEILA M. PIERCE IN SUPPORT OF PLAINTIFF BRAVE NEW FILMS' OPPOSITION TO DEFENDANT ORIGINAL TALK RADIO NETWORK, INC.'S MOTION FOR SUPPLEMENTAL PROTECTIVE ORDER**<br><br>Date:　　May 22, 2009<br>Time:　　9:00 a.m.<br>Location: Courtroom 10<br>Honorable Susan Illston |

CV 08-04703 SI

DECLARATION OF SHEILA M. PIERCE IN SUPPORT OF PLAINTIFF BRAVE NEW FILMS' OPPOSITION TO
DEFENDANT ORIGINAL TALK RADIO NETWORK INC.'S MOTION FOR SUPPLEMENTAL PROTECTIVE ORDER

I, Sheila M. Pierce, declare:

1. I am an attorney duly admitted to practice before this Court, and am an associate at Bingham McCutchen, LLP, Counsel for Brave New Films 501(c) (4). This declaration is submitted in support of BRAVE NEW FILMS' OPPOSITION TO DEFENDANT ORIGINAL TALK RADIO NETWORK INC.'S MOTION FOR SUPPLEMENTAL PROTECTIVE ORDER ("the Opposition"). If called as a witness I would and could testify to the following:

2. Original Talk Radio Network, Inc.'s ("OTRN") Motion for Supplemental Protective Order applies only to OTRN. In his responses to Brave New Films' request for documents, Michael Savage ("Savage") reserved "the right to bring a separate motion for a supplemental protective order" in a separate motion. Attached hereto as Exhibit A is a true and correct copy of Defendant Michael Weiner aka Michael Savage's Response to First Set of Production of Documents By Plaintiff Brave New Films 501(c)(4).

3. Brave New Films agreed to stipulate that this Motion would apply to both OTRN and Savage (collectively "Defendants"). Counsel for Savage agreed and indicated that he would take appropriate measures.

4. On January 14, 2009, Brave New Films and Defendants (collectively "the Parties") participated in a meet and confer as required by Federal Rule of Civil Procedure 26(f).

5. During the January 14 meet and confer, counsel for Defendants indicated that they intended to file summary judgment motions early in the case.

6. During the January 14 meet and confer, counsel for Brave New Films noted that filing dispositive motions prior to any discovery would not be the most efficient way of proceeding and that it would necessitate Brave New Films' serving discovery earlier rather than later so that it could properly oppose the motions.

7. Attached hereto as Exhibit B is a true and correct copy of the Joint Case Management Conference Statement dated January 22, 2009.

8. OTRN did not request a meet and confer until the evening of March 11, 2009 – the night before its responses were due. At that time Brave New Films agreed to OTRN's demand to meet and confer.

2 CV 08-04703 SI

DECLARATION OF SHEILA M. PIERCE IN SUPPORT OF PLAINTIFF BRAVE NEW FILMS' OPPOSITION TO
DEFENDANT ORIGINAL TALK RADIO NETWORK INC.'S MOTION FOR SUPPLEMENTAL PROTECTIVE ORDER

9. On March 17, 2009, the Parties met and conferred to discuss OTRN's responses to Brave New Films' requests.

10. At that time, counsel for OTRN Savage raised concerns that some of their clients' documents might contain highly confidential information.

11. When pressed to identify specific documents and specific information that Defendants were concerned about, they identified Savage's compensation terms. Brave New Films has never requested compensation terms in discovery, a fact that OTRN and Savage have been advised of repeatedly.

12. The Parties agreed to stipulate to a protective order based on the guidelines set forth by the Northern District.

13. The March 17, 2009 meet and confer was memorialized in a letter to Benjamin Shapiro with the instructions that he should advise Brave New Films' counsel if anything was "misstated or omitted." Attached hereto as Exhibit C is a true and correct copy of that letter.

14. OTRN did not respond to the letter. Nor did OTRN at any time during the meet and confer or thereafter advise Brave New Films that it would seek an additional protective order.

15. On March 31, 2009, OTRN provided responses to Brave New Films' Interrogatories and Requests for Admissions.

16. On April 10, 2009, OTRN produced a single page in response to Brave New Films' Requests for Production of Documents. OTRN has produced no other documents in response to Brave New Films' Requests.

17. On April 24, 2009, the Parties met and conferred to once again discuss discovery and this Motion.

18. Brave New Films has no in-house counsel.

19. The discovery deadline has not been set in this case, let alone passed.

///

///

///

1       I declare under penalty of perjury under the laws of the United States of America
2 and the State of California that the foregoing is true and correct.
3 DATED: May 1, 2009

5       By:    /s/ Sheila M. Pierce
6            Sheila M. Pierce

DECLARATION OF SHEILA M. PIERCE IN SUPPORT OF PLAINTIFF BRAVE NEW FILMS' OPPOSITION TO DEFENDANT ORIGINAL TALK RADIO NETWORK INC.'S MOTION FOR SUPPLEMENTAL PROTECTIVE ORDER