IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAVE NEW FILMS 501(c)(4), | No. C 08-04703 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT OTRN'S MOTION FOR A SUPPLEMENTAL PROTECTIVE ORDER** |
| v. | |
| MICHAEL WEINER a/k/a MICHAEL SAVAGE, and ORIGINAL TALK RADIO NETWORK, INC., | |
| Defendants. | |

Defendant Original Talk Radio Network ("OTRN") has filed a motion for a supplemental protective order. The motion is scheduled for hearing on May 22, 2009. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court DENIES the motion.

**DISCUSSION**

This case was filed on October 10, 2008 and the parties have so far conducted minimal discovery. Defendants OTRN and Michael Weiner, also known as Michael Savage ("Savage"), have filed motions for summary judgment, which are scheduled for hearing on June 12, 2009. The instant dispute arises from a discovery request by plaintiff Brave New Films 501(c)(4) ("Brave New Films"). Brave New Films has requested that OTRN produce "All documents relating to the relationship between [OTRN] and Savage including but not limited to employment agreements, contracts, licenses and assignments." *See* Decl. of Ronald H. Severaid in Supp. of Def Mot. for Protective Order, ex. A.

Defendant OTRN seeks a protective order (1) delaying discovery of "any documents relating to any aspect of the relationship" between Savage and OTRN until after resolution of defendants' summary judgment motions; (2) if discovery is conducted, ordering any such documents to be reviewed by a magistrate judge to determine whether the materials are discoverable; and (3) in the event that the magistrate judge determines that the materials are discoverable, that they be produced in redacted form and subject to the parties' protective order.

OTRN raises several arguments as to why it should not have to produce documents pertaining to the relationship between Savage and OTRN. First, OTRN contends that these documents are not discoverable as they contain confidential commercial information. A party may seek a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. Pro. 26(c)(1)(G). The federal rules, however, do not provide an absolute privilege for such information; courts balance a litigant's claim to privacy against the need for disclosure, and district courts may enter protective orders that limit the use of discovered documents. *Fed. Open Market Comm. of the Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 362 (1979); *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

OTRN contends that information relating to the relationship between OTRN and Savage will include "compensation provisions and other provisions of [] private and confidential contract provisions" and that disclosure of these materials could harm OTRN's contractual arrangements with other radio hosts. Def. Mot. at 9. Brave New Films, however, has informed OTRN that it does not seek discovery of Savage's compensation. *See* Decl. of Sheila M. Pierce in Supp. of Pl. Opp. ¶ 11. OTRN therefore may avoid the disclosing this information by redacting it from any documents it produces. OTRN has not explained what other documents constitute confidential commercial information and therefore has not met is burden in establishing good cause for a protective order. If such documents do exist, Brave New Films has consented for them to be produced subject to a protective order, whereby only counsel for Brave New Films would have access to them. The Court also notes that Brave New

Films, a documentary film company, and OTRN, a distributor of talk radio content, are not competitors – in fact, they are not even in the same line of business. Discovery in this case therefore does not raise the possibility that Brave New Films could gain an unfair business advantage against OTRN through discovery. In sum, the Court finds that this case raises a minimal risk of "misuse of trade secrets by competitors," *see Brown Bag*, 960 F.2d at 1470, and that any such risk can be addressed through use of the protective order that the parties have already agreed to. *See* Docket No. 58.

Second, OTRN claims that the documents Brave New Films seeks are not relevant. The Court disagrees. As discussed in this Court's order denying defendants' motion to dismiss the complaint, the relationship between Savage and OTRN is a central issue in this case: Brave New Films contends that OTRN acted as Savage's agent when it sent a letter in September, 2008 regarding Brave New Films' video. *See* Apr. 15 Order at 4-5. Documents that relate to the relationship between OTRN and Savage are therefore relevant to this issue. *See* Fed. R. Civ. Pro. 26(b)(1).

Third, OTRN objects that Brave New Films' request is overbroad and the term "relationship" is vague. The Court disagrees that the meaning of "relationship" is ambiguous. For the sake of clarity, however, the parties shall limit discovery to the "professional relationship" between OTRN and Savage. It also appears that the relevant documents will date from around September, 2008, when OTRN sent the letter concerning Brave New Films' video. Accordingly, the Court limits Brave New Films' request to documents to the period of August 1, 2008 to November 1, 2008.[1]

Fourth, OTRN contends that discovery should be stayed as Brave New Films will be unable to state a claim for relief. In fact, the Court has denied OTRN's motion to dismiss the complaint for failure to state a claim. OTRN's contention seems to be that discovery should be stayed pending summary judgment because Brave New Films has not put forward evidence of the relationship between OTRN and Savage. This proposal reverses the more traditional approach of using the discovery process to develop the evidentiary record.

Finally, OTRN requests that a magistrate judge review all discoverable materials before they are produced to Brave New Films. As a general matter, this Court handles discovery disputes and does not

---

[1] This order is without prejudice to reconsideration should Brave New Films establish that documents from another time period are also relevant.

refer these matters to a magistrate judge. While *in camera* review of materials is a procedure that may be warranted in some situations, OTRN has not established that it is necessary here. Going forward, if OTRN wishes for the Court to review a document or limited set of documents to determine whether they must be produced, OTRN may seek leave for *in camera* review of these materials.

Accordingly, the Court DENIES the motion for a supplemental protective order. The Court also orders OTRN to produce documents responsive to Brave New Films' Request for Production No. 1, subject to the two limitations described above, **within 14 days of the entry of this order**. The Court notes that Brave New Films' oppositions to the summary judgment motions of OTRN and Savage are due on May 22, 2009, and anticipates that Brave New Films will seek a continuance in order to review OTRN's discovery and adequately oppose these motions. The Court is inclined to grant such a request.

**IT IS SO ORDERED.**

Dated: May 18, 2009

_____
SUSAN ILLSTON
United States District Judge