1  Benjamin Aaron Shapiro (SBN 254456)
   12330 Magnolia Blvd., #114
2  Valley Village, CA 91607
   Telephone: (818) 620-0137
3
4  Attorney for Defendant
   MICHAEL WEINER aka MICHAEL SAVAGE
5
6              UNITED STATES DISTRICT COURT
7              NORTHERN DISTRICT OF CALIFORNIA
8                 SAN FRANCISCO DIVISION
9

| | |
|---|---|
| BRAVE NEW FILMS 501(c)(4), | Case No.: CV 08-4703 SI |
| Plaintiff, | **DEFENDANT MICHAEL WEINER AKA MICHAEL SAVAGE'S OPPOSITION TO PLAINTIFF BRAVE NEW FILMS 501(c)(4)'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| vs. | |
| MICHAEL WEINER aka MICHAEL SAVAGE and ORIGINAL TALK RADIO NETWORK, INC., | Date:     June 12, 2009<br>Time:     9:00 a.m.<br>Location: Courtroom 10<br>Honorable Susan Illston |
| Defendants | |

Defendant **MICHAEL WEINER**, aka **MICHAEL SAVAGE** ("**Savage**") hereby responds in the above-captioned action (this "**Action**") in opposition to the Motion for Partial Summary Judgment filed on February 27, 2009 as Document 40 in this Action (the "**Motion**"), brought by plaintiff **BRAVE NEW FILMS 501(c)(4)** ("**Brave New Films**" or "**Plaintiff**") against Savage and defendant **THE ORIGINAL TALK RADIO NETWORK, INC.** ("**OTRN**"). In submitting this opposition memorandum, Savage is responding solely on behalf of Savage in opposition to the relief requested against Savage in the Motion. However, Savage does not concede the merits of any assertions by Brave New Films against OTRN by his election to focus solely on claims against Savage in this opposition memorandum.

## I. INTRODUCTION

The "Notice of Motion and Motion" state that Brave New Films is seeking summary judgment (without expressly delineating what summary judgment is sought) "and a declaration that Brave New Films' use of defendant Michael Savage's copyrighted material is protected by the Fair Use Doctrine and enjoining Michael Savage and Original Talk Radio Network from further attempts to suppress protected speech regarding Mr. Savage." (Page 2 of 20, lines 6-9.

In the memorandum of points and authorities in support of the Motion ("**Plaintiff's Memorandum**"), Brave New Films describes the relief it seeks differently, stating that it moves for "summary judgment and an Order: (1) declaring that Brave New Films' use of excerpts from the October 29, 2007 broadcast of *The Michael Savage Show* is a fair use; and (2) enjoining defendants Original Talk Radio Network and Michael Savage from threatening or bringing legal action against Brave New Films relating to fair use of the Video." (Page 6 of 20, lines 2-6).

Clearly, Plaintiff's claims for an unspecified "summary judgment and a declaration" or "summary judgment and an Order" can, at most, be deemed to bring a motion limited to seeking the relief requested for the "declaration" or "Order" requested. As to the inconsistency in Plaintiff's description of what Plaintiff seeks, Plaintiff's statement in its "Notice of Motion and Motion" should control over inconsistent references to that requested relief in Plaintiff's Memorandum.

In either event, in addition to the baseless and erroneous grounds on which Plaintiff seeks such relief, the requested relief is clearly overbroad and unfounded under either description of what Plaintiff seeks, particularly under the Notice of Motion and Motion relief request, which seeks a blanket fair use judgment for any and all of Plaintiff's current and future uses of any and all of Savage's copyrighted material, and is clearly frivolous as to Savage.

## II. ARGUMENT

### A. The Motion is Clearly Frivolous as to Savage.

Plaintiff has stated that Plaintiff does not believe additional discovery is necessary in order to rule on Plaintiff's Motion for Partial Summary Judgment, despite Plaintiff's insistence that additional discovery *is* necessary in order to rule on the questions of agency and knowing

misrepresentation at issue in Savage's and OTRN's separate Motions for Summary Judgment in this Action (the "**Defense Motions**"). The underlying basic issues in this Action are Plaintiff's claim of agency and knowing misrepresentation.

Indeed, Plaintiff has secured a stipulation that the Defense Motions would go off calendar to allow Plaintiff an opportunity to be able to conduct discovery on the question of agency as to Savage, as per the Court's suggestion.

