Benjamin Aaron Shapiro (SBN 254456)
12330 Magnolia Blvd., #114
Valley Village, CA 91607
Telephone: (818) 620-0137

Ronald H. Severaid (SBN 078923)
Carter Glahn (SBN 242378)
SEVERAID & GLAHN, PC
1787 Tribute Road, Suite D
Sacramento, CA  95815
Telephone:  (916) 929-8383
Facsimile:  (916) 925-4763
E-mail:   rhseveraid@sbcglobal.net
              cglahn@sbcglobal.net

Attorneys for Defendant
THE ORIGINAL TALK RADIO NETWORK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAVE NEW FILMS 501(c)(4),<br><br>         Plaintiff,<br><br>    vs.<br><br>MICHAEL WEINER aka MICHAEL SAVAGE and ORIGINAL TALK RADIO NETWORK, INC.,<br><br>         Defendants | Case No.: CV 08-4703 SI<br><br>**DEFENDANT THE ORIGINAL TALK RADIO NETWORK, INC.'S OPPOSITION TO PLAINTIFF BRAVE NEW FILMS 501(c)(4)'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:      June 12, 2009<br>Time:      9:00 a.m.<br>Location:  Courtroom 10<br>Honorable Susan Illston |

Defendant THE ORIGINAL TALK RADIO NETWORK, INC. ("**OTRN**") hereby responds in the above-captioned action (this "**Action**"), in opposition to the Motion for Partial Summary Judgment filed on February 27, 2009 as Document 40 in this Action (the "**Motion**"), brought by plaintiff BRAVE NEW FILMS 501(c)(4) ("**BNF**" or "**Plaintiff**") against OTRN and defendant MICHAEL WEINER aka MICHAEL SAVAGE ("**Savage**").  In submitting this opposition memorandum, OTRN is responding primarily on behalf of OTRN in opposition to the

relief requested against OTRN in the Motion. However, in doing so, OTRN does not concede the merits of any assertions by Plaintiff against Savage.

I. **INTRODUCTION**

The "Notice of Motion and Motion" state that BNF is seeking summary judgment (without expressly delineating what summary judgment is sought) "and a declaration that Brave New Films' use of defendant Michael Savage's copyrighted material is protected by the Fair Use Doctrine and enjoining Michael Savage and Original Talk Radio Network from further attempts to suppress protected speech regarding Mr. Savage." (Page 2 of 20, lines 6-9.

In the memorandum of points and authorities in support of the Motion ("**Plaintiff's Memorandum**"), BNF describes the relief it seeks differently, stating that it moves for "summary judgment and an Order: (1) declaring that Brave New Films' use of excerpts from the October 29, 2007 broadcast of *The Michael Savage Show* is a fair use; and (2) enjoining defendants Original Talk Radio Network and Michael Savage from threatening or bringing legal action against Brave New Films relating to fair use of the Video." (Page 6 of 20, lines 2-6).

As to the inconsistency in Plaintiff's description of what Plaintiff seeks, Plaintiff's statement in its "Notice of Motion and Motion" should control over inconsistent references to that requested relief in Plaintiff's Memorandum. In any event, the reference to "summary judgment and" a specified declaration and/or order is overbroad, as at most, Plaintiff's Memorandum purports to support partial summary judgment for a specific declaratory and/or injunctive relief. However, as to the following points and authorities demonstrate, OTRN respectfully submits that the Motion, even when properly narrowed in scope, is unfounded, and should be denied, as OTRN (and, in OTRN's opinion, as to Savage as well, although OTRN is limiting its comments in this memorandum to the merits, or rather lack of merit, of the Motion as to OTRN specifically).

