1   Anthony T. Falzone (SBN 190845)
    Julie A. Ahrens (SBN 230170)
2   STANFORD LAW SCHOOL CENTER FOR
    INTERNET AND SOCIETY
3   559 Nathan Abbott Way
    Stanford, California 94305-8610
4   Telephone: (650) 736-9050
    Facsimile: (650) 723-4426
5   E-mail: falzone@stanford.edu

6   William F. Abrams (SBN 88805)
    Sheila M. Pierce (SBN 232610)
7   BINGHAM MCCUTCHEN LLP
    1900 University Avenue
8   East Palo Alto, CA  94303-2223
    Telephone:  650.849.4400
9   Facsimile:  650.849.4800
    E-mail:  william.abrams@bingham.com
10
    Attorneys for Plaintiff
11  BRAVE NEW FILMS 501(c)(4)

12

13                        UNITED STATES DISTRICT COURT

14                       NORTHERN DISTRICT OF CALIFORNIA

15                           SAN FRANCISCO DIVISION

16

| | |
|---|---|
| BRAVE NEW FILMS 501(C)(4), | No. CV 08-04703 SI |
| 17                Plaintiff, | |
| 18        v. | REPLY BRIEF IN SUPPORT OF BRAVE NEW FILMS' MOTION FOR PARTIAL SUMMARY JUDGMENT |
| 19  MICHAEL WEINER aka MICHAEL SAVAGE, and ORIGINAL TALK RADIO NETWORK, | AGAINST MICHAEL WEINER AKA MICHAEL SAVAGE AND ORIGINAL |
| 20  INC., | TALK RADIO NETWORK, INC. |
| 21                Defendants. | Date:       June 12, 2009 |
| 22 | Time:       9:00 a.m. |
| | Location:  Courtroom 10 |
| 23 | Honorable Susan Illston |

24

25

26

27

28

                                                            CV 08-04703 SI

REPLY BRIEF IN SUPPORT OF BRAVE NEW FILMS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Dockets.Justia.com

1

TABLE OF CONTENTS

2
Page

3   I.    INTRODUCTION ...................................................................................................... 1

4   II.   ARGUMENT ............................................................................................................. 2

5         A.   Savage And OTRN Abandon The Merits Of Brave New Films' First
               Claim ................................................................................................................ 2

6         B.   Brave New Films' Claim For Declaratory Relief Presents A Proper Case
               Or Controversy Concerning The Rights Of The Parties ................................... 3

7         C.   An Injunction Is Necessary And Appropriate To Protect Brave New
               Films' Rights .................................................................................................... 8

8         D.   The Injunction Brave New Films Seeks Is Narrowly Tailored To The
               Harm It Suffered And Seeks To Avoid ........................................................... 10

9   III.  CONCLUSION ........................................................................................................ 11

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY BRIEF IN SUPPORT OF BRAVE NEW FILMS' MOTION FOR PARTIAL SUMMARY JUDGMENT

1

TABLE OF AUTHORITIES

2

<u>Page</u>

3

**CASES**

4

*Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*,

5
846 F.2d 731 (Fed. Cir. 1988) ....................................................................................... 5

6
*Cardinal Chem. Co. v. Morton Int'l, Inc.*,
508 U.S. 83 (1993) ......................................................................................................... 5

7

8
*Cardtoons, L.C. v. Major League Baseball Players Ass'n*,
95 F.3d 959 (10th Cir. 1996) ...................................................................................... 4, 5

9

*Crossbow Tech., Inc. v. YH Tech.*,

10
531 F. Supp. 2d 1117 (N.D. Cal. 2007) (Illston, J.) .............................................. 5, 7, 8

11
*eBay Inc. v. Mercexchange, LLC*,
547 U.S. 388 (2006) .................................................................................................... 8, 9

12

*Elrod v. Burns*,

13
427 U.S. 347 (1976) ....................................................................................................... 9

14
*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
896 F.2d 1542 (9th Cir. 1990) ....................................................................................... 4

15

16
*Lenz v. Universal Music Corp.*,
No. 07-cv-03783, 2008 WL 962102 (N.D. Cal. Apr. 8, 2008) ..................................... 8

