BINGHAM

Sheila M. Pierce
Direct Phone: 650.849.4424
Direct Fax:     650.849.4610
sheila.pierce@bingham.com

July 17, 2009

**Via Electronic Filing and Hand Delivery**

Hon. Judge Susan Illston
United States District Judge
450 Golden Gate Avenue
San Francisco, CA 94102

**Re:** *Brave New Films 501(c)(4) v. Savage et al.,*
**Case No. CV 08-04703 SI**
**Discovery Issues**

Dear Judge Illston:

Brave New Films seeks this Court's assistance to obtain discovery requested over five months ago from Defendants Original Talk Radio Network, Inc. ("OTRN") and Michael Weiner aka Michael Savage ("Savage"). The need is pressing: Brave New Films served its initial discovery on Defendants on February 10, 2009. Nearly half a year later, after numerous efforts by Brave New Films to obtain compliance with its requests, OTRN has (1) produced documents responsive to one request in compliance with an order by this Court, (2) provided inadequate, boiler-plate responses to Interrogatories, and (3) responded to Requests For Admissions ("RFAs"). Savage has (1) produced no documents, and (2) provided evasive, non-specific, boiler-plate objections to all Requests for Admissions and Interrogatories. With depositions scheduled for the last week in August and summary judgment motions due on September 11, 2009, time is running out.

## RELIEF REQUESTED

Brave New Films requests this Court enter an order compelling Defendants to (1) provide supplemental responses to Brave New Films' First Set of Interrogatories and RFAs, (2) produce all documents responsive to Brave New Films' Requests for Production of Documents ("RFPs"), and (3) produce privilege logs for withheld or redacted documents in which they claim privilege.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a short video created and posted on YouTube by Brave New Films. The video, entitled "Michael Savage Hates Muslims" ("the Video"), contains excerpts from the October 29, 2007 broadcast of *The Michael Savage Show* in which Savage denigrated Muslims, and was created to criticize Savage's views about Muslims.

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
1900 University Avenue
East Palo Alto, CA
94303-2223

T 650.849.4400
F 650.849.4800
bingham.com

Hon. Judge Susan Illston
July 17, 2009
Page 2

On September 29, 2008, Carter Glahn, a lawyer with the firm of Severaid & Glahn, PC and counsel for OTRN in this case, sent a letter to YouTube's "DMCA Complaints" department demanding the removal of the Video. Glahn stated that his law firm represented the owner of exclusive rights that were infringed by specified material. The Video was included in the list of specified material. Savage is the owner of the copyright interests allegedly infringed by the Video. In response to the takedown letter, YouTube removed the Video from its website.

On October 10, 2008, Brave New Films initiated this lawsuit, alleging that OTRN's takedown letter knowingly and materially misrepresented that the Video infringes any content owned by either OTRN or Savage and is therefore liable to Brave New Films under 17 U.S.C. § 512(f). The complaint further alleges that Savage is liable under section 512(f) on an agency theory because the letter was issued with his knowledge and/or permission. On January 11, 2009 OTRN filed its Answer and Savage filed a motion to dismiss.

At the Rule 26 conference held on January 14, counsel for Defendants stated that they intended to file summary judgment motions before discovery occurred. They reiterated this position at the January 23 Case Management Conference.

On February 10, Brave New Films served Requests for Admissions, Interrogatories and Requests for Production of Documents on both Defendants. Responses were due on March 12.

On February 19, Ben Shapiro, counsel for Savage and OTRN, requested and was granted an extension on Savage's discovery responses until after this Court ruled on Savage's Motion to Dismiss. No mention of OTRN's discovery responses was made at that time.

On the evening of March 11, the day before OTRN's responses were due, Mr. Shapiro called counsel for Brave New Films and requested an extension. He asserted that in their initial Joint Case Management Statement the Parties had stipulated to meet and confer before initiating any discovery in this case. While Brave New Films strongly disagreed with this characterization, it granted the extension and agreed to meet and confer.

### Meet and Confer Process

Brave New Films repeatedly met and conferred in good faith with Defendants in compliance with Civil L.R. 37-1. The first meet and confer occurred on March 17, 2009. At that time, OTRN agreed to respond to written discovery by March 31 and to produce documents by April 10. The Parties also agreed to enter into a stipulated Protective Order.

Despite the extension and Brave New Films' willingness to meet and confer in order to clarify and narrow its discovery, on March 31, OTRN provided responses that were evasive, non-specific and relied largely on boilerplate objections. On April 10, OTRN responded similarly to RFPs and produced a single document.

Hon. Judge Susan Illston
July 17, 2009
Page 3

On April 22, following the Court's April 15 denial of Savage's Motion to Dismiss, Savage responded to its discovery obligations by serving evasive, non-specific, boiler-plate objections and produced no documents.

On April 24, counsel for the Parties met and conferred again in an attempt to resolve discovery issues, but to no avail. Instead of seeking the Court's assistance at that time, however, Brave New Films decided to wait for the Court's ruling on Defendants' motion for a supplemental protective order. On May 18, the Court denied the motion and ordered Defendants to produce documents responsive to the single RFP at issue in the motion to occur within fourteen days of the order - June 1. On May 21, Brave New Films wrote counsel for both Defendants and demanded that in addition to responding to the Court's order, they also respond in full to Brave New Films' discovery requests, and provide privilege logs by June 1. Neither Defendant responded to or objected to the demand.