By making the argument that it needs discovery in order to oppose the Defense Motions, as to Savage, Plaintiff essentially has acknowledged that it presently does not have any evidence to raise a single triable issue of fact as to whether the actions of OTRN which Plaintiff alleges in this Action were undertaken as agent for Savage, and thus subject to being attributed to Savage. Moreover, Plaintiff is now well aware of the declarations under penalty of perjury by the California attorneys and officers of the court on file in this Action which establish that they are the three persons involved in OTRN's actions at issue in this Action, and that Savage had no involvement in their actions.

Moreover, while Plaintiff's Memorandum and supporting exhibits are replete with references to supposed questionable actions or political views on the part of Savage, there is not a single evidentiary fact submitted by Plaintiff to establish that Savage had anything to do with the issuance of OTRN's letter to YouTube demanding removal of 259 videos at issue in this Action (the "**09/29/08 Letter**") which OTRN claimed contained copyrighted material of OTRN and which stated that it was being sent on behalf of OTRN alone and did not speak for Savage.

Whatever the supposed errors of Savage in his political views, or in his actions in bringing a separate legal action, now wholly resolved, against a third party not involved in this Action, the Motion seeks relief against Savage in this Action, which must be based on the alleged wrongful action in this Action – inclusion of a reference to Plaintiff's one video at issue in this Action (the "**Video**") by OTRN, in the list of 259 videos which were the subject of the 09/29/08 Letter. Yet Plaintiff ignores the fact that Savage had nothing to do with the issuance of the original 09/29/08 Letter, and Plaintiff can show no fact to the contrary. Savage did not know

of and did not approve of the 9/29/08 Letter, nor did he grant or imply to OTRN agency power to send the 9/29/08 Letter at any time.

By seeking a continuance of Savage's motion for summary judgment based upon a need to secure evidence which to raise a triable issue of fact on the question of agency in order to be able to oppose complete relief (a full defense judgment) in favor of Savage, Plaintiff acknowledges it has no present evidence to support affirmative relief against Savage at this time. Yet, Plaintiff has refused to stipulate to take this motion off calendar until a time that Plaintiff supposedly could find that non-existent evidence of Savage's involvement in the actual action (of OTRN) which is at issue in this Action (or to allow the Court to address the issue posed by all of the summary judgment motions one time, rather than address them piecemeal).

As such, Plaintiff's insistence on pursuing the Motion against Savage at this time truly is frivolous and in bad faith. In any event, the Motion should be denied for the lack of any actual fact or evidence establishing that Savage had anything whatsoever to do with the actual action involving and/or affecting Plaintiff which is at issue in this Action. And, since Plaintiff refused the opportunity to take the Motion off calendar to attempt to find any supporting evidence through discovery (perhaps because Plaintiff realizes that there truly is no such evidence), denial of the Motion, with prejudice, truly is warranted.

### B. The Actual Relief Requested By Plaintiff Is Overbroad In Any Event.

The Motion actually requests an open-ended "declaration that Brave New Films' use of defendant Michael Savage's copyrighted material is protected by the Fair Use Doctrine" without any limitations as to the scope of the use (it is not limited to the single video that was erroneously included in a list of 259 videos by OTRN in the OTRN letter to YouTube at issue in this Action), "and enjoining Michael Savage . . . from further attempts to suppress protected speech regarding Mr. Savage" without any limitation on the scope of this supposed injunction.

The description of the "Relief Sought" in Plaintiff's Memorandum, is somewhat narrower, but still grossly overbroad, seeking a declaration that Plaintiff's "use of excerpts from the October 29, 2007 broadcast of *The Michael Savage Show* is a fair use", which in essence allows unlimited use of the entirety of such broadcasts, and without regard to how such material

4
SAVAGE'S RESPONSE TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. CV 08-4703 SI

is used, and further seeking an injunction prohibiting "Savage from threatening or bringing legal action against Brave New Films relating to the fair use of the video." Sadly, in this latter request, Plaintiff does not appear to appreciate the irony in the fact that it is Plaintiff which is both threatening and bringing legal action against Savage, and that Savage has neither threatened nor brought legal action against Plaintiff.

Savage has not threatened any legal action and his primary position in this Action is that absent some action on his part to interject himself into OTRN's oversight concerning Plaintiff's Video, Plaintiff should not be allowed to fool him into litigating a fair use claim by Plaintiff – whether as broadly phrased by Plaintiff in the "Notice of Motion" and the "Relief Sought" section of Plaintiff's Memorandum, or as Plaintiff may argue should be narrowed for purposes of its claim for relief.