## II. ARGUMENT

### A. The Motion Does Not Request Declaratory Relief Against OTRN.

OTRN does not claim the right to speak on behalf of Savage with respect to Savage's copyrighted material. OTRN previously assigned the copyright to the October 29, 2007 broadcast of "The Michael Savage Show" (the "**10/29/07 Broadcast**") to Savage. As a result, although OTRN claims the copyright to every broadcast of "The Michael Savage Show" (the "**Show**") except for the 10/29/07 Broadcast, as the Motion and Plaintiff's Memorandum are phrased, they do not request any declarations as to copyrighted material of OTRN. Thus, in any case, regardless of the lack of merit in the Motion as to Savage, the request for a declaration as to OTRN is wholly without merit and there is no basis to include OTRN in any declaration relating to use of Savage's copyrighted material, whether with respect to the overbroad request for "Savage's copyrighted material", whatever that may include, or with respect to the narrowed (but still overbroad) request for a declaration as to use of "excerpts from the 10/29/07 Broadcast".

### B. OTRN Has Never Threatened or Brought Legal Action Against Brave New Films.

The desire for legal action in this Action is on the part of Plaintiff, which clearly relishes litigating against both OTRN and Savage, despite the total lack of any actions taken by <u>either</u> OTRN or Savage against Plaintiff.

The <u>only</u> action taken by OTRN at issue in this Action, and, OTRN submits, the only action by anyone at issue in this Action (OTRN continues to be mystified at Plaintiff's insistence on litigating in this Action the merits of Savage's positions in the separate <u>Savage v. CAIR</u> matter, or the merits of Savage's opinions), is a letter issued on September 29, 2008 to YouTube on behalf of OTRN (the "**09/29/08 Letter**").

### C. The Motion is Clearly Without Evidentiary Foundation as to OTRN.

Plaintiff has stated that Plaintiff does not believe additional discovery is necessary in order to rule on Plaintiff's Motion for Partial Summary Judgment, despite Plaintiff's insistence that additional discovery *is* necessary in order to rule on the questions of agency and knowing misrepresentation at issue in Savage's and OTRN's separate Motions for Summary Judgment in this Action (the "**Defense Motions**"). The underlying basic issues in this Action are Plaintiff's claims of agency and knowing misrepresentation.

Indeed, Plaintiff has secured a stipulation that the Defense Motions would go off calendar to allow Plaintiff an opportunity to be able to conduct discovery on the question of knowing misrepresentation as to Savage. (See, Declarations of Ronald H. Severaid, Benjamin A. Shapiro, and Carter Glahn in support of OTRN's motion for summary judgment in this Action).

By making the argument that it needs discovery in order to oppose the Defense Motions, as to OTRN, Plaintiff essentially has acknowledged that it presently does not have any evidence to raise a single triable issue of fact as to whether the actions of OTRN which Plaintiff alleges in this Action involved any knowing misrepresentations. Moreover, Plaintiff is now well aware of the declarations under penalty of perjury by the California attorneys and officers of the court on file in this Action which establish that they are the three persons involved in OTRN's actions at issue in this Action, and that the attorneys reviewing YouTube videos for inclusion in the list of videos attached to the 09/29/08 Letter, and the attorney issuing the 09/29/08 Letter, had no knowledge of the assignment of the copyright to the 10/29/07 Broadcast to Savage or of the Savage v. CAIR litigation, and the third attorney, Ronald H. Severaid, who was familiar with these matters, had not reviewed the 259 videos subject to the 09/29/08 Letter, and did not realize that the BNF video included among these 259 videos (the "**Video**") involved the 10/29/07 Broadcast, which was the broadcast at issue in the Savage v. CAIR CASE. (See, Declarations of Ronald H. Severaid, Benjamin A. Shapiro and Carter Glahn in support of OTRN's motion for summary judgment in this Action).

By seeking a continuance of OTRN's motion for summary judgment based upon a need to secure evidence which to raise a triable issue of fact on the question of knowing misrepresentation in order to be able to oppose complete relief (a full defense judgment) in favor

of OTRN, Plaintiff acknowledges it has no present evidence to support affirmative relief against OTRN at this time. Yet, Plaintiff has refused to stipulate to take the Motion off calendar until a time that Plaintiff supposedly could find that non-existent evidence of a knowing misrepresentation in the actual action of OTRN which is at issue in this Action (or to allow the court to address the issue posed by all of the summary judgment motions one time, rather than address them piecemeal).