17

*Matsushita Elec. Indust. Co., v. Zenith Radio*,

18
475 U.S. 574 (1986) ....................................................................................................... 3

19
*Md. Cas. Co. v. Pac. Coal & Oil Co.*,
312 U.S. 270 (1941) ....................................................................................................... 7

20

21
*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007) .................................................................................................... 4, 5

22
*Red Lion Broad. Co.  v. FCC*,

23
395 U.S. 367 (1969) ....................................................................................................... 9

24
*SanDisk Corp. v. STMicroelectronics, Inc.*,
480 F.3d 1372 (Fed. Cir. 2007) ................................................................................... 5, 7

25

*Shloss v. Sweeney*,

26
515 F. Supp. 2d 1068 (N.D Cal. 2007) ......................................................................... 8

27
*Super Sack Mfg. Corp. v. Chase Packaging Corp.*,

28
57 F.3d 1054 (Fed. Cir. 1995) ....................................................................................... 4

REPLY BRIEF IN SUPPORT OF BRAVE NEW FILMS' MOTION FOR PARTIAL SUMMARY JUDGMENT

1

TABLE OF AUTHORITIES
(continued)

2
Page

3    *Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.*,
         425 U.S. 748 (1976) ................................................................................................ 10
4

5    *Vernor v. Autodesk, Inc.*,
         555 F.Supp. 2d 1164 (W.D. Wash. 2008) ................................................................ 4

6

7
     **STATUTES**
8
     17 U.S.C. § 512(f) ........................................................................................................ 2
9
     28 U.S.C. § 2202 (2006) ............................................................................................... 9
10

11

12   **OTHER AUTHORITIES**

13   Fed. R. Civ. P.  56(e) ...................................................................................................... 3
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY BRIEF IN SUPPORT OF BRAVE NEW FILMS' MOTION FOR PARTIAL SUMMARY JUDGMENT

1   **I.       INTRODUCTION**

2              Despite their previous assertions that Brave New Films' video *Michael Savage*

3   *Hates Muslims* (the "Video") is not protected fair use, defendants Michael Weiner aka Michael

4   Savage ("Savage") and Original Talk Radio Network, Inc. ("OTRN") have apparently

5   abandoned that position in the face of Brave New Films' motion for summary judgment on its

6   first claim for relief.  Brave New Films asks the Court to declare that the Video makes fair use of

7   Savage's radio program and to enjoin Savage and OTRN from interfering with any further

8   distribution of the Video and the free speech rights that underlie it.  In response to Brave New

9   Films' motion, neither Savage nor OTRN contest the fair use issue, and present no facts that

10  could create a genuine dispute on that issue.

11             Instead, Savage and OTRN try to avoid the fair use issue by suggesting there is no

12  "live dispute" among the parties.  Yet an express charge of infringement has long been sufficient

13  to establish a justiciable controversy between the asserted owner of an intellectual property right

14  and an accused infringer.  Here, (1) OTRN's counsel sent a takedown letter that explicitly

15  charged that the Video infringes copyrights owned by Savage; (2) Savage previously sued the

16  Council on American Islamic Relations ("CAIR") for distributing a similar video; and (3) both

17  defendants asserted in their answers and elsewhere that the Video is not protected by fair use.

18  This is more than enough to create a proper case or controversy and a "live dispute" among all

19  parties to this case.

20             While Savage and OTRN assert that they have not sued Brave New Films, they

21  do not state they will not do so in the future, or even disclaim any intention of doing so.

22  Apparently, Savage and OTRN want to keep their options open.  That is precisely the point of

23  the declaratory and injunctive relief Brave New Films seeks here.  It seeks to establish Brave

24  New Films' right to distribute the Video, and to prevent Savage and OTRN from interfering with

25  that right.  That relief is both necessary and appropriate here, and there are no disputes of fact

26  that prevent the Court from granting Brave New Films' motion and issuing that relief now.