Between June 2 and June, 7 OTRN produced a substantial number of documents responsive solely to the Court's order. Mr. Severaid stated that his delay was due in part to his mother's illness. Hence, Brave New Films granted additional leeway. A review of OTRN's initial production showed several deficiencies: (1) with the exception of two documents, only emails were produced; (2) attachments to emails were not produced; (3) extensive redactions were made, but no privilege log accompanied the production; and (4) the documents were responsive to the single RFP at issue in Defendants' motion for a supplemental protective order. Savage produced nothing. Neither Defendant responded to Brave New Films' May 21 demand for supplemental responses and privilege logs.

On June 10, the Parties met and conferred again. At that time, Defendants promised that no later than June 30, they would fulfill their obligations and (1) respond in writing to the May 21 letter, (2) produce all responsive documents, and (3) provide privilege logs. June 30 came and went with neither Defendant producing anything. Nor did they contact counsel with an explanation.

On July 2, counsel for Brave New Films wrote counsel for Defendants to demand compliance and advise that if they did not comply in full with Brave New Films' discovery requests by the close of business on July 6, Brave New Films would be forced to seek the Court's assistance. They did not comply. At approximately 5:00 p.m. on July 6, Ronald Severaid, counsel for OTRN, called Ms. Pierce and advised that he was inundated with work but would redouble his efforts in an attempt to respond by that Friday. Mr. Shapiro emailed the following day to confirm that he was taking the same position.

Despite repeated promises, neither OTRN nor Savage has produced anything since OTRN's initial response to this Court's order. Brave New Films has been patient long enough. Defendants must be compelled to respond in full to Brave New Films' requests by supplementing their original responses and producing all responsive documents so that Brave New Films can proceed with depositions and adequately prepare for summary judgment motions.

## ARGUMENT

### Defendants Must Produce Information Relevant to the Subject Matter of This Case

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). Relevant to the subject matter "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "[T]he question of relevancy should be construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. 1995) (internal citation omitted). The information Brave New Films seeks is relevant to the subject matter of this case.

Issues central to this case include: (1) what Savage or a representative for Savage knew or did not know about the takedown letter issued by OTRN; (2) whether OTRN acted as Savage's agent in issuing the takedown letter; (3) whether at the time the takedown notice was issued OTRN had a good faith belief that it owned copyrighted material allegedly infringed by Brave New Films' Video; (4) whether the takedown letter was a knowing and material misrepresentation under 17 U.S.C. § 512(f); (5) whether the Video infringed any exclusive rights protected by the Federal Copyright Act, 17 U.S.C. § 106; (6) whether OTRN or Savage considered whether the Fair Use Doctrine might protect Brave New Films' use of the copyrighted material at issue; and (7) whether OTRN has acted as Savage's agent in the past with regards to Savage's intellectual property rights.

The information and documents Brave New Films seeks, such as (i) agreements and licenses between Savage and OTRN, (ii) communications between Savage and/or his representatives and OTRN relating to intellectual property rights, including but not limited to copyright, trademark or patent, (iii) information about and documents relating to the relationship between Savage and OTRN, (iv) information about and documents relating to the copyright ownership of *The Michael Savage Show*, (v) information about and documents relating to the review of the Video, and (vi) information about and documents relating to the September 29 takedown letter are all relevant to the subject matter of the case as they bear on, or reasonably could lead to other matters that could bear on the above issues. *See Oppenheimer*, 437 U.S. at 351.

### Defendants Must Produce Privilege Logs

Brave New Films has repeatedly requested privilege logs from Defendants - April 24, 28, 30, May 21 and June 10. Defendants have repeatedly promised to produce privilege logs, BUT neither has done so.

Rule 26(b)(5)(A) requires a party to describe material withheld on the basis of privilege in a manner sufficient to enable other parties to assess the applicability of privilege Fed. R. Civ. P. 26(b)(5)(A). This typically involves creating a privilege log. *Burlington N. &*

Hon. Judge Susan Illston
July 17, 2009
Page 5

*Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1148 (9th Cir. 2005). Indeed, the Ninth Circuit has held that failure to produce a privilege log in a timely manner may result in a complete waiver of privilege. *Id*. at 1149-50.

Privilege logs are of particular importance here for two reasons. First, OTRN has already produced numerous documents with redactions, some heavily redacted. OTRN must describe the content redacted sufficient to enable Brave New Films to assess the applicability of privilege.

Second, Defendants disclosed three fact witnesses in their initial disclosures: Ronald Severaid, Benjamin Shapiro and Carter Glahn - the three attorneys representing Defendants in this case. While counsel for Defendants have stated that they intend to waive privilege as to certain documents, they have repeatedly asserted that any communications between them are privileged. Brave New Films' position is that Defendant may not use the attorney-client privilege as both a sword and a shield. *Chevron Corp. v. Penzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992). Nor can they assert claims or defenses that Brave New Films cannot adequately dispute unless it has access to the privileged materials. *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003). Hence, a privilege log is critical so that Brave New Films can determine whether it needs to take additional steps regarding the issue of privilege.

## CONCLUSION

As stated above, time is running out. For this reason, and others set forth above, Brave New Films respectfully asks this Court to compel OTRN and Savage to (1) provide supplemental responses to Brave New Films' Interrogatories and RFAs, (2) produce all documents responsive to Brave New Films' RFPs, (3) produce detailed privilege logs for withheld or redacted documents in which they claim privilege, and (4) to fully comply within ten days.

Sincerely yours,

Sheila M. Pierce