Plaintiff should be held to answer for the Motion as Plaintiff identified it formally in the "Notice of Motion and Motion" or in Plaintiff's description of the "Relief Sought", and the Motion should be denied for the grossly overbroad aspects Plaintiff's actual claim for seeking in the Motion.

To grant summary judgment against Savage regarding Plaintiff's fair use claims with regard to the Video would be the equivalent of granting summary judgment against Savage based on a takedown notice sent by a random citizen, purportedly on his behalf. No action by Savage has demonstrated at any time his involvement with the 9/29/08 Letter, and Plaintiff can cite no evidence supporting its case that it is in danger of a lawsuit from Savage, since Savage has never claimed, that his copyright was violated by the Video at issue in this Action.

C. **This Action is an Effort By Plaintiff to Pursue a Vendetta.**

Plaintiff Brave New Films clearly has a vendetta against Savage, and this Action is a direct attempt to discourage Savage from defending himself against any copyright infringement. The 9/29/08 Letter did not single out the Video; it was an obvious attempt to prevent massive copyright infringement taking place on YouTube by requesting that YouTube remove 259 videos from its website containing material from *The Michael Savage Show*. The inclusion of the Video, the material for which OTRN did not hold copyright over, was erroneous, and OTRN has

repeatedly stated as much in its motions and briefs.  Savage has never challenged the Video in any way.  Plaintiff's obsession with the content of *The Michael Savage Show*, its linkage of this cause of action with *Savage v. CAIR*, and its insistence that Savage, who took no part in the 9/29/08 Letter, was a party to the 9/29/08 Letter, and Plaintiff's insistence on pursuing the Motion without benefit of the discovery it claims it needs to defend against a summary judgment motion by Savage, all demonstrates Plaintiff's animus toward Savage personally.

### D. Declaratory Judgment Is Improper Because No Live Dispute Exists As To The Video.

Under *MedImmune Inc., v. Genentech, Inc.*, 549 U.S. 118, 127 (2007), declaratory relief is proper only where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  While courts have found that a defendant's cessation of activity against a plaintiff does not render a case or controversy moot, see *Jacobus v. Alaska*, 338 F.3d 1095, 1104 (9th Cir. 2003).  There must be some facts supporting allegations that the defendant has acted or will act with adverse legal interest against the plaintiff.  Declaratory relief should be denied when it "will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985).

Declaratory relief must also serve a purpose beyond the remedies sought by a plaintiff on its claims at law. *Brunette v. Humane Society*, 40 Fed. Appx. 594, 598 (9th Cir. 2002).  As the Court has stated, "it is not the function of the federal courts to crystallize the litigation strategies of parties whenever asked to do so.  Practical usefulness to litigants or not, the Constitution confines the power of the federal courts to issue declaratory judgments to disputes that are sufficiently immediate or real." *Aydin Corp. v. Union of India*, 940 F.2d 527, 529 (9th Cir. 1991).

Based on Plaintiff's own refusal to have this motion heard after discovery, it is clear that Plaintiff believes that discovery is unnecessary to decide whether declaratory judgment is

appropriate. Upon summary judgment, if the moving party bears the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). The Court must draw all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In order to establish a case for declaratory relief, then, Plaintiff must establish: (1) the declaratory relief presents a useful purpose in clarifying and settling the legal relations in issue; (2) the declaratory relief would terminate the proceedings and afford relief from uncertainty and controversy faced by the parties. Plaintiff has failed to demonstrate a scintilla of evidence to either of these effects. The legal relations at issue are not in dispute – the Video has never been challenged by Savage. Plaintiff has presented no evidence to the effect that the Video has been or will be challenged by Savage, nor that OTRN drafted or sent the 9/29/08 Letter on behalf of Savage. In order to do so, Plaintiff would have to claim agency by OTRN on behalf of Savage in the 9/29/08 Letter, a claim Plaintiff does not make since, as Plaintiff's counsel have acknowledged, such an agency claim would require further discovery.

In fact, no such evidence exists for an agency claim, which makes declaratory relief entirely improper. Plaintiff implies (but does not clearly allege) that the 9/29/08 Letter was sent by OTRN as agent for Savage based on one line in the 9/29/08 Letter, which reads: "The information in this notification is accurate, and, under penalty of perjury, I state that this office represents the owner of an exclusive right infringed by the specified material." However, it is clear that this statement was an error by OTRN as to inclusion of the Video in the list of the 259 Videos addressed by the 09/29/08 Letter, and was not a statement that the Letter was sent on behalf of Savage, nor could Savage be bound by an erroneous statement of OTRN, whatever the erroneous statement at issue.