As such, Plaintiff's insistence on pursuing the Motion against OTRN at this time truly is frivolous and in bad faith. In any event, the Motion should be denied for the lack of any actual fact or evidence establishing that OTRN made any knowing misrepresentation as to the Video in the 09/29/08 Letter.

Furthermore, Plaintiff has failed to establish a single fact that suggests that there is any ongoing controversy with regard to OTRN that demands either declaratory or injunctive relief.

First, Plaintiff seeks declaratory relief with regard to the 10/29/07 Broadcast, OTRN has made and makes no further claim of content in the Video subject to an OTRN copyright once notified of its error in including the Video in the list of 259 videos attached to the 09/29/08 Letter, and Plaintiff can show no fact to the contrary. To grant summary judgment against OTRN regarding Plaintiff's fair use claims with regard to the Video would be the equivalent of granting summary judgment to a random passerby who has never heard of Michael Savage, Brave New Films, or CAIR – OTRN is similarly situated, in that OTRN does not own the underlying copyrighted material in the Video, nor has it in any way acted as Michael Savage's agent in the drafting or issuance of the 9/29/08 Letter (and there is no contrary evidence – either in support of the Motion, or at all). Furthermore, Plaintiff can cite no evidence supporting its case that it is in danger of lawsuit from OTRN, since OTRN does not and will not claim that its copyright was violated by the Video, since OTRN neither owns nor claims the copyright to the content from the Show included in the Video.

Second, Plaintiff seeks injunctive relief enjoining OTRN from threatening or bringing legal action with regard to the Video. Yet again, OTRN has made no such threat of legal action against BNF, nor any claim against any party since being notified that it mistakenly included the

Video in it list of 259 videos posted on YouTube in the 9/29/08 Letter. OTRN has no intention of making any such threat or claim, and indeed would have no grounds for any such threat or claim, and Plaintiff can provide no evidence to suggest that OTRN will make any such threat or claim in the future.

The 9/29/08 Letter did not single out the Video – it was an obvious attempt to prevent massive copyright infringement taking place on YouTube by requesting that YouTube remove 259 videos from its website containing material from the Show. The inclusion of the Video, the material for which OTRN did not hold copyright over, was erroneous, and OTRN has repeatedly stated as much in its motions, briefs and declarations in this Action.

### D. Declaratory Judgment Is Improper Because No Live Dispute Exists As To The Video.

Under *MedImmune Inc., v. Genentech, Inc.*, 549 U.S. 118, 127 (2007), declaratory relief is proper only where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." While courts have found that a defendant's cessation of activity against a plaintiff does not render a case or controversy moot, see *Jacobus v. Alaska*, 338 F.3d 1095, 1104 (9th Cir. 2003), there must be some facts supporting allegations that the defendant has acted or will act with adverse legal interest against the plaintiff. Declaratory relief should be denied when it "will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). "Stated another way, the central question ... is whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief." *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005). Declaratory relief must also serve a purpose beyond the remedies sought by a plaintiff on its claims at law. *Brunette v. Humane Society*, 40 Fed. Appx. 594, 598 (9th Cir. 2002). As the Court has stated, "it is not the function of the federal courts to crystallize

6
OTRN'S RESPONSE TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. CV 08-4703 SI

the litigation strategies of parties whenever asked to do so. Practical usefulness to litigants or not, the Constitution confines the power of the federal courts to issue declaratory judgments to disputes that are sufficiently immediate or real." *Aydin Corp. v. Union of India*, 940 F.2d 527, 529 (9th Cir. 1991).