27

28

REPLY BRIEF IN SUPPORT OF BRAVE NEW FILMS' MOTION FOR PARTIAL SUMMARY JUDGMENT

1    **II.    ARGUMENT**

2         **A.    Savage And OTRN Abandon The Merits Of Brave New Films'
             First Claim**

3

4              Savage and OTRN purport to be confused about the relief that Brave New Films

5    requests through this motion, including the claim on which Brave New Films seeks summary

6    judgment.  *See* Savage's Opposition to Plaintiff's Motion for Partial Summary Judgment, Docket

7    No. 83 ("Savage Opp.") at 2:1-23; OTRN's Opposition to Plaintiff's Motion for Partial

8    Summary Judgment. Docket No, 87 ("OTRN Opp.") at 2:6-26.  There should be no mistake.

9    Brave New Films pleads two claims in its complaint, one for declaratory relief and one for

10   misrepresentation under 17 U.S.C. § 512(f).  *See* Complaint for Declaratory Judgment and

11   Damages, Docket No. 1 ("Complaint") at ¶¶ 27-34.  Brave New Films' summary judgment

12   motion relates only to its first claim for declaratory relief.  *See* Brave New Films' Notice of

13   Motion and Motion at 1:2-9; Brave New Films' Memorandum of Points and Authorities in

14   Support of Motion for Partial Summary Judgment, Docket No. 40 ("BNF MSJ") at 1:1-11, 8-15.[1]

15              There should be no real dispute that the Video is protected by the Fair Use

16   Doctrine.  Each of the fair use factors weighs heavily in favor of Brave New Films, and the

17   Video is not materially different from the work at issue in the CAIR litigation, which this Court

18   held to be fair use as a matter of law on CAIR's motion for judgment on the pleadings.  *See* BNF

19   MSJ at 8:23-15:6; *see also* Request For Judicial Notice ISO of Plaintiff's Motion For Summary

20   Judgment, Docket No. 42 ("RJN"), Ex. C.  Notwithstanding that, Savage and OTRN asserted

21   (without significant explanation) in their pleadings and their own motions for summary judgment

22   that the Video is not protected by fair use.  *See* Savage Answer, Docket No. 69, at 24:2-4;

23   Savage Motion for Summary Judgment, Docket No. 74 ("Savage MSJ") at 15:12-13, 21:3-5;

24   Shapiro Declaration in Support of Savage MSJ, Docket No. 75 ("Shapiro Decl. ISO Savage

25   ─────────────────────────

26   [1]      Brave New Films acknowledges that further discovery is required in connection with its

27   second claim for misrepresentation under 17 U.S.C. § 512(f) and does not move for summary
     judgment on that claim.

28

REPLY BRIEF IN SUPPORT OF BRAVE NEW FILMS' MOTION FOR PARTIAL SUMMARY JUDGMENT

1    MSJ") at 2:10-15; Shapiro Declaration in Support of Savage Opp., Docket No. 84 ("Shapiro

2    Decl. ISO Savage Opp.") at 2:12-17; OTRN Answer, Docket No. 19, at 21:16-20; OTRN Motion

3    for Summary Judgment, Docket No. 43 ("OTRN MSJ") at 13:22-25, 16:3-5; Shapiro Declaration

4    in Support of OTRN MSJ, Docket No. 44 ("Shapiro Decl. ISO OTRN MSJ") at 2:5-10.

5              Now, in the face of Brave New Films' summary judgment motion on the fair use

6    issue, neither Savage nor OTRN addresses the merits of the fair use issue, nor set forth any

7    specific facts that would show there is a genuine issue for trial on the fair use issue.  *See*  Fed. R.

8    Civ. P. 56(e); *Matsushita Elec. Indust. Co., v. Zenith Radio*, 475 U.S. 574, 586-87 (1986).

9         **B.    Brave New Films' Claim For Declaratory Relief Presents A**
              **Proper Case Or Controversy Concerning The Rights Of The**
10             **Parties**

11             Having abandoned the merits of the fair use issue, Savage and OTRN try to avoid

12   judgment on the contention there is no "live dispute" among the parties.  *See* Savage Opp. at 6:7-

13   8; OTRN Opp. at 6:11-12.  While Savage and OTRN stop short of contending that the Court

14   lacks subject matter jurisdiction over this action, they do contend there is nothing for the Court to

15   decide because "the video has never been challenged by Savage" and the "legal relations" of the

16   parties "are not in dispute."  *See* Savage Opp. at 7:11-12; OTRN Opp. at 7:17.