The 9/29/08 Letter itself repeatedly and overtly disclaims speaking on behalf of Savage and speaks only for OTRN: "This office has been retained by *The Original Talk Radio Network* ('OTRN') to take such actions as may be appropriate … with respect to your repeated and

7

ongoing unlawful actions in posting numerous segments from *OTRN's* 'The Michael Savage Show' ... By this letter, OTRN is hereby serving formal notice on you that such actions are in violation of *OTRN's exclusive rights* to the OTRN Content ... Please also be advised that OTRN does not, by this letter, disclaim, release, or speak for the separate rights of *Michael Savage ...*" [emphasis added]. There is no doubt that, looking at the evidence in the light most favorable to the non-moving party, there is no case whatsoever for OTRN's agency on behalf of Michael Savage, nor is there therefore a case for declaratory relief with regard to the Video, since there is no evidence whatsoever that Savage has, does, or will take any action with regard to the Video.

Moreover, for summary judgment purposes, it would be necessary for Plaintiff not simply to show the existence of a triable issue of fact on whether OTRN was acting as an agent for Savage (that is what it acknowledges it hopes to find through discovery to defeat OTRN's motion). Instead, Plaintiff must show that there is no evidence to raise a triable issue of fact to support the absence of action by OTRN as agent for Savage – the Declarations filed by Ronald H. Severaid, Benjamin A. Shapiro, and Carter Glahn in this Action, as well as the foregoing statements from the 09/29/08 Letter itself, all establish, at a minimum, triable issues of fact on the issue of OTRN <u>not</u> acting as agent for Savage. Those multiple triable issues of fact defeat any summary judgment in favor of Plaintiff under any contention by Plaintiff that OTRN was acting as an agent for Savage.

Furthermore, without solving the agency question, declaratory relief would be utterly superfluous. Beyond that, declaratory relief regarding Plaintiff's fair use claims in the Video does not touch upon the root issue in this Action, whether there was a "knowing misrepresentation" under 17 U.S.C. §512(f). Even if the Court found the Video to be fair use at this stage of the proceedings, that would not terminate the proceedings or simplify the controversy, since the question at stake is whether OTRN, as alleged agent of Savage as alleged principal, drafted or issued the 9/29/08 Letter in subjective bad faith. Plaintiff does not even pretend to contemplate discussing this issue in its motion for partial summary judgment, since Plaintiff claims that this issue too requires further discovery.

No controversy exists here. Defendant Savage has never given either implied or actual agency power to OTRN to send any notice or file any claim on his behalf. Defendant Savage has never challenged the Video on YouTube, on Plaintiff's website, or on any other website. Barring a showing that OTRN acted as Savage's agent in the issuance of the 9/29/08 Letter – a showing that has not even been attempted by Plaintiff (which attempts to elude the basic issue of agency in favor of challenging ancillary and unrelated issues in an attempt to prolong this litigation) – there should be no declaratory relief in this case.

### E. Injunctive Relief Is Improper Because No Live Dispute Exists.

Under *EBay Inc. v. Mercexchange, L.L.C.*, 126 S.Ct. 1837, 1839 (2006), permanent injunctive relief must satisfy a four-factor test before a court may grant such relief. The plaintiff must demonstrate "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." Similarly, under *Clark v. City of Lakewood*, 259 F.3d 996, 1011 (9th Cir. 2001) (citations omitted), a cause of action becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."

Plaintiff does not even bother to make a case as to why an injunction is necessary under the *EBay* standard, because an injunction is *plainly unnecessary*. Defendant Savage has never challenged Plaintiff's use of the Video on YouTube, on its website, or on any other website, nor did Savage authorize either impliedly or actually the 9/29/08 Letter. The 9/29/08 Letter itself contained an erroneous reference to the Video in a list of 259 videos, due to drafting counsel Benjamin Shapiro's complete ignorance of the *Savage v. CAIR* case and ignorance that the copyright to the underlying broadcast of "The Michael Savage Show" was owned by Savage rather than OTRN; issuing counsel Carter Glahn's similar ignorance; and reviewing counsel Ronald Severaid's good faith oversight in failing to review the list of 259 videos contained in the 9/29/08 Letter. Any content posted by Plaintiff on YouTube and removed as a result thereof was

restored to YouTube within a short period of time without further objection by OTRN, and such removal was never requested by Savage.