Based on Plaintiff's own refusal to have this motion heard after discovery, it is clear that Plaintiff believes that discovery is unnecessary to decide whether declaratory judgment is appropriate. Upon summary judgment, if the moving party bears the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). The Court must draw all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In order to establish a case for declaratory relief, then, Plaintiff must establish: (1) the declaratory relief presents a useful purpose in clarifying and settling the legal relations in issue; (2) the declaratory relief would terminate the proceedings and afford relief from uncertainty and controversy faced by the parties. Plaintiff has failed to demonstrate a scintilla of evidence to either of these effects. The legal relations at issue are not in dispute – the Video was included in a list of 259 challenged videos du to an oversight, and has not been (and will not be) challenged by OTRN since OTRN was notified that it did not in fact own the underlying copyright to the broadcast material at issue in the Video. OTRN simply has no grounds whatsoever to file suit based on the Video, and has never claimed otherwise once informed of its error.

Plaintiff has presented no evidence to the effect that OTRN drafted or sent the 9/29/08 Letter on behalf of Savage. In order to claim a need for declaratory relief, Plaintiff would have to claim agency by OTRN on behalf of Savage in the 9/29/08 Letter, a claim Plaintiff does not make since, as Plaintiff's counsel have stated, such an agency claim would require further discovery.

Furthermore, without solving the agency question, declaratory relief would be utterly superfluous. Beyond that, declaratory relief regarding Plaintiff's fair use claims in the Video

does not touch upon the root issue in this case – whether there was a "knowing misrepresentation" under 17 U.S.C. §512(f). Even if the Court found the Video to be fair use, that would not terminate the proceedings or simplify the controversy, since the question at stake is whether OTRN as alleged agent or Savage as alleged principal drafted or issued the 9/29/08 Letter in subjective bad faith. Plaintiff does not even pretend to contemplate discussing that issue in its motion for partial summary judgment, since Plaintiff claims that that issue too requires further discovery.

OTRN has not challenged the re-posting of the Video at YouTube, nor has OTRN challenged the posting of the Video at Plaintiff's website, nor has OTRN made any claim whatsoever with regard to the Video once it was notified of its error in including the Video in a list of 259 videos attached to the 9/29/08 Letter. Barring a showing that OTRN acted as Savage's agent in the issuance of the 9/29/08 Letter – a showing that has not even been attempted by Plaintiff, which attempts to elude the basic issue of agency in favor of challenging ancillary and unrelated issues in an attempt to prolong this litigation – there should be no declaratory relief in this case, in any event.

### E. Injunctive Relief Is Improper Because No Live Dispute Exists.

Under *EBay Inc. v. Mercexchange, L.L.C.*, 126 S.Ct. 1837, 1839 (2006), permanent injunctive relief must satisfy a four-factor test before a court may grant such relief. The plaintiff must demonstrate "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." Similarly, under *Clark v. City of Lakewood*, 259 F.3d 996, 1011 (9th Cir. 2001) (citations omitted), a cause of action becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."

Plaintiff does not even bother to make a case as to why an injunction is necessary under the *EBay* standard, because an injunction is *plainly unnecessary*. OTRN has never challenged Plaintiff's use of the Video on its website, or on any other website, and OTRN made no further

claims with regard to the Video's posting on YouTube once it was notified that it had erroneously included the Video in a list of 259 videos attached to the 9/29/08 Letter. The 9/29/08 Letter itself contained an erroneous reference to the Video in a list of 259 videos, due to drafting counsel Benjamin Shapiro's complete ignorance of the *Savage v. CAIR* case and ignorance that the copyright to the underlying broadcast of "The Michael Savage Show" was owned by Savage rather than OTRN; issuing counsel Carter Glahn's similar ignorance; and reviewing counsel Ronald Severaid's good faith oversight in failing to review the list of 259 videos contained in the 9/29/08 Letter. Any content posted by Plaintiff on YouTube and removed as a result thereof was restored to YouTube within a short period of time without further objection by OTRN.

No irreparable injury exists under the *EBay* standard, since Plaintiff has in fact suffered no injury. First, Plaintiff has suffered no injury generally, since Plaintiff's YouTube channel was removed for less than 24 hours, and the Video was at all times available on its website; furthermore, removal of Plaintiff's YouTube channel was never requested nor desired by OTRN, and was in fact the sole intervening decision of YouTube. Second, any conceivable injury as a result of the removal of the Video has been repaired by YouTube's replacement of the Video without any protest from OTRN. Further, there is no threat of continuing injury since OTRN does not claim any copyright in the Video. Barring the agency argument that Plaintiff fails to make or establish, there is not an iota of evidence suggesting that OTRN does, can or will threaten Plaintiff with any injury regarding the Video.