17             The undisputed facts show otherwise.  It is undisputed that OTRN's counsel sent

18   a takedown letter to YouTube stating under penalty of perjury that he "represents the owner of

19   [the] exclusive right[s] infringed" by the videos identified in the letter.  *See* Complaint, Ex. C;

20   Savage Motion to Dismiss, Docket No. 24 ("Savage MTD"), Ex. A; OTRN MSJ, Ex. A.  That

21   letter identifies the Video at issue as infringing material, and the only Michael Savage or OTRN

22   content that the Video uses is from the October 29, 2007 broadcast of *The Michael Savage Show*.

23   Complaint, Ex. C; Savage MTD, Ex. A; OTRN MSJ, Ex. A.  It is further undisputed that

24   Michael Savage owns the copyrights in that show and it is likewise undisputed that he sued for

25   infringement of his copyrights in this very program.  *See* RJN, Ex. A at ¶¶ 1, 6, 13 and Ex. E.

26             The takedown letter expressly charges infringement concerning the Video.  When

27   coupled with Savage's demonstrated willingness to pursue infringement allegations, it leaves no

28   doubt there is a clear and concrete dispute about the legal status of the Video.

REPLY BRIEF IN SUPPORT OF BRAVE NEW FILMS' MOTION FOR PARTIAL SUMMARY JUDGMENT

1    No more is required to establish a proper dispute under the Declaratory Judgment

2    Act.  The United States Supreme Court recently held that a proper case or controversy exists

3    where the plaintiff establishes that the

> dispute [is] definite and concrete, touching the legal relations of
> the parties having adverse legal interests; and that it [is] real and
> substantial and admit of specific relief through a decree of a
> conclusive character, as distinguished from an opinion advising
> what the law would be upon a hypothetical state of facts. . . .
> Basically, the question in each case is whether the facts alleged,
> under all the circumstances, show that there is a substantial
> controversy, between parties having adverse legal interests, of
> sufficient immediacy and reality to warrant the issuance of a
> declaratory judgment.

4
5
6
7
8
9

10   *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal quotations omitted).

11   Here, the dispute is precise and concrete – the question is whether the Video

12   infringes any copyrights held by Savage or OTRN.  That dispute is real and substantial – it

13   admits to specific relief through a decision on the infringement issue and does not require the

14   court to address any hypothetical issue.  The parties take adverse positions – the takedown letter

15   expressly asserts infringement of rights Savage owns, and both Savage and OTRN have asserted

16   in various filings that the Video is not protected by fair use.  *See supra* 2:18-3:1.  Despite the

17   attempts of Savage and OTRN to disavow the dispute, the undisputed facts are more than

18   sufficient to establish a proper case or controversy under *MedImmune*.  *See Vernor v. Autodesk,*

19   *Inc.*, 555 F. Supp. 2d 1164, 1167 (W.D. Wash. 2008) (DMCA notices causing suspension of

20   eBay account created proper declaratory relief controversy between the parties under

21   *MedImmune*).

22   Indeed, Brave New Films could establish a proper case or controversy under the

23   more stringent standard that preceded *MedImmune*.  Prior to *MedImmune*, the Ninth Circuit and

24   others courts required a declaratory relief plaintiff to demonstrate a reasonable apprehension of

25   suit.  *See, e.g., Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555-56 (9th

26   Cir. 1990); *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir.

27   1995); *Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 965-66 (10th Cir.

28   1996).  *MedImmune* rejected that standard as overly restrictive and inconsistent with prior

REPLY BRIEF IN SUPPORT OF BRAVE NEW FILMS' MOTION FOR PARTIAL SUMMARY JUDGMENT

1    Supreme Court law.  *See MedImmune*, 549 U.S. at 132 n.11; *SanDisk Corp. v.*

2    *STMicroelectronics, Inc.*, 480 F.3d 1372, 1380 (Fed. Cir. 2007).  This Court has recognized that,

3    following *MedImmune*, a declaratory relief plaintiff need not meet the "reasonable apprehension

4    of suit" test in order to establish a proper case or controversy.  *See, e.g.*, *Crossbow Tech., Inc. v.*

5    *YH Tech.*, 531 F. Supp. 2d 1117, 1120 (N.D. Cal. 2007) (Illston, J.).