No irreparable injury exists under the *EBay* standard, since Plaintiff has in fact suffered no injury attributable to Savage. First, Plaintiff has suffered no injury attributable to Savage since Savage had nothing whatsoever to do with the 9/29/08 Letter. Second, Plaintiff has suffered no injury generally, since Plaintiff's YouTube channel was removed for less than 24 hours, and the Video was at all times available on its website. Third, even if there were injury as a result of the removal of the Video, that injury has been repaired by YouTube's replacement of the Video without any protest from either Savage or OTRN. Further, there is no threat of continuing injury since Savage has never threatened any action with regard to the Video on YouTube, on Plaintiff's website, or on any other website. Plaintiff has utterly failed, in the absence of any argument regarding OTRN's purported agency on behalf of Savage, to establish any damage attributable to Savage. There is not a single shred of evidence in support of the Motion suggesting that Savage has at any time, past, present or future threatened Plaintiff with any injury regarding the Video.

Remedies available at law, such as monetary damages, are wholly adequate to compensate for any injury, since no continuing threat exists – in fact, no threat ever existed from Savage, and any threat from OTRN was wholly waived once OTRN was notified that its inclusion of the Video in the list of 259 videos was mistaken.

A remedy in equity is unwarranted considering the balance of hardships between plaintiff and defendant, in that no such balance exists – Plaintiff currently suffers from any hardship in the absence of injunctive relief, since Plaintiff is not now nor has Plaintiff ever been under threat from Savage, and in fact Plaintiff makes no agency argument with regard to the Motion.

Finally, the public interest would be disserved by an injunction of this sort. An injunction barring a non-involved party from defending its copyright in a court of law sets a dangerous precedent. Parties could fill the courts with actions for declaratory and injunctive relief against non-involved defendants solely in order to prevent copyright owners from zealously guarding their material. Declaratory and injunctive relief are not designed to prevent

imaginary harms and create prophylactic rules for the future – they are designed to remedy real harms occurring and attributable to defendants.

The issue presented is "no longer 'live'" – nor, frankly, has it ever been live -- under *Clark*. Regardless of any prior circumstances, therefore, there is no legal basis for issuance of any injunction in this Action, as there is, and can be, no actual showing of ongoing or future actions by Savage justifying any injunctive relief.

### F. Savage Should Not Have to Argue The Merits Of Plaintiff's Fair Use Claims

Savage has cited numerous grounds on which issue of the relief sought by Plaintiff in the Motion is unwarranted. Frankly, Plaintiff's insistence on pursuing the Motion at this stage seems to be a calculated and callous attempt to fool Savage into either conceding use of the Video as fair use (and then arguing there is no harm in issuing an injunction or declaratory relief on that basis), or in disputing fair use as to the Video, and thus arguing that there is in fact a live dispute. Savage, however, does not wish to litigate, and Plaintiff's callous efforts to fool him into doing so through pursuit of the Motion should not be rewarded.

## III. CONCLUSION

Because no live controversy exists upon which to base either declaratory or injunctive relief, Plaintiff's Motion for Partial Summary Judgment should be denied.

DATED: May 22, 2009

                         /s/ Benjamin Shapiro

Benjamin Shapiro
Benjamin Shapiro Legal Consulting
12330 Magnolia Blvd., #114
Valley Village, CA 91607
(818) 620-0137
Bshapiro708@gmail.com

Attorney for Defendant Michael Weiner aka Michael Savage

**PROOF OF SERVICE BY E-MAIL**

I am employed in the County of Los Angeles, California. I am over the age of eighteen years and not a party to the within case. My business address is 12330 Magnolia Boulevard Suite 114, Los Angeles, CA, 91607. On May 22, 2009, I served the attached **DEFENDANT MICHAEL WEINER AKA MICHAEL SAVAGE'S OPPOSITION TO PLAINTIFF BRAVE NEW FILMS 501(c)(4)'S MOTION FOR PARTIAL SUMMARY JUDGMENT** on the interested parties in the above captioned action by E-mail as follows:

Tony Falzone
falzone@stanford.edu

William Abrams
William.abrams@bingham.com

Ronald H. Severaid
rhseveraid@sbcglobal.net

Carter Glahn
cglahn@sbcglobal.net

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on May 22, 2009 at Los Angeles, California.

/s/ Benjamin Shapiro

Benjamin Shapiro
12330 Magnolia Blvd., #114
Valley Village, CA 91607
(818) 620-0137
Bshapiro708@gmail.com

Attorney for Defendant MICHAEL WEINER aka MICHAEL SAVAGE