Remedies available at law, such as monetary damages, are wholly adequate to compensate for any injury, if any actually occurred, for the brief period the Video was off YouTube due to a bona fide mistake and error on the part of OTRN with respect to inclusion of the Video in the list of 259 videos attached to the 09/29/08 Letter.

A remedy in equity is unwarranted considering the balance of hardships between the plaintiff and defendant, in that no such balance exists – Plaintiff currently suffers from no hardship in the absence of injunctive relief, since Plaintiff is not now nor has Plaintiff been under threat from OTRN since Plaintiff's notification of OTRN regarding its erroneous inclusion of the

Video in the 9/29/08 Letter, and in fact Plaintiff makes no agency argument with regard to the Motion.

Declaratory and injunctive relief are not designed to prevent imaginary harms and even more so, to prevent harms that cannot possibly occur – they are designed to remedy real harms occurring and attributable to defendants.

The issue presented is "no longer 'live'" – nor, frankly, has it ever been live -- under *Clark*. Regardless of any prior circumstances, therefore, there is no legal basis for issuance of any injunction against OTRN in this Action, as there is, and can be, no actual showing of ongoing or future actions by OTRN justifying any injunctive relief.

### F. OTRN Should Not Have to Argue The Merits Of Plaintiff's Fair Use Claims

OTRN has cited numerous grounds on which issue of the relief sought by Plaintiff in the Motion is unwarranted. Frankly, Plaintiff's insistence on pursuing the Motion at this stage seems to be a calculated and callous attempt to force OTRN into litigating the fair use argument advanced by Plaintiff only to argue that the argument itself justifies declaratory or injunctive relief – but the Motion is not dependent on Plaintiff's fair use argument – OTRN does not claim any further interest in the content of the Video (and Savage made no claim with respect thereto). Plaintiff seeks to force litigation on the issue and then asks for an injunction against nonexistent threats of litigation by OTRN or Savage.

Moreover, the fair use argument involves triable issues of fact in order to evaluate the actual factual issues of the specific use in question.

### G. The CAIR Action is a Red Herring

Plaintiff makes claims that the 09/29/08 Letter is "Round Two" to the CAIR Action's "Round One". However, that false argument is dependent on Plaintiff agency theory which, as noted above, is wholly unsupported.

### III. CONCLUSION

10
OTRN'S RESPONSE TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. CV 08-4703 SI

For all of the reasons stated above, the Motion should be denied.

DATED: March 22, 2009

SEVERAID & GLAHN, PC


    /s/ Ronald H. Severaid
Ronald H. Severaid
Attorney for Defendant THE ORIGINAL TALK RADIO NETWORK, INC.
1787 Tribute Road, Suite D
Sacramento, CA 95815

# PROOF OF SERVICE BY E-MAIL

I am employed in the County of Josephine, Oregon. I am over the age of eighteen years and not a party to the within case. My business address is 150 Acorn Street, Merlin, OR 97532. On May 22, 2009, I served the attached **DECLARATION OF CARTER GLAHN IN SUPPORT OF DEFENDANT MICHAEL WEINER, aka MICHAEL SAVAGE'S OPPOSITION TO PLAINTIFF BRAVE NEW FILMS 501(c)(4)'S MOTION FOR PARTIAL SUMMARY JUDGMENT** on the interested parties in the above captioned action by E-mail as follows:

Tony Falzone
falzone@stanford.edu

William Abrams
William.abrams@bingham.com

Ronald H. Severaid
rhseveraid@sbcglobal.net

Carter Glahn
cglahn@sbcglobal.net

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on May 22, 2009 at Merlin, Oregon.

                 /s/ Lisa Hallock

Lisa Hallock
150 Acorn Street
Merlin, OR 97532
anytimeassistant@gmail.com