6            Even under the pre-*MedImmune* analysis, Brave New Films would prevail

7    because an express charge of infringement has long been held sufficient to create a proper case

8    or controversy.  *See Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 96 (1993) (where "a

9    party has actually been charged with infringement of [a] patent, there is, *necessarily*, a case or

10   controversy adequate to support jurisdiction" under the Declaratory Judgment Act) (emphasis in

11   original); *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 736 (Fed. Cir. 1988)

12   (where a "defendant has expressly charged a current activity of the plaintiff as an infringement,

13   there is clearly an actual controversy").  Where, as here, a party has a history of enforcing its

14   rights through litigation, even less is required.  *See Cardtoons*, 95 F.3d at 966 (holding one letter

15   threatening to pursue "full legal remedies" coupled with "[defendant's] history of suing other

16   card companies in similar situations . . . created a reasonable apprehension . . . of impending

17   litigation").[2]

18           While Brave New Films could undoubtedly demonstrate a reasonable

19   apprehension of suit under the pre-*MedImmune* standard, the new standard is even less onerous.

20   In recognizing that the reasonable apprehension test did not survive *MedImmune*, the Federal

21   Circuit held that a declaratory relief plaintiff presents a valid case or controversy in the patent

22   context "where a patentee asserts rights under a patent based on certain identified ongoing or

23   planned activity of another party, and where that party contends that it has the right to engage in

24   the accused activity without license . . . ."  *SanDisk*, 480 F.3d at 1381.

25

26   [2]   The fact the charge of infringement was directed to YouTube, not Brave New Films
27   directly, is not relevant.  *See Arrowhead*, 846 F.2d at 736-37 (correspondence sent to declaratory
relief plaintiff's customers created proper case or controversy).

28

REPLY BRIEF IN SUPPORT OF BRAVE NEW FILMS' MOTION FOR PARTIAL SUMMARY JUDGMENT

1    Here, that standard is plainly met.  OTRN asserted rights under the copyrights at

2    issue in this case, and Brave New Films contends it has the right to distribute the Video using

3    that copyrighted material free of infringement liability.  Even if OTRN does not presently own

4    those rights, it does not change this fact – given its status as Savage's radio network, it could

5    certainly pursue its assertions of infringement simply by acquiring the rights from Savage.  Nor

6    does OTRN's attempt to distance itself from Savage change the result, or let Savage off the

7    hook.  OTRN's counsel stated under penalty of perjury that it represents the owner of the rights

8    asserted, and Savage owns the copyrights asserted against Brave New Films as a matter of public

9    record.  *See* Complaint, Ex. C; Savage MTD, Ex. A; OTRN MSJ, Ex. A.; RJN, Ex. E.  OTRN

10   and Savage cannot avoid the controversy they created with a shell game that uses misleading and

11   apparently incorrect assertions of ownership to remove material under the Digital Millennium

12   Copyright Act ("DMCA"), only to contend those statements immunize any one of them from suit

13   under the Declaratory Judgment Act.

14    While counsel for OTRN tries to disavow the representation made in the

15   takedown letter as a simple "mistake," this does not appear to be an isolated mistake.  In

16   attempting to distance Savage from takedown letter, counsel for OTRN also stated under penalty

17   of perjury that:

18           neither Savage nor any representative of Savage was notified that
             a removal demand was being sent to YouTube.  No information
19           concerning the issuance of such demand was sent to Savage or
             any representative of Savage after the fact (at least prior to the
20           commencement of this Action).  I was the coordinator of all
             communications relating to that demand, and there were no
21           communications from or to Savage . . . prior to the time that he
             learned that he had been named as a defendant in this Action.
22

23   Declaration of Ronald H. Severaid in Support of Savage's Opposition to Plaintiff's Motion for

24   Partial Summary Judgment, Docket No. 86 ("Severaid Decl. ISO Savage Opp.") at ¶ 15.

25    Yet this statement conflicts directly with the takedown letter itself, which states

26   that a copy was sent to Ian Boyd.  *See* Complaint, Ex. C; Savage MTD, Ex. A; OTRN MSJ, Ex.

27   A.  Mr. Boyd was identified in the CAIR litigation as "Michael Savage's copyright and business

28   attorney."  Supplemental Request for Judicial Notice in Support of Plaintiff's Motion for Partial

6    CV 08-04703 SI

1    Summary Judgment ("Supp. RJN"), Ex. B at ¶ 3; *see also* Supp. RJN, Ex. A at 19:2-3.  Mr. Boyd

2    is a partner with the law firm of Harvey Siskind LLP, the same firm to which contributors send

3    donations to Savage's legal fund.  *See* Supp. RJN, Exs. C, D and E.  Mr. Boyd's role as Michael

4    Savage's attorney is further corroborated by his appearance as counsel of record for Mr. Savage

5    in other matters.  *See, e.g.*, Supp. RJN, Ex. F at 2 ("Ian K. Boyd, attorney for Michael and Janet

6    Weiner . . . .").

7            Mistakes and misrepresentations aside, Savage's radio network asserted that the

8    Video infringes copyrights that Savage owns – that is sufficient to create a case or controversy

9    under either standard, old or new, as to both Savage and OTRN.  This remains true whether

10   Savage had anything to do with the takedown letter or not.  *See Md. Cas. Co. v. Pac. Coal & Oil*

11   *Co.*, 312 U.S. 270, 273 (1941) (finding proper case or controversy where insurer initiated

12   declaratory relief action against collision victim who had not sued, or threatened to sue, insurer).

13           Struggling to avoid the dispute they created, Savage and OTRN protest they have

14   "never threatened" or "brought" any legal action against Brave New Films.  Savage Opp. at 5:4-

15   5; OTRN Opp. at 3:16-17.  As explained above, no such explicit threat is required to create a

16   case or controversy.  *See, e.g.*, *SanDisk*, 480 F.3d at 1380.  Insofar as Savage and OTRN suggest

17   the controversy between them and Brave New Films is moot based on their lack of intention to

18   sue Brave New Films, they are mistaken.  Neither Savage nor OTRN has stated it will not sue

19   Brave New Films, or even disclaimed any intention to do so.  But even if they had gone that far,

20   it would still not be enough to moot this controversy, especially given Savage's demonstrated

21   willingness to assert copyright claims against obvious fair use.  *See id.* at 1382-83 (counsel's

22   statement that declaratory relief defendant "has absolutely no plan whatsoever to sue [plaintiff]"

23   was insufficient to moot controversy in light of its demonstrated willingness to enforce its

24   rights).

25           If Savage and OTRN are serious about their professed desire to avoid legal action

26   and are really interested in mooting this controversy, there is an easy and obvious way for them

27   to do so – they must submit a binding covenant not to sue that will forever foreclose them from

28   undertaking the conduct that Brave New Films seeks to enjoin.  *See Crossbow*, 531 F. Supp. 2d

REPLY BRIEF IN SUPPORT OF BRAVE NEW FILMS' MOTION FOR PARTIAL SUMMARY JUDGMENT

1    at 1122-23 (proper way to moot declaratory relief controversy is to issue covenant not to sue that

2    resolves the entire controversy between the parties); *Shloss v. Sweeney*, 515 F. Supp. 2d 1068,

3    1078 (N.D. Cal. 2007) (declaratory relief defendant cannot moot controversy unless it issues

4    covenant not to sue that covers entire controversy between the parties).  Savage and OTRN have

5    chosen not to avail themselves of this mechanism, which suggests they are attempting to

6    preserve the right to take future action against Brave New Films should they desire to do so, a

7    suggestion made even more apparent by the fact Savage and OTRN have repeatedly asserted the

8    Video is not protected by the Fair Use Doctrine.[3]  *See supra* 2:18-3:1.

9         **C.      An Injunction Is Necessary And Appropriate To Protect Brave
                    New Films' Rights**
10

11            Savage and OTRN contend that even if the Court finds Brave New Films' Video

12   makes fair use of Savage's October 29, 2007 radio show, Brave New Films is not entitled to

13   injunctive relief.  *See* Savage Opp. at 9-11; OTRN Opp. at 8-10 (citing *eBay Inc. v.*

14   *Mercexchange, LLC*, 547 U.S. 388 (2006)).  Yet the injunction Brave New Films seeks is

15   necessary to protect its free speech rights.  Without it, Savage or OTRN would be free to attack

16   or seek the removal of the Video yet again, whether from another video-sharing platform like

17   YouTube, or even Brave New Films' own internet service provider.  The Video criticizes a

18   national media figure in regard to an issue of great social, political and moral importance.  If that

19   Video is protected from copyright infringement liability by the Fair Use Doctrine, there is no

20   basis to leave Brave New Films vulnerable to further attempts to suppress its protected speech.

21

22   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

23   [3]     In an unpublished decision, *Lenz v. Universal Music Corp.*, No. 07-cv-03783, 2008 WL
     962102, at *5 (N.D. Cal. Apr. 8, 2008), Judge Fogel held that a takedown notice did not, by
24   itself, create a case or controversy where the defendant represented it had no intention of ever
     asserting an infringement claim against the plaintiff.  Neither Savage nor OTRN has made an
25   equivalent representation here, much less the binding representation in the form of a covenant
     not to sue that is required to moot this controversy.  Moreover, Savage has demonstrated his
26   propensity to enforce his rights aggressively, as evidenced by his lawsuit against CAIR, and the
     fact OTRN's counsel issued the takedown letter just months after this Court held CAIR's website
27   made fair use of Savage's show.  In light of this, any non-binding representation issued here
     would not be credible or effective.
28

REPLY BRIEF IN SUPPORT OF BRAVE NEW FILMS' MOTION FOR PARTIAL SUMMARY JUDGMENT

1    Savage and OTRN do not dispute that the Court has discretion to enter a

2   permanent injunction upon resolving Brave New Films' declaratory relief claim in Brave New

3   Films' favor. *See eBay*, 547 U.S. at 391 (decision to grant or deny permanent injunction is

4   within the discretion of district court); *see also* 28 U.S.C. § 2202 (2006) (authorizing further

5   relief based on a declaratory judgment).  Instead, Savage and OTRN suggest that Brave New

6   Films cannot satisfy the four-factor test for a permanent injunctive relief articulated by *eBay*.  To

7   meet that test a plaintiff must show that:  (1) it has suffered an irreparable injury; (2) remedies

8   available at law, such as monetary damages, are inadequate to compensate for that injury;

9   (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity

10   is warranted; and (4) the public interest would not be disserved by a permanent injunction.  *See*

11   *eBay*, 547 U.S. at 391.  Here, Brave New Films meets every element.

12    Brave New Films has already suffered irreparable harm, because the takedown

13   letter resulted in the removal of both the Video and the entire contents of Brave New Films'

14   channel (containing hundreds of videos) from YouTube.  *See* Gilliam Declaration in Support of

15   BNF MSJ, Docket No. 41 ("Gilliam Decl.") at ¶ 3.  While this removal was temporary and the

16   content was eventually restored, even the temporary unavailability of Brave New Films' content

17   restricted its ability to communicate freely and disseminate its political views.  *See Elrod v.*

18   *Burns*, 427 U.S. 347, 373 (1976)  ("[t]he loss of First Amendment freedoms, for even minimal

19   periods of time, unquestionably constitutes irreparable injury").  Indeed, the removal of Brave

20   New Films' content occurred at a particularly critical time, as Brave New Films was mounting a

21   publicity campaign in connection with the Presidential election.  Gilliam Decl. at 3:6-10.  This

22   only heightens the harm Brave New Films suffered.  *See Elrod*, 427 U.S. at 373 n.29 ("[t]he

23   timeliness of political speech is particularly important").  The Video and much of the other Brave

24   New Films content were rendered unavailable and concerned politics and public affairs, which

25   heightens the harm still further.  *See Red Lion Broad. Co. v. FCC*, 395 U.S. 367, 390 (1969)

26   ("[s]peech concerning public affairs is more than self-expression; it is the essence of self

27   government") (internal citation omitted).

28

CV 08-04703 SI

REPLY BRIEF IN SUPPORT OF BRAVE NEW FILMS' MOTION FOR PARTIAL SUMMARY JUDGMENT

1            If Savage and OTRN are not enjoined from sending future takedown letters, this

2    harm to Brave New Films could be repeated.  This is no idle concern given Savage's

3    demonstrated willingness to pursue infringement claims against those who criticize him, and the

4    fact the takedown letter at issue here was sent mere months after this Court held CAIR's very

5    similar criticism of Savage was protected by fair use as a matter of law.

6            Money damages are plainly inadequate to compensate for this harm, past or

7    future, because the harm stems from the unavailability of Brave New Films' content, and the fact

8    its speech has been muted.  While it is no doubt possible to attach some economic value to this

9    harm, the brunt of the harm is non-economic by definition.

10           Insofar as the Court determines the Video is protected by fair use, the balance of

11   hardships among the parties tilts dramatically in favor of Brave New Films.  Enjoining Savage

12   and OTRN from attempting to suppress what is by definition protected speech presents no

13   cognizable hardship to Savage or OTRN, yet refusing to enjoin such attempts leaves Brave New

14   Films vulnerable to additional harm to its free speech rights.  The public interest lies

15   overwhelmingly in favor of an injunction here for largely the same reasons.  The injunction

16   would protect the availability of protected speech on important issues of public concern.  *See Va.*

17   *State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.*, 425 U.S. 748, 756-57 (1976)

18   (First Amendment protects the right to receive information and ideas as well as provide them).

19       **D.**     **The Injunction Brave New Films Seeks Is Narrowly Tailored**
                         **To The Harm It Suffered And Seeks To Avoid**

20

21           In its Complaint, Brave New Films prays for an injunction restraining Savage and

22   OTRN from:

23           bringing any lawsuit or threatening legal action relating to the
            Video, delivering DMCA takedown notices directed at the Video
24           to any third party, or asserting to any third party that it has any
            legal right to interfere with the publication, distribution,
25           performance, display or licensing of the Video, or to interfere
            with any linking to or from the Video on the internet.
26

27   Complaint at 9:11-16.

28

        CV 08-04703 SI

REPLY BRIEF IN SUPPORT OF BRAVE NEW FILMS' MOTION FOR PARTIAL SUMMARY JUDGMENT

1  Savage contends this injunction would be "overbroad," "open-ended" and would

2  "allow[] unlimited use of the entirety of [his] broadcasts" without "any limitations as to the

3  scope of the use." Savage Opp. at 4:18-5:2.  The injunction Brave New Films seeks, however, is

4  narrow and specific.  It is limited to the specific Video at issue in this case, and only restrains

5  Savage and OTRN from further attempts to suppress that specific Video.  It is therefore narrowly

6  tailored to the harm Brave New Films suffered and the future harm it seeks to avoid through

7  injunctive relief.

8  **III.    CONCLUSION**

9  The undisputed facts demonstrate there is a proper case or controversy among the

10  parties and that Brave New Films' Video is protected by the Fair Use Doctrine as a matter of

11  law.  All factors favor the permanent injunctive relief Brave New Films seeks, and that

12  injunction is narrowly tailored to the specific harm Brave New Films is entitled to avoid.

13  Accordingly, the Court should enter summary judgment in favor of Brave New Films on its first

14  claim for relief, and issue the permanent injunction Brave New Films requests in its Complaint.

15

16

17  DATED:  May 29, 2009

18

19  By:_____/s/ Anthony T. Falzone_____

20  Anthony T. Falzone
    Julie A. Ahrens
21  STANFORD LAW SCHOOL CENTER FOR
    INTERNET AND SOCIETY

22  William F. Abrams
    Sheila M. Pierce
23  BINGHAM MCCUTCHEN LLP

24  Attorneys for Plaintiff
    BRAVE NEW FILMS 501(c)(4)
25

26

27

28

REPLY BRIEF IN SUPPORT OF BRAVE NEW FILMS' MOTION FOR PARTIAL SUMMARY JUDGMENT